UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 23-cr-80101-AMC |

**PRESS COALITION MOTION TO INTERVENE AND OPPOSE THE
GOVERNMENT'S MOTION TO FILE WITNESS LIST UNDER SEAL**

Pursuant to Local Rules 7.1 and 88.9, a coalition of local and national news media organizations (the "Press Coalition") that continue to cover the federal criminal proceedings in the prosecution of former President Donald J. Trump respectfully submit this motion regarding the Government's motion to file materials under seal. *See* ECF No. 33.[1]

This case—the first prosecution of a former President of the United States—is one of the most consequential criminal cases in the Nation's history. The American public's interest in this matter, and need to monitor its progress every step of the way, cannot be overstated. As the

---

[1] The coalition includes: Cable News Network, Inc., Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., CBS Broadcasting, Inc. o/b/o CBS News, CMG Media Corporation, Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Fort Myers Broadcasting Company, Gray Media Group, Inc., Guardian News & Media Limited, Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, the McClatchy Company, LLC d/b/a the Miami Herald, National Public Radio, Inc., National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, POLITICO LLC, Radio Television Digital News Association, Reuters News & Media Inc., Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, Univision Networks & Studios, Inc., WP Company LLC d/b/a The Washington Post, WPLG, Inc., and The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.

Honorable Magistrate Judge Bruce E. Reinhart explained when unsealing documents related to the FBI's search warrant for documents at Mar-a-Lago, this case presents issues of an "unprecedented" and "intense public and historical interest." *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1260 (S.D. Fla. 2022).[2]

As Magistrate Judge Reinhart aptly noted, "[i]t is a foundational principle of American law that judicial proceedings should be open to the public." *Id*. at 1265. Full transparency—at every step of this historic case—is essential. Without it, public confidence in the integrity of these proceedings specifically and the judicial system at large will suffer, perhaps irreversibly.

The Government has moved to file under seal a list of people—apparently 84 of them—after the Court, *sua sponte*, ordered the former President to refrain from speaking directly to potential witnesses about this case. *See* ECF No. 33; *see also* June 13, 2023 Arraignment Tr., ECF No. 31, at 13:18-14:3, 23:1-19. Trump has taken no position on the Government's motion to seal. ECF No. 33 at 1 n.2.

The filing of the list of potential witnesses in this case is a highly significant initial step in this extraordinary prosecution. It will mark the first time that the Court has instructed the Government to inform Trump of the identities of persons who may offer testimony that prosecutors believe will incriminate him. At the same time, Trump's counsel has made clear that many of these witnesses are long-time acquaintances and staffers, and he will now be forbidden, on pain of contempt, from discussing this case with them. The list is not trivial to the process or the Defendant. In fact, along with the public Indictment, it reflects a turning point from the

---

[2] Unless otherwise noted, all internal quotations, brackets, and citations have been omitted from the citations in this brief.

2

secrecy of the Grand Jury investigation to the public administration of justice involving the highest level of power in American Government.

If the public right to oversee judicial proceedings is to mean anything, it mandates that the public have full access to the judicial records of these proceedings, starting with this Court-ordered witness list. After all, our time-honored First Amendment and common law regime commands that: "[A] presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). Public trials and access to judicial records is essential to ensuring that "the public is aware that the law is being enforced and the criminal justice system is functioning[.]" *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984).

There can hardly be a criminal prosecution in which transparency matters more than when a former President is charged with multiple felonies, including from the alleged mishandling of classified national defense information and the alleged obstruction of justice. The Press Coalition seeks leave to intervene to oppose the government's motion to file the Court-ordered witness list under seal and requests that the Court instruct the government to publicly file that list.

## BACKGROUND

On June 8, 2023, a federal Grand Jury indicted former President Donald J. Trump on 37 counts of criminal conduct arising from the relocation of "hundreds of classified documents" from the White House to his South Florida resort and club, known as Mar-a-Lago. *See* ECF No. 3 ¶¶ 1-4. Specifically, Trump faces charges under the Espionage Act for alleged willful retention of national defense information, concealing documents, making false statements, and conspiracy to obstruct justice. *See generally id.*

Trump was arraigned June 13, 2023, and pleaded not guilty.  June 13, 2023 Arraignment Tr., ECF No. 31, at 8:1-2.  In connection with its recommendations for the pretrial release of Trump, neither the government nor pretrial services asked the Court to impose any special conditions.  *Id.* at 10:19-13:12.  Nonetheless, the Court itself ordered Trump's release under the special condition that he is prohibited from contacting witnesses about the case, except through his counsel.  The Court further instructed the Government to provide a "written list" of those witnesses to Mr. Trump and pretrial services.  *See id.* at 13:18-14:3, 23:1-19.  Significantly, at no time during the extensive discussion with counsel did the Government or Trump request, nor did the Court require, the filing of the witness list under seal.

On Friday, June 23, 2023, the Government filed a Motion to Implement Special Condition of Release.  ECF No. 33.  By that motion, with no prior discussion for any grounds in Court, and averring no grounds to warrant the extraordinary remedy of a secret court filing, the Government seeks to file under seal the list of acquaintances, staffers, and others with whom Trump is prohibited from speaking about this case.  *Id.*  The Government also requests that the Court order Trump and co-defendant Waltine Nauta to provide signed acknowledgments of their receipt of the list.  *Id.*  The motion—which, again, cites no grounds warranting secrecy of the witness list—represents that counsel for Mr. Trump and Mr. Nauta "take[] no position on the government's motion to seal the list of witnesses." *Id.* at 1 n.2.

## ARGUMENT

**I.      The Court Should Permit the Press Coalition to Intervene.**

"The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."  *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019).  Movants have been reporting on this investigation for more than a year since many of them successfully moved to

4

intervene to unseal the Mar-a-Lago search warrant materials.  *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1259 (S.D. Fla. 2022).  Here, too, the press has standing to intervene to oppose the government's motion to file its list of witnesses under seal.[3]

## II. The Court Should Deny the Government's Motion to File the List of Witnesses Under Seal.

### A. There is a long-standing and overwhelming presumption of public access to judicial proceedings and records in criminal cases.

Several important principles govern the constitutional and common law impediments to the extraordinary remedy of secrecy that the Government seeks.

*First*, as the U.S. Supreme Court has explained:

> [T]he historical evidence demonstrates conclusively that at the time when our organic laws were adopted, criminal trials both here and in England had long been presumptively open. This is no quirk of history; rather, it has long been recognized as an ***indispensible attribute*** of an Anglo-American trial.

*Richmond Newspapers*, 448 U.S. at 569 (emphasis added).  This collective commitment to transparency is rooted in the recognition that "the means used to achieve justice must have the support derived from public acceptance of both the process and its results." *Id.* at 570.  In other words, "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 572.  In contrast, "[w]hen a criminal trial is conducted in the open, there is at least an opportunity both for understanding the system in general and its workings in a particular case[.]" *Id.*  This historic expectation, and right, of public access to criminal trials is not merely a matter of tradition; it is also "implicit in the guarantees of the First Amendment." *Id.* at 580.  That is because without the

---

[3] The Press Coalition respectfully requests that the Court grant it intervention status for the limited purpose of future petitions to the Court in support of public access to these proceedings.

freedom to attend criminal trials, "which people have exercised for centuries, important aspects of freedom of speech and of the press could be eviscerated." *Id.*

**Second**, the common law and First Amendment right to attend criminal trials has been extended with equal force to a right of access to criminal pretrial proceedings and court records throughout every phase of proceedings.[4] As particularly relevant here, that recognition of the strong presumption of access has been extended to pretrial release proceedings and records. *See, e.g.*, *United States v. Saunders*, 611 F. Supp. 45, 47-48 (S.D. Fla. 1985) (public has presumptive right of access to video played during bond hearing); *see also Daily Press, LLC v. Commonwealth*, 878 S.E.2d 390, 398 (Va. 2022) ("pretrial bail hearings [are] included within the scope of the open-courts doctrine") (citing additional cases); *United States v. Graham*, 257 F.3d 143, 146 (2d Cir. 2001); *Seattle Times Co. v. United States District Court*, 845 F.2d 1513, 1516-17 (9th Cir. 1988) (recognizing "right of access to pretrial release proceedings and documents filed therein" because "pretrial release proceedings implicate the related policy concerns of a public educated in the workings of the justice system and a system subjected to healthy public scrutiny"); *United States v. Chagra*, 701 F.2d 354, 365 (5th Cir. 1983) ("[P]retrial release proceedings require decisions that attract significant public interest, and invite legitimate and healthy public scrutiny.").

**Third**, the Eleventh Circuit "has been resolute" in enforcing the "presumption of public access" to judicial records because "access to judicial proceedings is crucial to our tradition and

---

[4] *See, e.g.*, *In re Sealed Search Warrant*, 622 F. Supp. 3d at 1260 (search warrant); *United States v. Shenberg*, 791 F. Supp. 292, 293 (S.D. Fla. 1991) (same); *Press-Enterprise II*, 478 U.S. at 10, 13 (right of access to preliminary hearings); *Press-Enterprise I*, 464 U.S. at 505-10 (right of access to *voir dire*); *United States v. Ochoa-Vasquez,* 428 F.3d 1015, 1030 (11th Cir. 2005) (sentencing records and proceedings); *Associated Press v. United States District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983) (court records and transcripts).

history, as well as to continued public confidence in our system of justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021).

***Finally***, the interests in access are at their apex where, as here, public officials are involved and the charged crimes relate to their official duties. *See United States v. Dimora*, 862 F. Supp. 2d 697, 706 (N.D. Ohio 2012) (permitting release of exhibits in criminal action in part because where "the case centers on the conduct of a public official, the importance of public scrutiny is heightened."); *United States v. Preate*, 927 F. Supp. 163, 168-69 (M.D. Penn. 1996) ("where a defendant was a public official when he or she committed a crime, courts have found that the public's interest in full disclosure . . . may be sufficient to overcome the need for confidentiality and warrant press access").[5]

### B. The Government has failed to carry its heavy burden to overcome the strong presumption of access to list of witnesses Trump is prohibited from speaking to about this case.

There can be no question that the need to closely monitor the participation of everyone in this criminal case—the parties, the Court, and the witnesses—is of colossal importance. Trump stands accused of mishandling some of the Nation's most closely guarded secrets, implicating not only the safety and security of U.S. citizens but the United States' relations with the international community. Whatever the ultimate outcome of this trial, we must have confidence

---

[5] *See also, e.g.*, *United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D. N.Y. 2013) (unsealing sentencing memorandum of former senator who pleaded guilty to embezzlement of state funds); *United States v. Martin*, 746 F.2d 964, 968 (3rd Cir. 1984) (releasing transcripts of trial involving "some of the highest-ranking" police officers in the city facing obstruction of justice charges); *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 232 (5th Cir. 2020) (recording of post-settlement conference was wrongly sealed where at least one party was a public official, because the public's interest in monitoring the expenditure of taxpayer money outweighed any privacy interest).

in the process, and that confidence can only be fostered through the transparency of this prosecution from start to finish..

While "[p]eople in an open society do not demand infallibility from their institutions, [] it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572. For this reason, and as the Eleventh Circuit has explained, a party seeking to prohibit disclosure of judicial records must show that there is a "compelling governmental interest" in nondisclosure and that any proposed restrictions on the right of public access are "narrowly tailored." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-11 (11th Cir. 2001). And, the party seeking to restrict access must make that showing with arguments "supported by the record." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). Moreover, the Eleventh Circuit has instructed that, "[w]hen sealing proceedings or documents, a court must articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Ochoa-Vasquez,* 428 F.3d at 1030; *see also Chicago Tribune Co.*, 263 F.3d at 1314-15 (reversing district court's sealing order because it failed to make specific factual findings warranting nondisclosure of judicial records).

The Local Rules of this Court reinforce these stringent requirements, imposed on both the proponents of sealing and the Court itself. For one, the Local Rules recognize that "proceedings in the United States District Court are public and Court filings are matters of public record." Local Rule 5.4(a). Further, they provide that "[a] party seeking to make a filing under seal in a criminal case shall . . . file a motion to seal that sets forth the factual and legal basis for departing from the policy that Court filings be public and that describes the proposed sealed filing with as much particularity as possible without revealing the confidential information." Local Rule

5.4(c).  The rules envision that any sealing must be limited not only in scope, but also *duration*. *Id.* ("The motion shall specify the proposed duration of the requested sealing.").

Despite the vital importance of public access to these proceedings and the clear weight of authority requiring stringent proof to overcome the presumptions of transparency, the Government's motion makes no case whatsoever for the extraordinary step of sealing this witness list.  Accordingly, the Government's motion should be denied, and the Court should instruct the prosecution to publicly file the list of witnesses.

## CONCLUSION

The Press Coalition requests the Court grant its request to intervene in these proceedings for the limited purpose of arguing for openness and opposing attempts to deny public access to records or proceedings throughout this case and to oppose the Government's unwarranted motion to seal.

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rules 7.1(b)(3) and 88.9(a), undersigned counsel certifies that on June 25, 2023, they made reasonable efforts to confer via email with counsel for the Government and counsel for Trump regarding the relief requested in this motion.  Counsel for the Government responded that the Government opposes the motion to intervene and the relief sought.  Counsel for Mr. Trump stated that he takes "no position" on the motion and relief requested.  Counsel for Mr. Nauta did not respond.

Dated: June 26, 2023

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
  Charles D. Tobin (Florida Bar No. 816345)
  Chad R. Bowman (*pro hac vice forthcoming*)
  Matthew S.L. Cate (*pro hac vice forthcoming*)
  Maxwell S. Mishkin (*pro hac vice forthcoming*)
  Lauren Russell (*pro hac vice forthcoming*)
  1909 K Street NW, 12th Floor
  Washington, DC 20006
  Telephone: (202) 661-2218
  Facsimile: (202) 661-2299
  tobinc@ballarspahr.com
  bowmanchad@ballardspahr.com
  catem@ballardspahr.com
  mishkinm@ballardspahr.com
  russelll@ballardspahr.com

*Counsel for Movants Cable News Network, Inc., Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., CBS Broadcasting, Inc. o/b/o CBS News, Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, Univision Network & Studios, Inc., and WP Company LLC d/b/a The Washington Post.*

SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
  Rachel E. Fugate (Florida Bar No. 144029)
  rfugate@shullmanfugate.com
  Allison S. Lovelady (Florida Bar No. 70662)
  alovelady@shullmanfugate.com
  2101 Vista Parkway Suite 4006
  West Palm Beach, Florida 33411

10

(813) 935-5098

*Counsel for Movants CMG Media Corporation, Guardian News & Media Limited, and Orlando Sentinel Media Group, publisher of the Orlando Sentinel.*

THOMAS & LOCICERO, PL

By: */s/ Dana J. McElroy*
    Dana J. McElroy, Esq.
    Florida Bar No.: 845906
    dmcelroy@tlolawfirm.com
    Karen Kammer, Esq.
    Karen Williams Kammer, P.A.
    Florida Bar No.: 771200
    kkammer@tlolawfirm.com
    Carol Jean LoCicero, Esq.
    Florida Bar No.: 603030
    clocicero@tlolawfirm.com
    Daniela B. Abratt, Esq.
    Florida Bar No. 118053
    dabratt@tlolawfirm.com
    915 Middle River Drive
    Suite 309
    Fort Lauderdale, FL 33304
    Telephone: (954) 703-3416

*Counsel for Movants the McClatchy Company, LLC, d/b/a Miami Herald; Sun-Sentinel Company, LLC d/b/a South Florida Sun Sentinel; WPLG, Inc.; and Fort Myers Broadcasting Company*

ATHERTON GALARDI MULLEN & REEDER PLLC

  By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Counsel for Movants The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2023, I caused true and correct copies of the foregoing to be served via ECF and by email and U.S. Mail First Class on the following:

Christopher Michael Kise
Chris Kise & Associates, P.A.
201 East Park Avenue
Ste 5th Floor
Tallahassee, FL 32301
850-270-0566
chris@ckise.net

Todd Blanche
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005
info@blanchelaw.com

*Attorneys for Donald J. Trump*

Stanley M. Woodward, Esq.*
Brand Woodward Law
2001 K St NW
Washington, DC 20006
(202) 258-6597
stanley@brandwoodwardlaw.com

*Attorneys for Waltine Nauta*

Jay I. Bratt
Julie A. Edelstein
Brett C. Reynolds
U.S. Department of Justice
Counterintelligence & Export Control Section
950 Pennsylvania Avenue NW
Washington, DC 20530
jay.bratt2@usdoj.gov
julie.edelstein@usdoj.gov
brett.reynolds@usdoj.gov

David Harbach
U.S. Department of Justice
Office of Special Counsel
950 Pennsylvania Avenue NW
Washington, DC 20530
david.harbach@usdoj.gov

Karen E. Gilbert
Michael Thakur
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th St
Miami, FL 33132
karen.gilbert@usdoj.gov
michael.thakur@usdoj.gov

*Attorneys for the United States of America*

/s/ *Charles D. Tobin*
Charles D. Tobin

---

* Served via email and U.S. mail.