UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-80101-CR-CANNON/REINHART

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP and
WALTINE NAUTA
    Defendants.
_____/

## MOTION TO CONTINUE PRETRIAL CIPA CONFERENCE

COMES NOW, the Defendant Waltine Nauta, by and through the undersigned counsel, STANLEY E. WOODWARD, JR., hereby respectfully requests the Court continue the pretrial CIPA conference scheduled for July 14, 2023, to a date that is mutually agreeable to all necessary counsel of record.  *See* Order (June 26, 2023) (ECF No. 42).  Counsel for President Donald J. Trump does not oppose this request.  Defense counsel has conferred with government counsel, who oppose this request and further declined to provide dates, when necessary, government counsel would be available for a continued hearing.

Defendant Nauta was indicted on June 8, 2023, in this District, despite the fact that the investigation leading to his indictment had long been conducted by a Grand Jury empaneled in the United States District Court for the District of Columbia.  At all times relevant to this investigation, Defendant Nauta has been represented by an attorney licensed to practice law in the District of Columbia.  With little notice to Defendant Nauta, the operative indictment in this matter was returned in this District and only recently, on Wednesday, July 5, 2023, did Defendant Nauta retain local counsel, Sasha Dadan.

On Friday, June 23, 2023, the government filed a motion requesting that the Court set a hearing under the Classified Information Procedures Act, 18 U.S.C. App. III §§ 1-16 ("CIPA"). Although government counsel asked whether Mr. Nauta's longtime counsel opposed such a hearing – we did – and provided an electronic courtesy copy of the same, the government did not request any dates when defense counsel would be unavailable for such a conference.

On June 26, 2023, the Court entered an Order granting the government's motion and setting a pretrial CIPA conference under Section 2 of the Act for July 14, 2023, at 10:00am.[1] At that time, Mr. Nauta, through counsel was not receiving electronic notices through the Court's CM/ECF filing system, the government did not advise counsel that the pretrial CIPA conference had been scheduled, and even when counsel did learn of the conference, Mr. Nauta had no ability to formally move the Court for relief based upon his counsel's unavailability. Rather, it was not until Wednesday, July 5, 2023, that Mr. Nauta retained local counsel, Sasha Dadan, and Thursday, July 6, 2023, that Chief Magistrate Judge Torres entered an Order permitting Mr. Nauta, through counsel to file electronically with the Court. *See* Order (July 6, 2023) (ECF No. 58).

Mr. Nauta respectfully requests the Court continue the July 14, 2023, CIPA conference to a date that is mutually convenient to the parties. As the government has long been aware, Mr. Nauta's longtime counsel, Mr. Woodward, is scheduled to begin a Bench Trial in the United States District Court for the District of Columbia on July 10, 2023. *See* Minute Entry, *United States v. Klein*, No. 21-cr-40 (Apr. 17, 2023) (although originally set to begin on July 11, 2023,

---

[1] Mr. Woodward does not now know whether the Court will sit on Fridays, but even if it does not, it will not be possible for Mr. Woodward to travel to Ft. Pierce on Thursday evening / Friday morning to attend the pretrial CIPA conference.

2

on June 22, 2023, the court set the trial to start a day earlier, on July 10, 2023).  Accordingly, Mr. Woodward will be unable to attend the pretrial conference on July 14, 2023, with this Court.

Presumably, the government will argue that Mr. Woodward's appearance is unnecessary.  *But see Flanagan v. United* States, 465 U.S. 259, 268 (1984) (like the Sixth Amendment right to self-representation, the right to counsel of choice, "reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding").  And defense counsel is aware of the Court's admonishment that, "[l]ocal counsel must be ready to adequately represent [Mr. Nauta] at any time."  Paperless Order (July 7, 2023).[2]  However, as the government notes in its application for the hearing, a pretrial CIPA conference permits the Court to, "consider matters related to classified information that may arise in connection with the prosecution."  Motion at 6 (June 23, 2023) (ECF No. 32) (*quoting* 18 U.S.C. App. III § 2).  To that end, the government only broadly describes the basis for its request for a pretrial CIPA conference: "to establish a discovery and motion schedule relating to any classified information."  Motion at 19 (June 23, 2023) (ECF No. 32).  Yet, defense counsel cannot meaningfully opine on, "a discovery and motion schedule relating to any classified information," before their provisional security clearances, let alone complete clearances, have been approved.  Nor is it feasible to expect Mr. Nauta's local counsel to appear at a pretrial CIPA conference and to agree upon, "a discovery and motion schedule relating to any classified information," barely a week after she has been retained by Mr. Nauta.  Accordingly, continuing the pretrial CIPA conference will not prejudice either the Court, the government, or the public interest, but rather, will conserve time,

---

[2] Mr. Nauta respects the Order of the Court and submits that it was not unreasonable for him to retain local counsel and thereafter request this Court accommodate the unavailability of his longtime counsel, Mr. Woodward insofar as Defense counsel would note that Local Rule 4 of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys for the United States District Court of the Southern District of Florida, which pertains to the admission of out-of-state attorneys *pro hac vice* does not indicate that the sponsoring attorney be required to, "be ready to adequately represent the defendant at any time."

expense, and judicial resources while the parties allow the security clearance process to proceed. *See* Paperless Order (July 6, 2023) (ECF No. 57) (requiring defense counsel to complete all outstanding tasks required to obtain security clearances).

## CONCLUSION

For the foregoing reasons, Mr. Nauta respectfully requests this Court continue the pretrial CIPA conference to a date that is amenable to all necessary counsel of record.

**[SIGNATURE ON NEXT PAGE]**

Dated: July 7, 2023                    Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice forthcoming*)
400 Fifth Street Northwest, Suite 300
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Waltine Nauta*

DADAN LAW FIRM, PLLC
201 S. 2nd St. Suite #202
Fort Pierce, FL 34950
Telephone: (772) 579-2771
Facsimile: (772) 264-5766
Email: sasha@dadanbonnalaw.com
By:*/s/ Sasha Dadan*
SASHA DADAN, ESQ.
Florida Bar No. 109069

*Counsel for Defendant Waltine Nauta*

5

**Certificate of Electronic Service**

I hereby certify that on July 7, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 300
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Waltine Nauta*

DADAN LAW FIRM, PLLC
201 S. 2nd St. Suite #202
Fort Pierce, FL 34950
Telephone: (772) 579-2771
Facsimile: (772) 264-5766
Email: sasha@dadanbonnalaw.com
By: */s/ Sasha Dadan*
    SASHA DADAN, ESQ.
    Florida Bar No. 109069

*Counsel for Defendant Waltine Nauta*