**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON/REINHART**

|                                              |   |
|----------------------------------------------|---|
| **UNITED STATES OF AMERICA,**                | ) |
|                                              | ) |
| **v.**                                       | ) |
|                                              | ) |
|                                              | ) |
| **WALTINE NAUTA,**                           | ) |
|                                              | ) |
| **Defendant.**                               | ) |
| _____         | ) |

## <u>NOTICE OF COMPLIANCE</u>

Defendant Waltine Nauta, by and through the undersigned counsel, files this Notice of Compliance pursuant to the Court's Paperless Order entered on July 6, 2023, which requires, "all attorneys of record [to] complete all outstanding applicant tasks required to obtain the requisite security clearances in this matter" by July 13, 2023.  (ECF No. 57).  Notice is hereby given that, "all attorneys of record," have "complete[d] all outstanding applicant tasks required to obtain the requisite security clearances in this matter."

By initiating the security clearance process, defense counsel expressly reserves, and does not intend to waive, any of Mr. Nauta's rights under the Sixth Amendment to the Constitution, including the right to challenge any requirement that defense counsel obtain a security clearance as a condition of their representation of Mr. Nauta in this matter.  *See*, *e.g., United States v. Bin Laden*, 58 F. Supp. 2d 113, 120-121 (S.D.N.Y. June 30, 1999) ("Although we recognize the Moving Defendants' concern that the Government not be given the unfettered power to disqualify their present counsel, we think the procedures governing the clearance process, when combined with the Court's vigilance in responding to questions of potential abuse in the

application process, will be sufficient to protect the Moving Defendants' rights.").  To that end, the Classified Information Procedures Act, 18 U.S.C. App. § 1, *et seq.*, specifically acknowledges that neither the Court nor any potential jurors in this action will be required to obtain security clearances.  *See* 18 U.S.C. App. § 9, ¶6 ("Nothing contained in these procedures shall be construed to require an investigation or security clearance of the members of the jury or interfere with the functions of a jury, including access to classified information introduced as evidence in the trial of a case.").

**[SIGNATURE ON NEXT PAGE]**

Dated: July 13, 2023                    Respectfully submitted,


      */s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (*pro hac vice*)
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com


      */s/ Sasha Dadan*

Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com


*Counsel for Defendant Waltine Nauta*

## <u>Certificate of Electronic Service</u>

I hereby certify that on July 13, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

_/s/ Sasha Dadan_

Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

_Counsel for Defendant Waltine Nauta_