# EXHIBIT A

**From:** Stanley Woodward
**To:** ▮
**Cc:** ▮); ▮; ▮; Stan Brand; ▮
**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)
**Date:** Tuesday, August 1, 2023 5:01:30 PM

We take no position on the government's request to seal.

Sent from my iPhone

**Brand | Woodward**



> On Aug 1, 2023, at 3:17 PM, ▮ wrote:
>
> Dear Stanley,
>
> Thank you. One more thing I don't think I got an answer to on our call: what position will you take on our motion to file a supplement to our motion under seal? As I mentioned to you, the reason for the sealed supplement is Rule 6(e). And as I said, we will be seeking an order permitting service on counsel, as the supplement is not intended to be ex parte. Other counsel have taken no position on sealing. Please let me know yours when you can, thanks.
>
> Kind regards,
> David
>
> **From:** Stanley Woodward ▮
> **Sent:** Tuesday, August 1, 2023 2:44 PM
> **To:** ▮
> **Cc:** ▮; ▮; ▮; Stan Brand ▮; ▮
> **Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)
>
> David - you are correct, and I did not mean to diminish the substance of our conversation and, again, appreciate your always taking the time to talk through things with me.
>
> Sent from my iPhone

**Brand | Woodward**



On Aug 1, 2023, at 2:42 PM, ████████████████████ wrote:

Dear Stanley,

I understand your position, although I'm compelled to clarify that in our conversation I did more than simply tell you what relief we seek and ask for your position. In particular, I explained the basis for the government's request at least twice, and both times emphasized that we were taking no position on the ultimate outcome of any hearing, but that we are obligated by the applicable caselaw to bring this matter to the Court's attention.  As for the necessity (or not) of a motion, we understand that Judge Cannon prefers any requests for relief to be made in the form of a motion, as opposed to via letter or other correspondence.  We will note in our motion your position, as well as your request to respond.

Kind regards,
David

**From:** Stanley Woodward ████████████████████████████
**Sent:** Tuesday, August 1, 2023 1:56 PM
**To:** ████████████████████
**Cc:** ████████████████; ████████████████; Stan Brand ████████████████████; ████████████████; ██████████████
**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

David - thanks for taking the time to speak earlier. Our position remains that without seeing the motion you intend to file we cannot consent.  Nor do we think simply telling us what relief you seek and asking for our position on the same satisfies your meet and confer obligations. Our concern is that the government may be making representations or otherwise disclosing information to the Court that it would not otherwise be privy to and that either is inaccurate or unnecessary for the relief you

seek - something that could be remedied in advance of filing.  The government's unwillingness to share the motion with us in advance of filing it only exacerbates this concern.  If the government is simply advising the Court of our representation of multiple witnesses in your investigation, why not share that with us? To that end, it's unclear to us that a motion is even necessary - we can simply write the Court and ask that it conduct a Garcia colloquy with Mr. Nauta at his next appearance.

If you do file a motion then we request an opportunity to respond to whatever representations are made in the same.

Sent from my iPhone

**Brand | Woodward**



On Jul 31, 2023, at 3:04 PM, ▮▮▮▮▮▮▮▮▮▮ wrote:

Stanley,

We understand that you are out of the office and want to be sure that you have sufficient time to consider your position on the motion.  Accordingly, we will hold off on filing until COB on Tuesday (August 1), and we will make ourselves available today or tomorrow for a call at your convenience to discuss the *Garcia* motion and motion to seal the grand jury information.  Please let us know what time you will be available for a call.

While we have previously advised the court of potential conflicts, we have not previously requested a hearing to advise the witnesses and defendant, and that is all this motion is intended to do -- request a hearing.  These motions are routinely filed in the Southern District of Florida. (We also note that "*Garcia* is binding precedent" in the

Eleventh Circuit and "has been followed consistently." *In re Paradyne Corp.*, 803 F.2d 604, 608 (11th Cir. 1986); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981)).

Relatedly, we also plan to file a similar motion for a hearing to inquire into potential conflicts that may arise from John Irving's concurrent representation of Carlos De Oliveira and witnesses who may be called to testify at trial. We'd like to get your position on that motion as well when we talk today or tomorrow.

Please let us know when you are available.

Thanks,

John

John M. Pellettieri
Special Counsel's Office

---

**From:** Stanley Woodward

**Sent:** Monday, July 31, 2023 11:49 AM
**To:**
**Cc:** ;
; Stan Brand

**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

Before providing a position we would like to see a copy of what the government intends to file, including what the government intends to request the court seal.

We would also note that the court is already aware of the conflicts issue given that the government previously called this to the court's attention - twice. Therefore, the government's position that filing today is necessary is simply untenable and nothing in Garcia, even if that were binding on this court, provides otherwise.

Finally, given the above, we do not believe the government

has complied with its obligation to meet and confer on their motion.

If you nevertheless intend to file, feel free to share out correspondence with the Court to apprise if of our position.

Sent from my iPhone

**Brand | Woodward**



On Jul 31, 2023, at 11:34 AM, J█████ █████████ wrote:

Stanley, Jay was referring to *Garcia*, which requires a hearing into potential conflicts. The government has an obligation to bring potential conflicts to the court's attention. And it is important that these matters be raised and handled expeditiously. Given the superseding indictment, it's appropriate to file the motion today.

Right now, all we ask is your position on the motion for a hearing and the motion to file the supplement under seal. You'll of course have an opportunity to respond or provide relevant information to the court as you deem appropriate.

Thanks

John

**From:** Stanley Woodward
███████████████████████████
**Sent:** Monday, July 31, 2023 10:41 AM
**To:** ███████████████████
**Cc:** ███████████████████;
███████████████████
**Subject:** Re: [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

In his email to all defense counsel on Friday, Jay writes:

We intend to file soon, as 11th Circuit precedent requires, a *Garcia* motion related to Stanley's representation of multiple witnesses in this matter.

Is Cruz the case to which he was referring? My reading of Jay's email was that 11th circuit precedent requires this to be an expedited filing and so I'm trying to nail down just how quickly this needs to happen given that I'm out of the office.

Thanks,

Stanley

Sent from my iPhone

**Brand | Woodward**
███████████████████████
███████████████
███████████████
█████████

On Jul 31, 2023, at 10:24 AM, J███ ███████████ wrote:

Stanley, thanks for taking time from your family trip – I hope it's cooler there in Michigan and you don't face any 70 mph winds like we did here on Saturday.

I think the case you're referring to is *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). Courts within the Eleventh Circuit call this type of proceeding a "*Garcia* hearing." *E.g.*, *Cruz v. United States*, 188 F. App'x 908, 911 (11th Cir. 2006). Under precedent in the Eleventh Circuit and elsewhere, the government has a responsibility to apprise a court of potential conflicts as early as possible. *See, e.g.*, *In re Gopman*, 531 F.2d 262, 265-66 (5th Cir. 1976); *United States v. Malpiedi*, 62 F.3d 465, 470 (2d Cir. 1995).

We do not have a finalized motion to share, but we're happy to provide some more detail. The motion will ask for a *Garcia* hearing so that the court can inform your clients of potential risks and inquire into waivers. The motion will further note that information gathered at the *Garcia* hearing will enable the court to address any conflicts and formulate an appropriate remedy, and the government takes no position at this time as to what remedy may be appropriate.

Finally, we intend to file a

supplement that includes grand jury information and will move to file the supplement under seal to comport with grand jury secrecy requirements. Please also let us know your position on the motion to file the supplement under seal.

Thanks,

John

John M. Pellettieri
Special Counsel's Office

---

**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Monday, July 31, 2023 8:25 AM
**To:** ▮▮▮▮▮▮
**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** [EXTERNAL] RE: Position on motion in 23-cr-80101-AMC(s)

Sorry for the delayed response, you caught me on the eve of my annual 14 hour drive to Michigan with the family. Can you send me a copy of what you intend to file as well as the citation to the 11th Circuit case Jay referenced in his email?

As a general matter, we of course do not oppose the Court's confirming our client is fully informed of his rights and/or that any necessary waivers are obtained, but we would like to see what relief you specifically seek.

Thanks,

Stanley

---

**From:** ███████
████████
**Sent:** Friday, July 28, 2023 4:28 PM
**To:** ████████████████
**Cc:** ████████████████; Stanley Woodward ████████████████
**Subject:** FW: Position on motion in 23-cr-80101-AMC(s)

Sasha,

I should have included you as well on this email below. If either you or Mr. Woodward could let us know as soon as possible your position as to the motion for Garcia hearing we plan to file on Monday, that would be much appreciated.

Thank you,

Mike Thakur
Assistant Special Counsel

**From:** ████████
**Sent:** Friday, July 28, 2023 4:15 PM
**To:** Stanley Woodward ████████████████
**Cc:** ████████████████
**Subject:** Position on motion in 23-cr-80101-AMC(s)

Stanley,

As I mentioned in the message I left on your voicemail, we called to meet and confer on a motion

that the government plans to file on Monday in 23-cr-80101-AMC(s). The motion will request a hearing to inquire into potential conflicts arising from your past or current representation of individuals who may be called to testify at Mr. Nauta's trial – specifically, [Trump Employee 4] [Witness 1], and [Witness 2]. To be clear, we don't intend to request any relief other than a hearing into potential conflicts and possible waivers.

Could you let us know (1) your position on the motion for the hearing; and (2) your preference on whether we refer in our motion to your clients anonymously - for example, by referring to them as "Witness 1" and "Witness 2." We plan to file a motion and a sealed supplement, and our inclination is to refer to your clients anonymously in the publicly filed motion, but we'd like to know whether that is your preference or not.

Please let us know when you're available to speak – if not today, then over the weekend. If you're content to send us your position by email, that's fine with us as well.

Thanks,

Mike Thakur
Assistant Special Counsel