UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, by and through the Special Counsel's Office, files this pleading to supplement prior responses (ECF Nos. 30, 59, 80, 92, 113, 122, 143) to the Standard Discovery Order, issued on June 13, 2023 (ECF No. 16). This pleading complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

Per the protective order issued in this case (ECF No. 27), the Government has provided five prior productions of discovery to Defendants Donald J. Trump, Waltine Nauta, and Carlos De Oliveira. *See* ECF Nos. 30, 59, 80, 92, 113, 122, 143. On October 6, 2023, the Government provided a sixth production of unclassified discovery to counsel for Defendants ("Production 6"). Production 6 consists of less than 1,900 pages and includes, *inter alia*, memorialization of recent witness statements and materials recently obtained from the National Archives and Records Administration ("NARA").

The Government responds to the specific items identified in the standing discovery order as set forth below.

  B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

  C. The Government is providing information or material known to the United States that may be favorable to either defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or *United States v. Agurs*, 427 U.S. 97 (1976).

  D. The Government has disclosed and will continue to disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

  J. The Government's discovery productions include the grand jury testimony and recordings of witnesses who may testify for the Government at the trial of this case.

The Government will continue to produce on a rolling basis additional unclassified witness material as it is acquired. Aside from that and additional *Jencks* material—in particular, agent communications—the Government is not aware of any additional unclassified discovery material subject to production.

The Government is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

       Respectfully submitted,

       JACK SMITH
       Special Counsel

By:  */s/ Jay I. Bratt*
       Jay I. Bratt
       Counselor to the Special Counsel
       Special Bar ID #A5502946
       950 Pennsylvania Avenue, NW
       Washington, D.C. 20530

       Julie A. Edelstein
       Senior Assistant Special Counsel
       Special Bar ID #A5502949

       David V. Harbach, II
       Assistant Special Counsel
       Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on October 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                 */s/ Julie A. Edelstein*
                 Julie A. Edelstein
                 Senior Assistant Special Counsel