UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON/REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD J. TRUMP, | ) |
| | ) |
| WALTINE NAUTA, and | ) |
| | ) |
| CARLOS DE OLIVIERA | ) |
| | ) |
| Defendant. | ) |

## MOTION TO UNSEAL

Defendants Donald J. Trump, Waltine Nauta, and Carlos De Oliviera, by and through the undersigned counsel, and pursuant to Rule 5.4 of the Local Rules for the United States District Court for the Southern District of Florida, hereby respectfully request this Court unseal docket entries 222, 223, 224, 225, and 226.  In addition, defense counsel respectfully request an extension of time within which to file any defense motion related to the *ex parte* nature of CIPA Section 4 until December 6, 2023.

District Courts have inherent power to seal submitted materials.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  And District Courts have, "discretion to determine which portions of the record should be placed under seal, but [that] discretion is guided by the presumption of public access to judicial documents."  *Perez-Guerrero v. United States AG.*, 717

F.3d 1224, 1235 (11th Cir. 2013). "The press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). In addition, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records." *Nixon*, 435 U.S. at 597. Indeed, as a matter of "general policy," the Local Rules in this District provide that, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record. L.R. 5.4(a).

However, "the presumption favoring public access to trial documents may be overcome if a party establishes that his rights are undermined by publicity." *United States v. Sajous*, 479 Fed. Appx. 943, 944 (11th Cir. 2018) (citing *Press-Enter. Co. v. Superior Ct. of Cal. For Riverside Cty.*, 478 U.S. 1, 9 (1986)). "To rebut the presumption in favor of public access, the requesting party must establish that sealing the records 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press-Enter. Co.*, 478 U.S. at 9). And in a criminal case, this District's Local Rules require that, "[a] party seeking to make a filing under seal . . . *shall* . . . [c]onventionally file a motion to seal that sets forth the factual and legal basis for departing from the policy that Court filings be public and that describes the proposed sealed filing with as much particularity as possible without revealing the confidential information." L.R. 5.4(c)(1).

In the last week, five (5) "restricted/sealed" filings have been entered on the docket in this matter, only two of which were provided to defense counsel yesterday, November 29, 2023. (ECF Nos. 225 and 226). With respect to those filings, although SCO counsel and defense counsel engaged in a meet-and-confer concerning the relief sought by SCO counsel, to which defense counsel consented, SCO counsel did not advise that the motion seeking such relief would be filed

under seal. Instead, defense counsel, after receiving the sealed submission and inquiring of the reason for its sealing, was advised by SCO counsel that, "[w]e filed under seal consistent with direction we received from the Court." When defense counsel further inquired as to the source of such "direction," including whether unbeknownst to defense counsel there had been *ex parte* communication with the Court about a seemingly routine submission, SCO counsel referred defense counsel to docket entries 222 through 224.

Upon review of docket entries 225 and 226, defense counsel submits that there is no basis for their sealing. Neither filing contains information that if publicized would undermine any rights of the SCO, such as grand jury secrecy. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-219 (1979) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings [and] [f]or all of the[] [aforementioned] reasons, courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury."). Nor can SCO counsel reasonably identify any "higher values" that warrant the continued sealing of these filings. Accordingly, SCO counsel does not oppose the unsealing of docket entries 225 and 226. Defense counsel's request is more than semantic, should docket entries 225 and 226 remain under seal, then any filing reference the same must also be sealed and would require both a motion seeking leave to file an unredacted submission referencing the entries under seal as well as "conventional filing," or filing in-person with the Clerk's office, of the sealing motion and the unredacted submission before the close of business. *See* L.R. 5.4(c); L.R. 5.1. Here, defense counsel reasonably anticipates referencing docket entries 225 and 226 (as well as 222 through 224) in their motion related to the *ex parte* nature of CIPA Section 4 next week.

With respect to docket entries 222 through 224, and based on the relief sought by SCO counsel and consented to by defense counsel this week, defense counsel can reasonably infer the

3

nature of these "restricted/sealed" filings. Defense counsel is not now aware of any basis for these filings to have been made *ex parte*, let alone under seal, and SCO counsel has provided none. "In our adversary system, *ex parte* motions are disfavored . . . ." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018) (citing examples of appropriate *ex parte* applications). "Although *ex parte* conferences are not *per se* unconstitutional, they 'should occur but rarely, especially in criminal cases.'" *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (quoting *United States v. Adams*, 785 F.2d 917, 920 (11th Cir. 1986). Accordingly, SCO counsel also does not oppose the unsealing of docket entries 222 through 224, although SCO counsel requests an opportunity to make, "certain limited redactions" to docket entries 223 and 224. Defense counsel does not oppose SCO counsel's request, but expressly reserves the right to challenge these redactions as part of their submission of any defense motion related to the *ex parte* nature of CIPA section 4.

Finally, so as to allow defense counsel sufficient time to reference SCO counsel's sealed filings in any defense motion related to the *ex parte* nature of CIPA Section 4, defense counsel requests an extension of time until December 6, 2023, within which to submit any such filing, which SCO counsel also does not oppose.

[SIGNATURE ON NEXT PAGE]

Dated: November 30, 2023

Respectfully submitted,

 /s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (*pro hac vice*)
BRAND WOODWARD LAW
400 Fifth Street Northwest, Suite 350
Washington, District of Columbia  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
stanley@brandwoodwardlaw.com

 /s/ Sasha Dadan
Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

 /s/ Todd Blanche
Todd Blanche (*pro hac vice*)
ToddBlanche@blanchelaw.com
Emil Bove (*pro hac vice*)
Emil.Bove@blanchelaw.com
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

 /s Larry Donald Murrell, Jr.
Larry Donald Murrell, Jr.
Florida Bar No. 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

 /s/ Christopher M. Kise
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

 /s John S. Irving, IV
John S. Irving, IV
D.C. Bar No. 460068 (*pro hac vice*)
E&W Law
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Telephone: 301-807-5670
Email: john.irving@earthandwatergroup.com

*Counsel for Defendant Carlos De Oliveira*

5

**Certificate of Electronic Service**

I hereby certify that on November 30, 2023, I electronically submitted the foregoing, via electronic mail, to counsel of record.

Respectfully submitted,

　　　*/s/ Sasha Dadan*　　　　　　
Sasha Dadan, Esq. (Fl. Bar No. 109069)
DADAN LAW FIRM, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida  34950
772-579-2771 (telephone)
772-264-5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*