**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON(s)**

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**DONALD J. TRUMP,**
**WALTINE NAUTA, and**
**CARLOS DE OLIVEIRA,**

        Defendants.

_____/

**GOVERNMENT'S CONSOLIDATED OPPOSITION TO TRUMP'S MOTION FOR ACCESS TO CIPA SECTION 4 FILINGS AND NAUTA AND DE OLIVEIRA'S MOTION RELATED TO THE EX PARTE NATURE OF CIPA SECTION 4**

On December 6, 2023, defendant Donald J. Trump filed a motion (ECF No. 237) seeking attorneys' eyes-only access to all Government filings pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3.   He also seeks to compel the Government to file publicly redacted versions of its CIPA Section 4 motions.   But neither the statute nor the cases interpreting it nor the off-point cases Trump cites justify the relief he seeks. Section 4 plainly contemplates and authorizes proceeding *ex parte*, and appellate courts have held uniformly in the face of defense challenges that its text and underlying rationale justify proceeding *ex parte* where—as here—defense access would defeat the motion's purpose.   The Eleventh Circuit did so in *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008).   Trump fails to distinguish *Campa* (and the cases from other circuits with similar holdings); struggles to find a single case to support his motion (even the "three courts" he claims to have granted the relief he seeks did not do so); and then resorts to inapposite cases outside the CIPA context in an

unpersuasive effort to substantiate his requested relief.   This Court should follow *Campa* and deny Trump's motion.

Defendants Waltine Nauta and Carlos De Oliveira also filed a motion on December 6 (ECF No. 238) requesting that the Court "limit the *ex parte* nature" of the Government's CIPA Section 4 submissions.   In their briefing, they made two key concessions with which the Government agrees: (1) if any of the information the Government seeks to protect via CIPA Section 4 is not discoverable, neither the defendants nor their counsel have a right to see it, and (2) they lack a "need-to-know" the classified information the Government relies on to establish that the materials it seeks to withhold or redact are in fact classified.   ECF No. 238 at 4-5.   Considering these principles in conjunction with the Government's *ex parte* submission should end the inquiry as to them—because the information at issue in the Government's motions is not discoverable as to Nauta and De Oliveira, neither these defendants nor their counsel should be permitted to see the Government's *ex parte* filing.   Nor should Nauta and De Oliveira have access to the classified discovery beyond any such documents the Government will use as exhibits at trial (only after that information set is determined) or may have seized from them.

Taken together, none of the three defendants provide any reason—any "special circumstances," as this Court put it—remotely justifying a deviation from the normal process, in which courts examine and decide CIPA Section 4 motions *in camera* and *ex parte*.   *See* ECF No. 215 at 6-7.   The Government set forth in its *ex parte* motions the specific necessity of proceeding *ex parte* here.   The Court should consider the Government's motions *ex parte*, allow the defense to provide any information they deem helpful to the Court *ex parte*, and, for the reasons stated in the Government's *ex parte* motions, grant the relief the Government seeks therein.

I.      **This Court Should Not Permit Trump's Attorneys to View the Government's** *Ex Parte* **CIPA Section 4 Submissions**

The Government first addresses Trump's motion, which contains several misstatements about the Government's CIPA Section 4 motions.   First, the Government's motions do not "seek[] permission to withhold *Brady* material."   ECF No. 237 at 1; *see also* ECF No. 238 at 1-2.   Classified information may be withheld from discovery unless it is both relevant and "helpful to the defense of the accused."   *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). "*Brady* information is plainly subsumed within the larger category of information that is 'at least helpful' to the defendant . . . ."   *United States v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006).   The Government is fully aware of its obligations under *Brady* not to use CIPA Section 4 as a vehicle to withhold exculpatory material from the defense, and as is plain from its *ex parte* motions, it is not seeking to do so here.

Second, as to Trump, the Government is not seeking any relief through its CIPA Section 4 motion with respect to any classified documents that the Government recovered from Mar-a-Lago; the Government has provided all of them, without redactions, to all cleared counsel and Trump. Trump's suggestion that the propriety of turning over classified information is simply a question of whether it is more or less sensitive than materials already turned over is wrong.   ECF No. 237 at 2.   It is not inconsistent for the Government to turn over certain "highly sensitive" information to meet its discovery obligations, yet seek relief with respect to other such sensitive information that is not relevant and helpful to the defense.   Finally, the claim that the Government asked the Court to delete information based merely on "the prosecutors' word," *id.,* is empty rhetoric that hardly merits discussion.   Consistent with the requirements of CIPA Section 4, the Government supported each of its motions with detailed declarations from the relevant equity-holders

explaining the specific information at issue, its classification status, and why its disclosure even to cleared counsel would damage national security.

A.   **The Statute and Governing Caselaw Preclude Attorneys' Eyes-Only Access to the Government's CIPA Section 4 Filings**

This Court should reject Trump's attempt to avoid *Campa*.   As the Eleventh Circuit stated in *Campa*, CIPA Section 4 "expressly calls for an 'ex parte showing.'"   *Campa*, 529 F.3d at 995. The Court explained: "The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view." *Id.*   This language is unambiguous, and the rationale is incontrovertible.

Trump attempts to distinguish *Campa* because it involved Cuban agents "who, unlike President Trump, never had a security clearance."   ECF No. 237 at 8.   But that is a distinction without a difference, because it is not a question of clearances.   Here, Trump's attorneys, all of whom are now cleared, are seeking access to the Government's *ex parte* filing, and the court addressed that precise scenario in *Campa*, explaining why "defense counsel" should not be able to see the information that the Government asked the court to keep from "defense counsel's view." *Campa*, 529 F.3d at 995.

*Campa* and the Government's *ex parte* motions are together ample basis on which the Court should deny Trump's motion.   But moreover, *Campa* is consistent with every other circuit to have considered defense challenges to district courts proceeding *ex parte* under CIPA Section 4.   Trump's attempts to distinguish *Mejia* and *United States v. Asgari*, 940 F.3d 188 (6th Cir. 2019), are as weak as his attempt to distinguish *Campa*.   The D.C. Circuit in *Mejia* found "no support" in CIPA for the defendant's claimed right to participate in CIPA Section 4 proceedings,

similarly explaining that because CIPA Section 4 governs discovery to defendants, allowing defendants to participate would defeat its purpose.   *Mejia*, 448 F.3d at 457-58.   The *Mejia* panel never suggested the framework would be different in a pre-trial proceeding, *see* ECF No. 237 at 9, and the purpose of *ex parte* CIPA Section 4 proceedings applies with equal force pre-trial.

Likewise, in *Asgari*, the Sixth Circuit found that "the text" of CIPA Section 4 "vest[ed] the district court alone" with the responsibility of determining whether information was relevant and helpful to Asgari.   940 F.3d at 192; *see id.* at 191 (explaining that "the statute contemplates" *ex parte* review); *id.* at 192 ("Nothing in § 4 suggests that defense counsel has a role to play when the district court assesses the relevance or helpfulness of the classified information.   Just the opposite.").   Trump claims that *Asgari* was different because the Government did not provide any classified discovery to Asgari's counsel, *see* ECF No. 237 at 11—a purported difference of no importance to the court's holding.   If the argument is that by providing classified discovery to counsel, the Government has somehow waived its right to proceed *ex parte* vis-à-vis documents it seeks to redact or withhold, that argument is utterly unsupported in the statute and caselaw. Trump is also wrong that the Government has not provided case-specific justifications to proceed *ex parte*; the Government did so in its *ex parte* motion.

Trump fails to distinguish any of the above cases that squarely resolve the issue before the Court, and he ignores the decisions from other circuits with which they are in accord.   *See, e.g.*, *United States v. O'Hara,* 301 F.3d 563, 568-69 (7th Cir. 2002) (district court properly conducted *ex parte*, *in camera* review to determine whether classified information was discoverable); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998) ("In a case involving classified documents, however, *ex parte*, in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may

use in order to decide the relevancy of the information."); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984), *vacated and remanded on other grounds sub nom. United States v. McAfee*, 479 U.S. 805 (1986).   Further undermining Trump's request to review the Government's *ex parte* filing, courts have held that while a defendant may be entitled to notice when the Government initiates CIPA proceedings under Section 4, there is "no due process right to receive a description of materials in the government's possession that are not discoverable."   *United States v. Sedaghaty*, 728 F.3d 885, 909 (9th Cir. 2013) (citing *Mejia*, 448 F.3d at 458).

### B.  The Cases on Which Trump Relies Do Not Support his Request for Attorneys' Eyes-Only Review of the Government's Filing

Instead of acknowledging the force of *Campa* and the other circuit decisions mentioned above, Trump sidesteps them and claims that there are "[a]t least three courts" that have "denied requests by prosecutors to proceed *ex parte* under CIPA § 4."   ECF No. 237 at 6.   But these cases do not support Trump's position, and the Government is not aware of a single district court granting the relief Trump seeks here.

First, Trump's citations to *United States v. Libby* are misleading.   Trump has cherry-picked a quotation from *Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006), that misrepresents the case's holding.   *See* ECF No. 237 at 6.   The portion of the sentence Trump replaced with ellipses reads, "it can certainly envision situations where materiality will have to be addressed in *ex parte* Section 4 proceedings."   *Libby*, 429 F. Supp. 2d at 48.   "This could clearly occur if the government is of the view that simply disclosing the nature or mere existence of certain classified information would alone pose significant harm to national security, even where defense counsel have security clearances.   To conclude otherwise could undermine the very purpose of the CIPA."   *Id.*   The court also clarified that the Government's sealed motion—not a public brief—should explain the necessity for the *ex parte* nature of the filing.   *Id.*

Second, Trump cites to certain decisions in *United States v. Rezaq*, selectively omitting subsequent procedural history that supports the Government's position rather than his own.   *See* ECF No. 237 at 7.   At issue in the first instance was whether the Government could file certain witness statements *ex parte* to support a *subsequent* motion, not whether the defense attorneys could review a previously filed CIPA Section 4 motion.   *United States v. Rezaq*, 156 F.R.D. 514, 525-26 (D.D.C. 1994).   After the court ruled the statements could be filed *in camera* and under seal but not *ex parte*, the Government moved for reconsideration on the issue of whether the court would permit it to file future submissions *ex parte*.   *United States v. Rezaq*, 899 F. Supp. 697, 707 (D.D.C. 1995).   Not only did the court grant the Government's motion, but it also acknowledged that the "case present[ed] a number of national security issues that could potentially require this court to conduct *ex parte* proceedings."   *Id.*   In fact, the Government ultimately "identified a number of arguably discoverable classified materials, and obtained permission from the district court to file an *ex parte*, *in camera* motion for a protective order."   *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998).   The Government also submitted *ex parte* and *in camera* a supplemental document relating to the materials.   *Id.*   The district court, after considering the Government's *ex parte* submissions, permitted the Government to disclose to defendant's counsel summaries of the classified material, and on defendant's appeal, the D.C. Circuit found that the district court "protected Rezaq's rights very effectively despite the fact that Rezaq's attorney was unable to participate in the CIPA proceedings."   *Id.* at 1143.   When considering the full case rather than cherry-picked quotes, *Rezaq*, like *Libby*, undercuts Trump's requests here.

Finally, *United States v. Stillwell*, 986 F.3d 196 (2d Cir. 2021), lends no support to Trump's position, either.   In *Stillwell*, after defendants in a murder-for-hire case appealed their

convictions, a headquarters Department of Justice component informed the Second Circuit in a filing that the component—without notice to the U.S. Attorney's Office handling the case—had filed a Section 4 motion before the district court to withhold classified materials not only from the defense but also from the prosecutors.   986 F.3d at 198.   The Second Circuit nonetheless gave the U.S. Attorney's Office an opportunity to move *ex parte* to withhold the material from the defense.   *Id.* at 199.   The Second Circuit ruled that the Government had to produce certain materials to defense counsel, but allowed the Government to provide the classified information in an unclassified format through a "substitution," as CIPA Section 4 permits.   *See id.* & n.9.   The Second Circuit's order did not require the Government to disclose its *ex parte* filings, *see* Case No. 18-3489, ECF No. 150 (2d Cir. Mar. 10, 2020), nor did it hold that *ex parte* CIPA Section 4 proceedings by a district court are inappropriate; rather, it remanded to the district court to consider in the first instance defendants' *Brady* claims, highlighting the limited amount of time remaining for the defendants to file new trial motions, *Stillwell*, 986 F.3d at 201-02.

In sum, although Trump asks this Court to "proceed in a similar fashion" to three courts, ECF No. 237 at 6, none of the cases supports Trump's request for defense attorney review of a CIPA Section 4 motion (or, as discussed below, a public version of the Government's filing).   In making this request, Trump is asking this Court for relief he can point to no court granting.

### C. There is No Justification for Ordering Public Filing of Redacted Versions of the Government's Motions

Trump argues at the end of his motion that the Court should order the Government to file publicly redacted versions of its CIPA Section 4 filings.   Specifically, Trump argues that the "Special Counsel's Office should not be permitted to seal unclassified portions of the filing such as introductory language, unclassified arguments, background of affiants, or citations to legal authority."   ECF No. 237 at 16.   Trump cites no case where a court has ever ruled that the

Government cannot keep such information under seal, and his citations to orders in the *Libby* case, *see* ECF No. 237 at 6-7, are misleading—the docket entries he cites are not specific to the Government's CIPA Section 4 filing, and he never cites a docket entry reflecting that the Government in *Libby* publicly filed a redacted Section 4 motion.

Trump's lack of authority is for good reason. In this instance, for example, even the introductory sections of the Government's CIPA Section 4 motions contain classified information. The Government's arguments in its *ex parte* filings are specific to the classified information at issue. There are some paragraphs in the Government's argument sections that are marked as unclassified, but even certain of those paragraphs, while unclassified standing alone, risk revealing classified information if linked to the Government's Section 4 motion by identifying topics at issue in the motion. CIPA Section 4 proceedings require identifying with specificity the classified information at issue and the reasons for deleting it—*see* ECF No. 226 ("Each motion should be sufficiently tailored to each Defendant and shall provide the specific bases for deleting or substituting discoverable classified information from each Defendant based on the applicable pending charges and the relevant facts and circumstances as to each Defendant.")—rendering a meaningful public version impossible.[1] But more to the point, the cases and rationale justifying the Government's motion being filed *ex parte* are no less forceful in justifying shielding them from

---

[1] Each of the Government's CIPA Section 4 motions contains a legal standards section. Because this information is largely redundant of information the Government has set forth in other filings, such as the Government's CIPA Section 2 filing, ECF No. 32 at 7-10, revealing it would not better enable Trump or the other defendants to engage with the Government's arguments or the public to better understand the nature of the proceedings. Nonetheless, the Government would not object to filing on the public record a stand-alone brief setting forth the legal standards relied upon in its CIPA Section 4 motions. *See, e.g.*, *United States v. Abu Khatallah*, Case No. 1:14-cr-141-CRC (D.D.C. Nov. 13, 2015), ECF No. 128; *see also id.*, ECF No. 132 (reflecting that on the same date as its public filing, the Government filed an *ex parte* CIPA Section 4 motion that was "not available for public viewing and was submitted to the Court under seal").

the public at large—in fact, they are very arguably more so.   Accordingly, while the Government shares a strong interest in transparency of the proceedings in this case, public versions of classified documents are not always possible, and a CIPA Section 4 filing is such an example.

Nor is there merit in Trump's suggestion that the First Amendment requires redacted versions of the CIPA Section 4 motions be made public.   *See* ECF No. 237 at 16-17.   Trump cites no court finding so, and none of the cases on which Trump relies, *see id.*, involves classified information.   As the district court in the District of Columbia found when rejecting Trump's identical request in his criminal case there, the Government's "submission is classified in its entirety, which justifies its sealing in full."   *United States v. Trump*, No. 23-cr-257 (TSC), 2023 WL 6538491, at *1 (D.D.C. Oct. 6, 2023).   That is because "classified documents by and large qualify for sealing.   There is no historical tradition of access to them, and for good reason: The well-established risks to national security created by the disclosure of classified materials generally outweigh any interest in making them public."   *Id.* at *1 n.1 (citing *Dhiab v. Trump*, 852 F.3d 1087, 1096 (D.C. Cir. 2017)); *see also United States v. Ressam*, 221 F. Supp. 2d 1252, 1261 (W.D. Wash. 2002) ("In sum, the foregoing analysis of the logic and experience factors regarding public access to *ex parte, in camera* CIPA hearings strongly suggests that the public has no First Amendment right of access to the CIPA-related materials submitted by the United States.").

### D.  The Non-CIPA Cases Trump Cites Are Unpersuasive

Finding no support in CIPA cases, Trump resorts to a host of inapposite cases involving the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552; habeas petitions; and motions to suppress the fruits of Foreign Intelligence Surveillance Act ("FISA") coverage, *see* 50 U.S.C. § 1801 *et seq.*, to argue for attorney and public access to the Government's CIPA Section 4 motion. Not only are such cases unpersuasive in the CIPA Section 4 context, but many permitted the

Government to proceed *ex parte*.   As noted above, the purpose of a CIPA Section 4 motion—to withhold classified information in discovery from the defense—demonstrates the need for proceeding *ex parte*; these other types of proceedings do not share that purpose.   Deleting classified information from discovery also implicates different equities than does using classified information to support law of war detention in a habeas case, yet even in the latter situation courts have held that the Government can provide classified information *ex parte*.   For example, despite the quotation Trump offers from *Al-Hela v. Biden*, ECF No. 237 at 12, the court there concluded that the Government did not violate al-Hela's due process rights by using classified information not provided to al-Hela or his counsel to support his indefinite detention at U.S. Naval Station Guantanamo Bay.   *Al-Hela v. Biden,* 66 F.4th 217, 242 (D.C. Cir. 2023).

The analogy to FOIA cases is also inapt because, as explained above, CIPA Section 4 proceedings require identifying with specificity the classified information at issue and the reasons for deleting it.   A publicly filed FOIA declaration lacks this degree of specificity.   *See Fla. Immigrant Advoc. Ctr. v. Nat'l Sec. Agency*, 380 F. Supp. 2d 1332, 1341 (S.D. Fla. 2005) (explaining that the affidavit at issue was sufficiently specific to invoke the FOIA exemption applicable to classified information because that exemption, compared to another, "'depends less on the detailed factual contents of specific documents'" and the affidavit included as much information as "'it reasonably could without revealing sensitive information'") (quoting *Hayden v. Nat'l Sec. Agency,* 608 F.2d 1381, 1391 (D.C. Cir. 1979)); *see also* ECF No. 237-1 at 17 (explaining that the declaration cannot provide "greater specificity in the descriptions and justifications" without jeopardizing national security).

The docket entries Trump cites in the cases involving litigation of FISA suppression motions are selective, and a broader review of several of the dockets shows these cases undermine

his requests here.   Initially, the analogies to the FISA suppression docket entries are inapt because, pursuant to 50 U.S.C. § 1806(e), if the Government intends to use FISA evidence in a case, a defendant whose communications were captured on FISA coverage can file a motion to suppress.   That procedure is adversarial, resulting in public versions of certain filings, such as the exhibits attached to Trump's motion.   *See, e.g.,* ECF Nos. 237-2; 237-3.   The court, however, considers certain materials *ex parte*.   *Id.* § 1806(f); *see also*, *e.g.*, ECF. No. 237-2 at 32-38 (redacting classified material); ECF No. 237-3 at 44-45 (same).   Tellingly, in some of the very cases Trump cites, there are public filings related to FISA suppression motions, yet the courts conducted CIPA Section 4 proceedings entirely *ex parte*.   For example, Trump cites the FISA suppression litigation in *United States v. Liu*, No. 19-cr-804, ECF Nos. 90 & 91 (S.D.N.Y. Dec. 21, 2020), *see* ECF No. 237 at 12 n.2, but in that case, the Government filed its CIPA § 4 motion *ex parte* and under seal without providing a redacted version, *see Liu*, ECF Nos. 58 & 72.   And although the defendant challenged the Government's ability to do so, *id.*, ECF No. 70, the court denied the challenge, holding that defendant's argument that his cleared counsel should be able to inspect the classified material was "foreclosed by CIPA itself and has been rejected repeatedly by the Second Circuit and other courts to consider the issue," noting that Section 4 "expressly provides for *ex parte* review," *id.*, ECF No. 124 at 8.

Similarly, in another case Trump cites, *United States v. Alimehmeti*, No. 16-cr-398, ECF Nos. 62 & 63 (S.D.N.Y. July 24, 2017), *see* ECF No. 237 at 12 n.2, the Government filed a redacted version of its pretrial brief that included its response to a FISA suppression motion.   But again, the Government filed its CIPA § 4 motion *ex parte* and under seal, and the court denied the defendant's motion to review at least portions of the Government's memorandum, explaining that the "Government's discussion of legal principles in that memorandum is sufficiently interwoven

with, and informed by, its application of those principles to the evidentiary materials at issue to counsel against such a disclosure." *Alimehmeti*, ECF No. 54 at 3.   And in *United States v. Hasbajrami*, No. 11-cr-623 (E.D.N.Y.)—also cited by the defendant, *see* ECF No. 137 at 12 n.2— the Government likewise filed an unclassified, redacted version of its response to a motion to suppress FISA evidence, *Hasbajrami*, ECF No. 97, but not its CIPA Section 4 motion, *id.*, ECF No. 103.   These cases all stand for the proposition that the Government, when its CIPA Section 4 motion links the law at issue with specific classified facts, may proceed entirely *ex parte*; it need not provide any material to defense counsel or the public.

### E.   Trump's Remaining Rationales for Access to the Government's Motions and for Public Access Also Fail

Trump's remaining arguments are also meritless.   Trump claims that because "some of the documents at issue" are "a subset of a larger category of documents" that the Government has produced, the Government's justification for proceeding *ex parte* is "undercut[]."   *See* ECF No. 237 at 3.   To the extent the Government is seeking to withhold certain documents of a larger subset already produced, the Government is not seeking to withhold those materials from Trump in their entirety, but to make redactions to the materials, which would be defeated by allowing attorney access to the Government's filing.

With respect to Trump's allegations concerning past Government filings, *see* ECF No. 237 at 13-16, the Government has set forth previously the reasons why it believed certain unclassified pleadings were properly filed under seal and, at times, *ex parte*, *see, e.g.*, ECF No. 230.   That the Court has sometimes disagreed with the Government's bases for such unclassified filings does not justify providing Trump's attorneys or the public access to the Government's highly classified filings pursuant to a statute that explicitly provides for *ex parte* submissions.

Trump's prior access to classified materials, defense counsel's security clearances, and the volume of classified discovery at issue are all beside the point.   *See* ECF No. 237 at 6, 15-16. As the Government has set forth extensively in prior filings, *see, e.g.*, ECF Nos. 120 at 7-8; 162 at 12-13; *see also* ECF No. 238 at 4, a security clearance is not an automatic entitlement to classified information; an individual must also have a need-to-know the information, and no counsel or defendant has a need-to-know the information the Government seeks to withhold from Trump and his counsel.   These factors—prior access, defense counsel security clearances, and a high volume of classified discovery—are hardly unique in cases under 18 U.S.C. § 793.   They are therefore not, as Trump would have it, "special circumstances," ECF No. 237 at 1, necessitating unprecedented relief, but rather just another request by the defendant for special treatment.

## II.   **This Court Should Not Permit Nauta's or De Oliveira's Attorneys to View the Government's *Ex Parte* CIPA Section 4 Motions**

The Court should deny Nauta's and De Oliveira's request for the same reasons it should deny Trump's request, *see* Section I., *supra*, but the Government addresses below several points that are particular to Nauta and De Oliveira's motion regarding the Court's task here and their claims regarding personal access.   At the outset, like Trump, Nauta and De Oliveira make several misstatements in their motion.   First, it is simply false that Nauta ever had "unrestricted access to *all* the classified information at issue."   ECF 238 at 3.   The information at issue goes well beyond what even someone with a TOP SECRET//SCI security clearance can lawfully access; many of the documents require additional read-ins.   There is no reason that Nauta (or any valet) would have received such read-ins.   Referring to Nauta as one of Trump's closest "advisors," ECF No. 238 at 3, is a misnomer; Nauta has described his role as a personal aide to Trump as taking care of items like Trump's wardrobe, food, schedule updates, itinerary, and appointments. That defendants are not "accused terrorists," ECF No. 238 at 3, again misses the point in

determining whether the defense should be allowed to access the Government's CIPA Section 4 motions; that information does not bear on their or their counsel's need-to-know classified information.[2]   In addition, as the Government has explained, *see* ECF No. 162 at 13, Nauta and De Oliveira are not charged with the willful retention of national defense information, so they are not similarly situated to Trump with respect to discovery.[3]

### A. Nauta and De Oliveira Concede that Aspects of the Government's Motions Warrant *Ex Parte* Review

Nauta and De Oliveira concede that certain aspects of the Government's CIPA Section 4 motions warrant *ex parte* review.   They note that the Court must determine in the first instance whether the materials at issue are discoverable.   They then admit that if the information at issue is not discoverable, neither defense counsel nor the defendants have a need-to-know it.   ECF No. 238 at 3-4.   For the reasons explained in the Government's CIPA Section 4 motions with respect to Nauta and De Oliveira, none of the information the Government seeks to withhold is discoverable as to them, and counsel are not entitled to the Government's filings.

After determining whether the information is discoverable, Nauta and De Oliveira assert that the second step is for the Court to determine whether the materials are classified.   *See id.* at 5.   Put more accurately, "the Court should determine if the assertion of privilege by the government is at least a colorable one."   *Yunis*, 867 F.2d at 623.   In this inquiry, the Court must rely on the Executive Branch's decision.   Consistent with the Executive Branch's "compelling

---

[2]  Of course, these non-terrorists are still uncleared persons unlikely to be eligible for security clearances, in part because they have been indicted for multiple felonies.

[3]  The only aspects of the classified discovery arguably relevant to Nauta and De Oliveira are where the documents recovered from Mar-a-Lago were found and whether they bear classification markings—unclassified facts that counsel can share with them.   Closer to trial, the Government intends to show Nauta and De Oliveira the classified information that the Government will offer at trial.   *See* ECF No. 162 at n.5.

interest in withholding national security information from unauthorized persons in the course of executive business," *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988) (internal quotation marks omitted), courts have recognized that the determination of whether to classify information, and the proper classification thereof, is a matter committed solely to the Executive Branch.   *See, e.g.*, *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984), *rev'd on other grounds*, 780 F.2d 1102 (4th Cir. 1985) (en banc) ("[T]he government . . . may determine what information is classified.   A defendant cannot challenge this classification.   A court cannot question it."); *United States v. Rosen*, 520 F. Supp. 2d 786, 801 (E.D. Va. 2007) ("[I]t is not for the court to review and second guess the government's decision to classify a document or information; that decision is committed to the sole discretion of the Executive Branch.") (citing *United States v. Moussaoui*, 382 F.3d 453, 470 (4th Cir. 2004)).   The Government has submitted declarations from the relevant equity-holders that establish that the information the Government seeks to withhold is classified.   The declarants explain why defense counsel and defendants do not have a need-to-know the information in the declarations, and Nauta and De Oliveira concede as much. ECF No. 238 at 5 ("Here again, neither defense counsel, nor a defendant have any 'need to know' the classified information the government relies upon to establish that the materials it seeks to withhold or redact are, in fact, classified.").

If the court determines that the Government has a colorable claim that the discovery at issue is classified, the remaining step is for the court to determine whether the information is both relevant and "helpful to the defense of the accused"; if not, it may be withheld from discovery. *Yunis*, 867 F.2d at 622-23.   It appears that Nauta's and De Oliveira's counsel believe they should be involved in this part of the inquiry.   *See* ECF No. 238 at 5-7.   For the reasons set forth above and in the Government's motions, they cannot participate by reviewing the Government's motions.

They can, however, file their own *ex parte* submission outlining their theory of the defense to aid the Court in the review of the classified materials.   *See Sedaghaty*, 728 F.3d at 906 n.10; *see also United States v. Amawi*, 695 F.3d 457, 469 (6th Cir. 2012) ("The district court also conducted ex parte hearings with defense counsel to learn about their defense theories and how any classified information might be helpful or necessary to the defense.").

### B.   Nauta's and De Oliveira's Counsel Do Not Need Access to the Government's Motions to Argue for Client Access to Classified Discovery

Nauta and De Oliveira also argue that "defense counsel for Messrs. Nauta and De Oliveira should . . . be permitted to participate in an adversarial challenge to the SCO's assertion that neither defendant should be permitted to review the classified discovery in their cases."   ECF No. 238 at 8.   Put differently, they are seeking access to the Government's motions (and supporting declarations) relating to the Government's request to withhold from their clients the vast majority of the classified discovery.   The Court should deny their request.

Counsel for Nauta and De Oliveira know the content of the classified discovery already produced, because the Government has made all classified discovery produced to date available to all defense counsel and Trump.   As a result, they are perfectly equipped to make any arguments concerning their clients' need-to-know the information without access to the Government's filings. The Government has said throughout this case, *see, e.g.*, ECF No. 120 at 2, 8, that should counsel review any classified discovery and see a need to discuss it with their client, counsel could articulate that need for the Government's consideration.   Counsel have never done so, nor do they proffer any justification here, instead seeking blanket access for their uncleared clients to some of the nation's most critical secrets in the classified discovery.   In addition, both the Government's motions with respect to Nauta and De Oliveira and the supporting declarations contain additional classified information beyond what counsel can discern from the classified discovery itself.

Counsel and defendants do not have a need-to-know this additional information. *See* ECF No. 238 at 5-7 (acknowledging that cleared counsel are only allowed to access classified information they have a need-to-know).

Finally, Nauta and De Oliveira incorrectly claim that because counsel already have access to the materials, the Government has conceded they are discoverable. But in almost all instances, the Government has permitted Nauta's and De Oliveira's counsel to review classified discovery in excess of its discovery obligations. *See United States v. Jordan*, 316 F.3d 1215, 1253 (11th Cir. 2003) ("The *Discovery Notice* gave defense counsel access to far more evidence and other material than Rule 16(a) required. Among other non-discoverable items, they were given access to transcripts of grand jury testimony and summaries of witness interviews, including FBI 302s."). Their claim also ignores language included in each of the Government's discovery letters, clarifying that the Government has produced certain materials in excess of its obligations: "The production of non-discoverable material does not obligate the Government to provide other non-discoverable material, and the fact that certain non-discoverable material is provided should not be taken as a representation as to the existence or non-existence of any other non-discoverable material." In sum, no defendant has justified his or his counsel's access to the Government's CIPA Section 4 motions.

## CONCLUSION

For the foregoing reasons, the Court should deny Trump's motion (ECF No. 237) and Nauta and De Oliveira's motion (ECF No. 238) for access to the Government's CIPA Section 4 motions, which were properly filed *in camera* and *ex parte*. The Court should consider the Government's CIPA Section 4 motions *in camera* and *ex parte*, allow the defense to provide any

information they deem helpful to the Court *ex parte*, and, for the reasons stated in the Government's *ex parte* motions, grant the relief the Government seeks therein.

Respectfully submitted,

JACK SMITH
Special Counsel

By:    */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Julie A. Edelstein
Julie A. Edelstein
Senior Assistant Special Counsel