UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP**,
**WALTINE NAUTA**, **and**
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR NOTICE AND DISCLOSURES REGARDING ADVICE-OF-COUNSEL DEFENSE**

Judges in this District, including this Court, have ordered pretrial notice and disclosure regarding an advice-of-counsel defense in at least nine cases.[1] Courts have mandated such advance notice because of the "delay and inefficiency" that would result "if Defendant does not provide notice and discovery of his communications with attorneys which form the basis of his anticipated advice-of-counsel defense." *Shapiro*, ECF No. 108 at 2. The "principle of fairness that necessarily follows from the assertion of an advice-of-counsel defense" requires that a defendant "must waive

---

[1] *See* ECF No. 208 at 7 (citing to *United States v. Carver et al.*, No. 22-80022-CR-Cannon, ECF No. 579 (S.D. Fla. June 1, 2023); *United States v. Shapiro*, No. 19-20178-CR-Altonaga, ECF No. 108 (S.D. Fla. July 8, 2019); *United States v. Roussonicolos et al.*, No. 21-CR-60273-KMW, ECF No. 185 (S.D. Fla. Oct. 5, 2022); *United States v. Ramamurthy*, Case No. 18-20710-CR-Altonaga/Goodman, ECF No. 276 at 4-5 (S.D. Fla. Nov. 27, 2019); *United States v. Pisoni*, No. 15-20339-CR-Gayles, ECF No. 126 (S.D. Fla. December 10, 2015); *United States v. Bachynsky*, No. 04-20250-CR-Jordan/Torres, 2007 WL 1521499 (S.D. Fla. May 22, 2007)), as well as *United States v. Simsir, et al.*, No. 16-20399-CR-Gayles, ECF No. 279 (S.D. Fla. May 24, 2017); *United States v. Stein*, No. 21-20321-CR-Altonaga/Torres, ECF No. 257 at 5-6 (S.D. Fla. March 21, 2023); and *United States v. Vollaro, et al.*, No. 21-60124-CR-Smith, ECF No. 762 (S.D. Fla. Sept. 28, 2023).

privilege over all communications involving the subject matter they intend to use as the basis for their defense, regardless of whether the communications come from the attorneys Defendants explicitly listed in their Notices or wish to select as witnesses." *United States v. Dougherty*, No. 22-80022-CR-Cannon, 2023 WL 5620715, at *1 (S.D. Fla. Aug. 31, 2023).

Neither the cases defendant Trump cites in his response nor the discovery-related arguments he makes should dissuade this Court from following the weight of precedent in this District regarding pretrial notice of an advice-of-counsel defense and production of associated communications.[2] The Government has gone beyond what is mandated by the rules of discovery to provide a roadmap of the evidence and its case-in-chief through a detailed indictment and early production of witness interview transcripts, grand jury transcripts, and other *Jencks* material. By the time of the Government's proposed notice deadline, defendant Trump will have had the bulk of discovery for several months, more than sufficient time to decide whether to pursue an advice-of-counsel defense. And courts in this District have rejected similar arguments about the volume of discovery militating against the court entering an order compelling notice of the defense. *See, e.g.*, *Carver*, ECF Nos. 431 at 5; 579 at 1; *Stein*, ECF Nos. 224 at 1-2; 257 at 5-6.

I.  **Contrary to Trump's Claims, the Weight of Precedent in this District Supports Pretrial Notice and Disclosure of an Advice-of-Counsel Defense**

As the Advisory Committee noted in crafting modifications to Rule 16 of the Federal Rules of Criminal Procedure, district courts have "the inherent right to enter an order under this rule" and should at times exercise discretion to order the defense to provide "pretrial disclosure of

---

[2] Although neither defendant Nauta nor defendant De Oliveira has thus far indicated any intention to rely on an advice-of-counsel defense, defendant Trump's response notes that they join his opposition. ECF No. 248 at 1 n.1. Because that joinder suggests a possible intention to assert the defense, the Government requests that the Court order the same relief as to them.

evidence to the government [where it] is in the interest of effective and fair criminal justice administration." Notes of Advisory Committee on 1974 amendments to Federal Rules of Criminal Procedure, Fed. R. Crim. P. Rule 16. Cases involving a potential advice-of-counsel defense present such an exceptional situation, where pretrial disclosure is necessary to avoid "delay and inefficiency." *Shapiro*, ECF No. 108 at 2.

Defendant Trump argues that "[i]nherent authority is not a basis for shifting the Office's burden of proof to President Trump." ECF No. 248 at 3. That argument is misguided. Eleventh Circuit precedent specifically provides that a defendant bears the burden of production in raising an advice-of-counsel defense "[b]ecause good faith reliance is an affirmative defense." *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013); *cf. United States v. Shamsid-Deen*, 61 F.4th 935, 947-48 (11th Cir. 2023) (explaining burdens of production and persuasion in context of affirmative defenses generally). *See also United States v. Eisenstein*, 731 F.2d 1540, 1543-44 (11th Cir. 1984) ("When the defendant presents evidence that he disclosed all relevant facts to his attorney and relied on the attorney's advice based on the disclosure, the trial court must instruct the jury on the defense of good faith reliance on counsel."). And "allowing Defendant to raise an advice-of-counsel defense in the absence of a proper factual predicate also risks juror confusion and a waste of time and resources, regardless of whether the jury instruction on the advice-of-counsel defense is ultimately given." *Shapiro*, ECF No. 108 at 2. Those facts, when considered alongside the fact that the Government would not otherwise have access to discovery related to the defense, confirm, as the many courts ordering pretrial notice and disclosure have found, that there is nothing improper, much less unconstitutional, about doing so.

### A. The Cases Defendant Cites Are Not Persuasive

Defendant Trump cites to a minority of cases in this District (and outside) where the district court denied the Government's motion for pretrial notice of an advice-of-counsel defense, but none of them is persuasive. ECF No. 248 at 3-5. Several of these are cases that other defendants have already cited to this Court without success. *See Carver*, ECF No. 431 at 3 (citing *United States v. Wilkerson*, 388 F. Supp. 3d 969, 974-75 (E.D. Tenn. 2019), *United States v. Meredith*, 2014 WL 897373 (W.D. Ky. March 6, 2014), and *United States v. Esformes*, 16-20549-CR-Scola, ECF No. 465 (S.D. Fla. July 18, 2017)); ECF No. 484 (citing *United States v. Young*, No. 19-cr-60157-Ruiz, ECF No. 241 (S.D. Fla. Oct. 2, 2020)). In a case from Nevada that Trump cites, the Government apparently cited to no in-circuit authority for the requested relief (*see United States v. Alessa*, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021)), and in another case (*United States v. Lacour*, No. 6:08-cr-118-Orl-22DAB, 2008 WL 5191596 at *1 (M.D. Fla. Dec. 10, 2008)), the Government apparently cited no authority at all for the relief sought—not so here. And in another case Trump cites, although the Court did "not preclude the Defendants from raising the defense solely because the Defendants have not thus far notified the Government of their intent" to do so, the Court went on to "find[] it to be in the interest of justice to address this issue pre-trial in the event any Defendant intends to raise advice of counsel as a defense," and ordered any such defendant to file a motion forty days before trial. *United States v. Crinel*, No. 15-cr-61, 2016 WL 6441249 at *11-12 (E.D. La. Nov. 1, 2016); *id.*, ECF No. 831.

None of the cases Trump cites impugns the Court's discretion under Rule 16 to order the relief sought, or that advice of counsel is an affirmative defense that, under Eleventh Circuit precedent, shifts the burden of production to the defense on that subject matter. *See Vernon*, 723 F.3d at 1269. Whatever lack of consensus there may be among federal courts on the issue fades

in view of the weight of precedent in this District favoring pretrial notice in order to protect the fairness and efficiency of trials. *See supra* note 1.

### B. Whether the Government Already Has Some Relevant Attorney-Client Communications Is Immaterial

Forecasting a future motion, defendant Trump claims that the Government unlawfully violated his attorney-client privilege by "compell[ing] lawyers to testify before a grand jury in the District of Columbia," citing a news article. ECF No. 248 at 6. The allegation of misconduct is false, and the Government will address it fully at the appropriate time. Furthermore, Trump's point in raising it here is meritless. His argument is that if the Government already has some information about communications related to an advice of counsel defense, then no notice of the defense or disclosure of related materials is necessary or appropriate. *See id*. (labeling Government disingenuous for "raising the specter of an 'ambush'"). But this argument fails, based on logic and precedent in this District. First, whether the Government may already have some information says nothing about whether Trump will assert the defense at trial. Second, if a defendant opts to pursue an advice-of-counsel defense, then he waives privilege over ***all*** communications with any of his attorneys involving the subject matter he intends to use as a defense, not just the ones that the Government may have already acquired. As this Court observed in *Dougherty*:

> Defendants are not permitted to use the defense as both a "sword and a shield" by waiving privilege over only favorable communications, while keeping any potentially unfavorable communications on the same subject matter shielded from the Government's view. By choosing to assert an advice-of-counsel defense at trial, Defendants must waive privilege over all communications involving the subject matter they intend to use as the basis for their defense, regardless of whether the communications come from the attorneys Defendants explicitly listed in their Notices or wish to select as witnesses.

2023 WL 5620715 at *1 (citations omitted).

In *Stein*, the Government sought pretrial notice of an advice-of-counsel defense, and the defendant opposed, arguing that "this is a unique case in which the government has *already reviewed and even relied on* privileged materials in prosecuting Stein," because the district court had found that certain attorney-client communications were within the crime-fraud exception, and had ordered their disclosure to the Government. *Stein*, ECF No. 224 at 3; *id.*, 2023 WL 2585033 at *9. As a result, the defendant argued, the "risk of unfair surprise to the government at trial is negligible." *Id.*, ECF No. 224 at 3. The district court rejected the defendant's argument, noting that "Defendant never states that the *only* documents he would rely on in support of the [advice of counsel] defense are documents that he has waived privilege on or that the Government has already reviewed." *Id.*, ECF No. 257 at 4. The Court should reject Trump's similar argument here.

**C.  The Government Has Exceeded its Discovery Obligations and the Volume of Discovery Does Not Affect the Necessity of Pretrial Notice of Advice of Counsel**

Defendant Trump also asserts that "[t]he Special Counsel's Office is not in compliance with its discovery obligations," suggesting that as a result, the Court should not order the relief sought here. ECF No. 248 at 8. But the Government has exceeded its discovery obligations, as acknowledged by defense counsel at the last hearing in this case, held on November 1, 2023:

> [T]he Special Counsel, as they have represented to the Court accurately, have provided a lot of material that in many cases the Defense wouldn't get so early, including the grand jury transcripts and traditional Jencks and 3500 material, for the most part; and that is certainly helpful for President Trump and for all of the defendants in preparing a defense and preparing and going through discovery.

Transcript of Nov. 1, 2023 Hearing at 6-7. That the defense will file motions to compel, or that the parties may disagree about the scope of discoverable information, does not equate to the Government being out of compliance with its obligations—and has no bearing on whether the defense should be required to give pretrial notice of an advice-of-counsel defense.

6

Trump also asserts that the volume of discovery in this case militates against requiring pretrial notice of an advice-of-counsel defense, but courts in this District have rejected nearly identical arguments in cases involving discovery more voluminous than here. In *Carver*, defense counsel argued that "[t]he defendants are not in a position to determine which potential defenses they may pursue at trial until they have had a chance to evaluate the approximately 4.5 million files of discovery produced in this case, some as recently as October 14, 2022 – a mere two weeks ago." *Carver*, ECF No. 431 at 5. In *Stein*, defense counsel had received in discovery over 2.4 million files and claimed that "Stein should not be compelled to make such disclosure or to produce any reciprocal discovery in support, until the government produces all its discovery (another sizeable production was received this week) and until the Court rules on the pretrial motions that challenge the government's theory of prosecution, rules on the proposed instructions of law that would present this defense to the jury, and rules on the admissibility of documents that would support the defense." *Stein*, ECF No. 224 at 1, 2. In both cases, the Court granted the Government's motion over the defendant's objections. *Carver*, ECF No. 579 at 1-2; *Stein*, ECF No. 257 at 5-6. Here, neither the volume nor the timing of discovery provides cause to deviate from this District's practice of requiring pretrial notice of an advice-of-counsel defense.

## II.  Sixty Days' Notice is Reasonable in Light of Precedent in this District and the Circumstances of this Case

Defendant Trump asserts that "[n]ot a single case cited by the Special Counsel's Office involved the amount of advance notice they are seeking." ECF No. 248 at 2. That is untrue, and several cases in this District involving complex litigation have required the defense to provide notice of an advice-of-counsel defense and related discovery more than a month before trial.

In *Roussonicolos*, the Court ordered the defense to (1) notify the Government of its intent to rely on an advice of counsel defense; (2) identify all attorneys who purportedly offered advice

7

to the defendant; and (3) waive privilege over and produce all communications with such attorneys to the Government, all four months before trial. *Id.*, ECF Nos. 172 (setting trial date), 185 (order re: notice and production). When the Court continued the trial by two months and the defense sought to move its deadline, the Court denied the request, thereby requiring compliance six months before trial. *Id.*, ECF No. 190. In *Pisoni*, the Court ordered production of "all documents [defendants] intend to use at trial to support their advice of counsel defense" 65 days before trial. *Id.*, ECF Nos. 95 (setting trial date), 126 (order re: production). And in *Carver*, this Court required notice and production of attorney-client communications 35 days before trial. *Id.*, ECF Nos. 485 (setting trial date), 579 (order re: disclosure and production). *See also Simsir*, ECF Nos. 271, 279 (notice required 46 days before trial).

In some of the cases in this District where a shorter notice period was required, the Government had filed a motion for disclosure about 40 days before jury selection, and therefore longer notice was not possible. *See Shapiro*, ECF Nos. 79, 88; *Stein*, ECF Nos. 128, 199. This is part of the reason for the timing of the Government's request here, but it also illustrates a larger point. The Court has crafted a pretrial schedule aimed at narrowing contested issues before trial, so that once a jury is empaneled, trial can proceed efficiently and fairly. Early notice is consistent with that schedule and its purpose. Avoiding unnecessary delays during trial—or rushed decisions because a jury is empaneled—underlie courts' rationale authorizing pretrial notice and disclosure in the first place. *See, e.g., Shapiro*, ECF No. 108 at 2; *Bachynsky*, 2007 WL 1521499 at \*2.

Finally, although Trump cites to several out-of-district cases to support his claim that 60 days is "unreasonable," he fails to note another case in which he is involved that is instructive. *United States v. Trump*, 23-cr-00257-TSC (D.D.C. 2023), also involves substantial discovery, *see id.*, ECF No. 112 at 2-3 (defendant alluding to 13 million pages of discovery). In the D.C. case,

the defendant proposed to provide notice of an advice-of-counsel defense seven weeks before trial. *Id.* at 13 (defendant "agrees to provide notice to the prosecution of whether he intends to pursue a formal advice of counsel defense at the time jury instructions are due, which is currently January 15, 2024"). The district court accepted the defendant's proposal and imposed that deadline not just for notice of the defense, but also for production of associated communications and evidence. *Id.*, ECF No. 147 at 2-3.

**III.   Conclusion**

For the above reasons, the Court should enter an order:

(1) requiring each of the defendants to provide notice indicating whether he intends to rely on an advice-of-counsel defense at trial, and if so, to waive privilege over and produce to the Government all communications with any attorneys who purportedly provided such advice, as well as any other communications involving the subject matter the defendant intends to use as the basis for his defense, no later than sixty days before trial begins; and

(2) barring any defendant who fails to comply from raising the defense before the jury.

                                Respectfully submitted,

                                JACK SMITH
                                Special Counsel
                                N.Y. Bar No. 2678084

By:    /s/ *Jay I. Bratt*
           Jay I. Bratt
           Counselor to the Special Counsel
           Special Bar ID #A5502946
           950 Pennsylvania Avenue, NW
           Washington, D.C. 20530

           David V. Harbach, II
           Assistant Special Counsel
           Special Bar ID #A5503068

           Michael E. Thakur
           Assistant Special Counsel
           Florida Bar No. 1011456

January 5, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

                                /s/ *David V. Harbach, II*
                                David V. Harbach, II