**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

UNDER SEAL

FILED BY _PCS_ D.C.
FEB 02 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MOTION FOR PERMISSION TO FILE SEALED AND REDACTED DOCUMENTS

On January 16, 2024, the defendants filed their motion to compel discovery (ECF No. 262) along with a Motion for Temporary Leave to File Redacted Brief (ECF No. 261). Two days later, the Government responded to the Motion for Temporary Leave, opposing it to the limited extent that the motion to compel or its exhibits identify any prospective Government witness, constitute Jencks Act material for the same, or contain certain additional discrete sensitive information. ECF No. 267. The Government filed two sealed attachments with its opposition, one identifying the portions of defendants' motion and exhibits that in the Government's view should remain sealed or redacted, and another containing charts with the justifications for each. *Id.* at 3. The Court has not yet ruled on the defendants' Motion for Temporary Leave.

Consistent with the position the Government has taken in ECF No. 267, and in accordance with Local Rule 5.4(c), the Government hereby requests leave to (1) file a redacted version of its Response in Opposition to Defendants' Motion to Compel; (2) file one redacted exhibit (Exhibit

B); and (3) file three exhibits (Exhibits A, C, and D) under seal.[1] Counsel for the defendants take no position as to any particular request for redaction or sealing that the Government makes here, but consistent with their prior filings on this issue (*see, e.g.,* ECF No. 270), they do not believe that the Government has adequately substantiated its requests.

The three exhibits to be sealed (Exhibits A, C, and D) are memorializations of interviews with Government witnesses. They are paradigmatic Jencks Act material and likely witness testimony that should remain out of the public realm until a hearing or trial, because of safety concerns and so as not to influence the testimony of other witnesses or the jury pool. *See* ECF No. 267 at 2; *see also* ECF No. 27 (Protective Order).

In its Response in Opposition to Defendants' Motion to Compel, the Government summarizes certain information that these witnesses provided in support of various factual assertions. Although the witnesses are anonymized in the Response, the Government seeks permission to redact those portions of the Response.

The remaining redactions in the Response, as well as the redactions in Exhibit B, have been made consistent with the Government's position as articulated in ECF No. 267 and its sealed attachments. In other words, to the extent that in ECF No. 267 the Government opposed the public revelation of information, it has redacted that information in the Response and requests that it remain redacted and subject to the Protective Order. Conversely, to the extent that (a) the defendants have already made certain information public, or (b) in ECF No. 267 the Government did not oppose the public revelation of the information, such information is unredacted in the Response.

---

[1] The redactions in Exhibits E, F, and G are in accordance with S.D. Fla. L.R. 5.3 and CM/ECF Administrative Procedures, Section 6.

For the foregoing reasons, the Court should grant the Government's Motion.

> Respectfully submitted,
>
> JACK SMITH
> Special Counsel
>
> By:  /s/ Jay I. Bratt
> Jay I. Bratt
> Counselor to the Special Counsel
> Special Bar ID #A5502946
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C.  20530
>
> David V. Harbach, II
> Assistant Special Counsel
> Special Bar ID #A5503068

## CERTIFICATE OF SERVICE

I, Jay I. Bratt, certify that on February 2, 2024, I served the foregoing document on all parties via electronic mail.

> /s/ Jay I. Bratt
> Jay I. Bratt