## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

     Defendants.

_____/

### GOVERNMENT'S CONDITIONAL MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

On February 9, 2024, the defendants filed a lengthy reply in support of their motion to compel discovery. ECF No. 300. Relying heavily on factual assertions, legal citations, and public-domain materials that were wholly absent from their initial motion to compel or their classified supplement, their reply for the first time claims that the defendants had made a showing sufficient to warrant discovery, a hearing, and, ultimately, dismissal, based upon a claim of selective and vindictive prosecution. *Id.* at 4-12. That was procedurally improper. Arguments and factual assertions not presented in an opening motion and raised for the first time in a reply brief are not properly before the Court, and the Court should not be asked decide matters that have been neither properly raised nor fully briefed. That principle should apply with particular force here, since the defendants have indicated that they intend to file a separate motion making precisely such claims regarding selective and vindictive prosecution, *see* ECF No. 242 at 3, and will do so in less than two weeks, *see* ECF No. 285 at 1-2. Sound judicial administration counsels the Court to disregard

the new factual allegations and legal arguments raised for the first time in the defendants' reply brief, and direct the defendants to raise their arguments in the motion that they have signaled that they will file by February 22. To the extent the Court wishes to consider their new claims at this juncture, however, the Government requests leave to file a surreply to address the new factual assertions and arguments. *See* S.D. Fla. L. R. 7.1(c)(1).[1] If the Court grants leave, the Government requests permission to file its surreply within a week of the Court's order. The Government's proposed surreply would not address any matters that were properly addressed in the defendants' reply.

## BACKGROUND

On January 16, 2024, the defendants filed a 64-page motion to compel discovery. ECF No. 262. The defendants sought discovery on six categories of information and two uncategorized areas. *See* ECF No. 277 at 29 (Government's response describing the defendants' discovery requests). But nowhere in the motion to compel did the defendants argue they were seeking discovery to advance a claim of selective or vindictive prosecution or cite the stringent legal standards that restrict discovery requests on such claims. The defendants instead sought discovery under Rule 16(a) of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), concerning what they believed to be improper coordination between prosecutors and the National Archives and Records Administration ("NARA"), ECF No. 262 at 34-38, and on what the defendants described as "evidence of bias and investigative misconduct." *Id.* at 43-55 (capitalization altered).

---

[1] The Government has conferred with the defendants, who oppose this motion and request an opportunity to respond.

In response, the Government explained (ECF No. 277 at 31-38) that these discovery requests fall outside the ambit of Rule 16 and the *Brady* doctrine because they seek information that is neither "material to preparing the defense" for purposes of Rule 16 nor material to guilt or punishment for purposes of *Brady*.  The Government further explained (*id.* at 31-34) that notwithstanding the defendants' failure to cite the relevant standard and precedent, the defendants' requests effectively constituted a request for discovery to support a selective prosecution claim. To justify such a request, the Government pointed out, the defendants had to satisfy the "rigorous" standard set forth in *United States v. Armstrong*, 517 U.S. 456, 468 (1996), which required them "to produce 'some evidence tending to show the existence of the essential elements' of a selective prosecution claim—discriminatory effect and discriminatory purpose."  *United States v. Cannon*, 987 F.3d 924, 937 (11th Cir. 2021) (quoting *United States v. Jordan*, 635 F.3d 1181, 11889 (11th Cir. 2011)).  Noting that the defendants had not cited, addressed, or attempted to satisfy the relevant standard for such unique relief and that the defendants had signaled that they intended to press a selective prosecution claim in a "future motion," the Government observed that it would address any such claim "at the appropriate time."  ECF No. 277 at 33 n.16.

Rather than press such an argument in a future motion, the defendants in their reply brief for the first time claim that they have "made a *prima facie* showing of selective and vindictive prosecution."  ECF No. 300 at 4 (capitalization altered).  And the new claim is not offered in passing or in a brief comment; instead, it is the lead argument running from page 1 to page 12 of their reply, over which the defendants advance a slew of new legal and factual claims.  Despite never citing *Armstrong* or the related Eleventh Circuit precedent in their motion to compel, the defendants' reply now purports to lay out the governing standards for selective and vindicative prosecution claims. *See id.* at 6-8.  But, in fact, the defendants' recitation of the applicable standard

is incomplete and misleading, as they cite the requirement from *United States v. Smith*, 231 F.3d 800 (11th Cir. 2000), that a defendant must have "engaged in the same type of conduct," *id.* at 810, but mask behind an ellipsis the full articulation of the requisite standard.  *See* ECF No. 300 at 7. As the full quote from *Smith* makes clear, the Eleventh Circuit requires much more.  To satisfy the discriminatory-effect requirement, the defendants would have to identify a similarly situated comparator "who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant."  *Smith*, 231 F.3d at 810. Their truncated and misleading quotation from *Smith* underscores the dangers of raising new matters in a reply to which there is no opportunity for response.  When the actual standard is applied in this case and when the matter is properly briefed for the Court, the record will be clear that the Superseding Indictment was returned by the grand jury based upon the defendants' willful, obstructive, and deceitful conduct, and nothing more.

And the defendants' reply does not simply raise new legal arguments.  It also advances new factual claims that they should not be permitted to raise for the first time in a reply to which the Government has no opportunity to respond.  Specifically, the defendants attempt to draw comparisons between defendant Trump's conduct and the conduct of other executive branch officials who were not prosecuted, including:

- President Joseph Biden, as described in the report released on February 8, 2024, by Special Counsel Robert Hur, *id.* at 6, 11;

- Former Secretary of State Hillary Clinton, *id.* at 9;

- Former Vice President Mike Pence, *id.* at 10;

- Former President Bill Clinton, *id.* at 11; and

- Former FBI Director James Comey, *id.* at 11.

The defendants advanced none of these legal or factual claims in their motion to compel, despite the fact that all but one of them were known to them before they filed their motion.

## ARGUMENT

The defendants failed to advance a selective or vindication prosecution claim in their motion to compel, and they are precluded from belatedly pressing any such claim in their reply brief. They should, instead, be required to address their new claims in the motion that they have advised the Court that they will file on February 22. If the Court nonetheless wishes to entertain such a claim at this juncture, in the context of a motion to compel discovery under Rule 16 and *Brady*, the Government respectfully requests the opportunity to respond to the defendants' new legal and factual arguments in a surreply.

### A. Applicable Law

Arguments and facts presented for the first time in a reply brief "come too late" and should not be considered. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014); *see In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009); *Amargos v. Verified Nutrition, LLC*, 666 F. Supp. 3d 1249, 1250 (S.D. Fla. 2022); S.D. Fla. L.R. 7.1(c). And moving parties cannot evade that well-established rule by contending that they were merely responding to arguments raised in the non-moving party's opposition. As this Court has observed in a similar context, no authority supports the proposition that a defendant who fails to raise an argument in an opening motion "nevertheless can insist on Court review of arguments not raised in the Motion simply because the opposing

party chooses to raise new issues in opposing the motion." *Silva v. Fancydressme Inc.*, No. 22-cv-80920, 2022 WL 15179957, at *2 (S.D. Fla. Oct. 27, 2022).[2]

As the Eleventh Circuit has explained, "[w]hen faced with a reply brief that offers new evidence, . . . the district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atlantic Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901-02 (11th Cir. 2019). Local Rule 7.1(c)(1), in turn, provides that any surreply may not "be filed and served without prior leave of Court," and "[a] district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation and internal quotation marks omitted). *See also Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) ("Because Plaintiff presented new arguments and a new theory . . . in her Reply the Court will grant Defendants' Motion for Leave to File a Sur-Reply."); *Trigeant Ltd. v. Petroleos De Venez., S.A.*, No. 08-80584-CIV, 2009 WL 10668636, at *3 (S.D. Fla. Feb. 10, 2009) (allowing surreply to allow plaintiffs to "address new issues raised by Defendant" and to "correct mischaracterizations of [Plaintiffs'] position and the law").

### B.  Discussion

In their reply brief, the defendants attempt for the first time to raise legal and factual matters in support of selective and vindictive prosecution claims, presenting both argument and evidence that they did not offer in their opening brief. The Court should decline to consider those belated

---

[2] The Court has previously emphasized the importance of raising legal issues in a procedurally appropriate manner. *See* 10/12/2024 Hearing Tr. (De Oliveira) at 45-46; 10/12/2024 Hearing Tr. (Nauta) at 8-9, 20-21.

claims. *Sapuppo*, 739 F.3d at 683 (11th Cir. 2014); S.D. Fla. L.R. 7.1(c). The legal standards have long been settled, and, with the exception of the Hur report released this week, all of the defendants' factual claims (some dating back decades) were readily available before they filed their motion to compel. *See Baltzer v. Midland Credit Mgmt., Inc.*, No.14-20140-CIV, 2014 WL 3845449, at \*1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.").

The defendants are, of course, entitled to attempt to satisfy the relevant standards. But they must do so in a procedurally appropriate manner—by raising their arguments and evidence in a motion to which the Government is entitled to respond, and where the defendants have a right of reply. They may not do so by smuggling this issue into a reply brief. The requirement that they follow appropriate procedures is particularly apt here, since their deadline to file Rule 12 motions is less than two weeks away, and they have already stated that they intend to file a motion to dismiss for selective prosecution. *See* ECF No. 242 at 3. Declining to consider the arguments and evidence raised for the first time in the reply brief would therefore not prejudice the defendants in any way; it would simply assure that the arguments and evidence are raised in a procedurally appropriate manner.[3]

In the alternative, if the Court is inclined to consider the evidence and argument presented for the first time in the defendants' reply, the Government should be allowed to file a surreply. *Atlantic Specialty Ins. Co*, 793 F. App'x at 901-02. The defendants' novel contentions contain both factual and legal errors, and the Court should not consider them (much less rely on them) without

---

[3]     The defendants cannot avoid this conclusion by claiming that, because the Government raised the *Armstrong* issue in its opposition brief, they should be permitted to make an adequate *Armstrong* showing in their reply. *See Silva*, 2022 WL 15179957, at \*2.

affording the Government the opportunity to respond.  As such, if the Court declines the Government's suggestion that it treat the defendants' arguments as improperly raised (and require them to be re-raised in the defendants' forthcoming Rule 12 filings), the Government respectfully requests the opportunity to file a surreply.

### CONCLUSION

The Court should not consider facts and argument raised for the first time in the defendants' reply in support of their motion to compel discovery.  In the alternative, the Court should permit the Government to file a surreply to be filed within a week of the Court's order, limited to the newly advanced facts and argument.

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By:      /s/ *David V. Harbach, II*
David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946

February 11, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *David V. Harbach, II*
David V. Harbach, II