UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        **Defendants.**
_____/

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO DISCLOSE DISCOVERY

The Special Counsel's Office ("SCO") misrepresents the Defendants' position with respect to sealing in this case. Notably, it was the SCO that initially requested a protective order barring the dissemination of Discovery Material in this case, Mot. (Jun 16, 2023) (ECF No. 23), and after the Court entered the SCO's proposed order, Protective Order (June 19, 2023) (ECF No. 27), the SCO proceeded to designate *every page* of more than a million pages of Discovery Material produced as precluded from public dissemination under the Protective Order. *See, e.g.,* Notice of Compliance with Court's Standing Discovery Order (June 21, 2023) (ECF No. 30).

The SCO's approach to the dissemination of Discovery Material in this case is detrimental to President Trump and Messrs. Nauta and De Oliveira insofar as it requires the early disclosure of materials to be referenced in any pleading thus previewing for the SCO defense planning and strategy in advance of any deadline imposed by the Court. And it is beyond dispute that the SCO's approach to secrecy is detrimental to the public's interest in this case. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records."). Presciently, the

1

Cout anticipated the advantage sought by the SCO through its proposed protective order and on February 20, 2024, ordered President Trump as well as Messrs. Nauta and De Oliveira to submit briefs referencing Discovery Material to the Court and the SCO simultaneously to permit the SCO to lodge any objections to the public dissemination of Discovery referenced therein. *See* Paperless Order (Feb. 20, 2024) (ECF No. 320).

Now, despite President Trump as well as Messrs. Nauta and De Oliveira having followed the Court's procedure with respect to the potential sealing of Discovery Material, the SCO intimates that it is the burden of President Trump and/or Messrs. Nauta and De Oliveira to justify the sealing of information referenced in public briefing. *See* Opp. at 3 (Feb. 16, 2024) (ECF No. 316) ("[R]ather than simply seek leave to file a redacted copy of their supplemental reply brief,f the defendants took a different approach . . . filing a Motion for Leave to Disclose Discovery. . . ."). This blatant attempt to improperly shift the burden in sealing must not be countenanced and the SCO should be required to sufficiently explain why any Discovery Material in this case continue to be sealed, especially when it is referenced in an otherwise public filing. *See* Opp. Mot. Reconsideration (Feb. 23, 2024) (ECF No. 333).

[SIGNATURE BLOCK NEXT PAGE]

Dated: February 23, 2024                    Respectfully submitted,

    *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

    *s/ Sasha Dadan*
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2024, I electronically submitted the foregoing, via CM/ECF, to counsel of record.

Respectfully submitted,

*s/ Sasha Dadan*
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*