UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,
v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

## ORDER GRANTING SPECIAL COUNSEL'S
## CIPA § 4 MOTIONS AS TO DEFENDANTS NAUTA AND DE OLIVEIRA

**THIS CAUSE** comes before the Court upon the Special Counsel's CIPA Section 4 Motions with respect to Defendants Nauta and De Oliveira (the "Motions" or "Section 4 Motions"), filed *ex parte* and under seal [ECF No. 236]. Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Fed. R. Crim. P. 16(d)(1), the Special Counsel requests authorization to (1) withhold personal access from Defendants Nauta and De Oliveira as to all classified discovery produced to date in this case, estimated currently at approximately 5,100 pages [ECF No. 330]; and (2) redact, substitute, or delete from cleared counsel and Defendants Nauta and De Oliveira four discrete "categories" of classified information.[1]  The Special Counsel also

---

[1] The Special Counsel has made available to cleared counsel for Defendants Nauta and De Oliveira the classified discovery produced to date, pursuant to separate CIPA § 3 protective orders [ECF Nos. 151–152].  The Special Counsel maintains that none of this material is discoverable to Defendants Nauta and De Oliveira under Fed. R. Crim. P. 16, with the exception of an image associated with Count 32 as to Defendant Nauta.

For purposes of this Order, references to "classified discovery" refer to discovery categorized by the Special Counsel as "classified discovery" in this case.

seeks an order withholding the entire text of his Section 4 submissions—the Motions themselves, and the accompanying exhibits and declarations—from Defendants Nauta and De Oliveira, and their counsel. Defendants filed a joint public Response and an *ex parte*, classified supplement [ECF Nos. 272, 288].

On February 12, 2024, the Court conducted two *ex parte* hearings, meeting first with defense counsel to learn about their defense theories [ECF No. 307]; and then meeting with the Special Counsel [ECF No. 308]. Following these hearings—and believing additional adversarial argument would assist the Court in resolving the Motions—the Court held a non-*ex parte* proceeding with cleared counsel for all parties on February 13, 2024 [ECF No. 309].[2] Upon review of the Motions [ECF No. 236]; the associated declarations, exhibits, and underlying materials; the Responses filed by Defendants Nauta and De Oliveira [ECF Nos. 272, 288]; the parties' arguments during sealed hearings [ECF Nos. 307–309]; and the full record, the Special Counsel's Motions are **GRANTED** as to Defendants Nauta and De Oliveira's personal review of classified discovery. The Special Counsel's additional request as to the four "categories" of information is addressed in a forthcoming Order on Special Counsel's CIPA § 4 Motion as to Defendant Trump. This ruling is made in conjunction with the Court's forthcoming Order Denying Defendants' Motions for Access.

## LEGAL STANDARDS

The Classified Information Procedures Act ("CIPA") regulates the use of classified information in criminal cases. 18 U.S.C. App. III. CIPA § 4 governs the discovery of classified information, and provides, in relevant part:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from

---

[2] The hearings were conducted in a facility suitable for the discussion of classified information.

>documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. III § 4.

Section 4 does not create new law governing the admissibility of evidence; rather, it "contemplates an application of the general law of discovery in criminal cases to the classified information area with limitations imposed based on the sensitive nature of the classified information." *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989); *see also United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983).  Furthermore, CIPA § 4 was designed to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) (alterations and internal quotation marks omitted).

In evaluating the Special Counsel's Section 4 Motions, the Court applies the standard articulated in *United States v. Yunis*, 867 F.2d at 621–25, and related authorities.[3] Under the *Yunis* framework, the Court first determines, as a threshold matter, whether the government's assertion of privilege over the information is "at least a colorable one." *Id.* at 623 (referring to the "facial validity of the government's claim of privilege").  If this threshold requirement is met, the government's privilege still must "give way" when disclosure of the information is "relevant and helpful to the defense of an accused." *Id.* at 622 (quoting *Roviaro v. United States*, 353 U.S. 53,

---

[3] The Eleventh Circuit has not weighed in on the *Yunis* standard, but *Yunis* (or some nearly identical formulation to *Yunis*) is the prevailing standard applied among circuit courts, and all parties generally agree that the principles outlined in *Yunis* frame the Court's evaluation of the pending CIPA § 4 filings.  *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008); *United States v. Moussaoui*, 382 F.3d 453, 472 (4th Cir. 2004); *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. Cir. 1990); *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2001); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998).

60–61 (1957)). In seeking to withhold classified information from discovery under Section 4, all parties agree that the Special Counsel bears the burden of proof. 18 U.S.C. App. III § 4 (authorizing deletion upon a "sufficient showing" by the United States). Lastly, if proceeding *ex parte*, the reviewing court places itself "in the shoes of defense counsel, the very ones that cannot see the classified record, and act[s] with a view to their interests." *United States v. Amawi*, 695 F.3d 457, 471 (6th Cir. 2012); *see United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (instructing courts in this posture to "err on the side of protecting the interests of the defendant").

## DISCUSSION

The Court, following a careful review of the Motions and related filings, concludes that the Special Counsel has carried his burden to withhold from Defendants Nauta and De Oliveira personally all classified discovery produced to date. The Court makes this determination following colloquies with defense counsel concerning their theories of the case and anticipated defenses [ECF Nos. 307, 309], and after a thorough review of the underlying classified materials with a view to Defendants' interests. *See Amawi*, 695 F.3d 457.

First, as a threshold matter, the materials at issue implicate the government's classified information and/or national security privilege. *Yunis*, 867 F.2d at 623.[4] The Special Counsel "supported each of its motions with detailed declarations from the relevant equity-holders explaining the specific information at issue, its classification status, and why its disclosure even to cleared counsel would damage national security" [ECF No. 241 pp. 3–4]. The Court has reviewed these materials and finds the assertion of privilege to be "at least a colorable one." *Yunis*, 867 F.2d at 623. The judicial function associated with this step is limited to reviewing and accepting the

---

[4] On February 23, 2024, the Special Counsel confirmed that it undertook an "additional review of its classified discovery productions," and represents that "the documents remaining in classified discovery are appropriately treated as such" [ECF No. 330].

sworn representations of sensitivity and privilege contained in the Special Counsel's submission and associated attachments.

Second, the Special Counsel has made a sufficient showing that Defendant Nauta and De Oliveira's personal review of the materials produced in classified discovery would not be "relevant and helpful" to their defense, within the meaning of CIPA § 4.  *Id.* at 622; 18 U.S.C. App. III § 4.  As to relevance, the Court assumes for the sake of argument that at least some of the information "crosse[s] the low hurdle of relevance." *Yunis*, 867 F.2d at 623; *see* Fed. R. Evid. 401.  This leaves helpfulness.  Defendants Nauta and De Oliveira are charged in Count 33 with an alleged conspiracy to obstruct justice, the specific purpose of which was "for **TRUMP** to keep classified documents he had taken with him from the White House and to hide and conceal them from a federal grand jury" [ECF No. 85 pp. 38–39 (emphasis in original)].  Defendant Nauta faces four additional document-related charges, all involving efforts to allegedly withhold or conceal "documents with classification markings" located at Mar-a-Lago [ECF No. 85 pp. 40–43 (Counts 34–37)].  Additionally, Defendants Nauta and De Oliveira are charged with two counts related to alleged attempts to delete Mar-a-Lago security camera footage [ECF No. 85 pp. 49–50 (Counts 40–41)], and with making false statements to the FBI [ECF No. 85 pp. 46–48, 51–53 (Counts 39 and 42, respectively)].

Unlike the charges brought against Defendant Trump under 18 U.S.C. § 793(e), the document-related charges against Defendants Nauta and De Oliveira do not require proof that they willfully retained documents "relating to the national defense" [*See* ECF No. 85 p. 32].  The Special Counsel also indicates that he does not intend to present evidence suggesting that Defendants Nauta and De Oliveira acted with an inculpatory purpose specific to them and to the 102 classified-marked documents seized from Mar-a-Lago [*See* ECF No. 309].  With this

understanding, and given the charges against Defendants Nauta and De Oliveira, the Court determines that the Special Counsel has made a sufficient showing at this stage that such Defendants' personal review of the contents of the classified documents are not "useful to counter the government's case or bolster a defense." *Aref*, 533 F.3d at 80. Defendants Nauta and De Oliveira remain able to review the unclassified documents in "Trump's boxes" that are the subject of the Superseding Indictment, and they are aware that 102 of the documents found in those boxes bear classification markings.

Third, Defendants Nauta and De Oliveira fail to rebut the Special Counsel's showing as to the subject materials' lack of helpfulness. Defense counsel for Nauta argues, in general terms, that his client's personal review of the substance of the documents would be helpful in countering the Special Counsel's intent-related arguments as to the conspiracy charged in Count 33.[5] Even accepting the defense's reasonable position concerning the intent requirements of Count 33 as charged, Defendants Nauta and De Oliveira still fail to provide any examples of documents produced in classified discovery that—if made available to them for personal review—would be helpful in countering the allegation that they conspired to help Defendant Trump "keep classified documents he had taken with him from the White House" and "hide and conceal them from a federal grand jury" [ECF No. 85 ¶ 96].[6]

---

[5] Although Defendant De Oliveira adopts Defendant Nauta's arguments, he does not advance any particularized helpfulness arguments unique to him, and he has affirmed in a pending motion that he lacked any awareness of the contents of the boxes [ECF No. 323].

[6] As made evident during the sealed CIPA § 4 hearings [*see* ECF No. 309], and as further set forth in some of Defendants' pre-trial motions (filed publicly and/or temporarily *in camera*), there is some dispute concerning the particulars of the *mens rea* requirement associated with Count 33. The Court finds resolution of that issue to be unnecessary at this stage.

The other defense arguments exist at too high a level of abstraction to rebut the Special Counsel's showing.  Defendant Nauta argues, for example, that the contents of the documents in the boxes he is alleged to have unlawfully moved cannot readily be separated from the subject classification markings—making review of the entirety of the documents helpful to the defense or to countering the Special Counsel's case.[7]  Although intuitive in some sense, the Court still is left without any reasonably concrete example of a classified document, or documents, the substance of which appear helpful to either Defendant Nauta or De Oliveira in defending against the non-§ 793(e) charges against them.  Defendants Nauta and De Oliveira also argue, again generally, that to the extent classified materials are discoverable as to Defendant Trump, those materials also qualify as discoverable to them because they are charged in the same alleged conspiracy to obstruct justice, in the same Superseding Indictment [ECF No. 85 ¶¶ 94–97 (Count 33)].  This argument is weakened by the difference in charges as between Defendant Trump, on the one hand, and Defendants Nauta and De Oliveira, on the other.  Defendant Trump's entitlement to classified discovery flows, at least, from the 18 U.S.C. § 793(e) charges brought against him (requiring proof of willful retention of documents "relating to the national defense")—not from the conspiracy to hide or conceal "classified documents" under Count 33.  The same cannot be said about Defendants Nauta and De Oliveira, regardless of the particular *mens rea* applicable to the conspiracy charge in Count 33.  For these reasons, absent a more rooted rationale or factual basis as to why Defendants Nauta and De Oliveira's personal review of the substance of the documents would be

---

[7]  The Court expresses no view at this time on the contested question whether Defendants may challenge the classification status of any classified documents in this case.

helpful to the defense, the Court is satisfied that the Special Counsel has met his burden in his CIPA § 4 Motions.[8]

For these reasons, the Court finds that the Special Counsel has met his burden to withhold from Defendants Nauta and De Oliveira personally all classified discovery produced to date, with the exception of the document/image charged in Count 32 as to Defendant Nauta.

## CONCLUSION

It is **ORDERED AND ADJUDGED** as follows:

1. The Special Counsel's Motions are **GRANTED** as to Defendants Nauta and De Oliveira, in accordance with this Order.

2. The Special Counsel is authorized to withhold from Defendants Nauta and De Oliveira personally all classified discovery produced to date.[9]

3. The Special Counsel's Section 4 Motions as to Defendants Nauta and De Oliveira—and the accompanying declarations and exhibits—shall not be disclosed to the defense and shall be sealed and maintained in a facility for the storage of such classified information by the Classified Information Security Officer as the designee of the Court,

---

[8] Defense counsel also makes the fair point that certain documents produced in "classified discovery" are not classified and thus fall outside the ambit of CIPA [ECF Nos. 288, 309]. These arguments were aired during the CIPA § 4 hearings, and following the Special Counsel's most recent Supplemental Response to the Standing Discovery Order, the Court is satisfied that these concerns have been resolved [ECF No. 330 p. 3 (confirming that "the documents remaining in classified discovery are appropriately treated as such")].

[9] The Special Counsel acknowledges that at least some portion of the classified materials in this action will need to be presented to co-Defendants in some form for presentation at trial [ECF No. 162 p. 13 n.5; ECF No. 241 p. 15 n.3; ECF No. 330 p. 3]. The Court expresses no opinion at this time concerning Defendants' entitlement to review materials under other provisions of CIPA.

8

in accordance with established security procedures, for review during future proceedings as appropriate, until further order of this Court.

4. **On or before March 2**, **2024**, the Special Counsel publicly shall file the stand-alone version of his Section 4 Motions as to Defendants Nauta and De Oliveira, previously submitted *ex parte* and under seal as an attachment to the Special Counsel's Third Classified Supplement to CIPA § 4 Motions [*See* ECF No. 329].

5. Because the Court's resolution of the Special Counsel's Motions does not require reference to classified material, this Order is not accompanied by a classified supplement.

6. No classified information not already agreed to be released by the Special Counsel shall be disseminated as a result of this unclassified Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 27th day of February 2024.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record