**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101(s)-CR-CANNON**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**DONALD J. TRUMP,**
**WALTINE NAUTA, and**
**CARLOS DE OLIVEIRA,**

      Defendants.

_____/

**GOVERNMENT'S MOTION FOR SEALING**
**AND REDACTION OF DEFENSE FILINGS AND EXHIBITS**

In accordance with the Court's paperless Order at ECF No. 320, the Government files this consolidated Motion to respectfully request the redaction and/or sealing of certain information contained in certain of defendants' Rule 12 motions with accompanying exhibits. As required by the Court's Order, the Government has conferred with counsel for the defendants regarding these requests. Apart from redactions of PII, the defendants object to any redactions to any of the motions or exhibits or any sealing of exhibits in their entirety. The Government is filing this brief publicly, but is emailing to chambers and defense counsel "red box" versions of the motions and exhibits showing its proposed redactions. It also is attaching as an exhibit to this motion a chart identifying the pages of the defense motions requiring redactions, the exhibits requiring redactions or sealing, and the reasons supporting the Government's requests.

The redactions the Government is requesting for the motions are minimal. Many of the exhibits require more extensive redactions or complete sealing. Much of the information the

Government seeks to protect would reveal the identities of potential witnesses and key portions of the testimony they would provide. As set forth in greater detail in the Government's Motion for Reconsideration (ECF No. 294), the potential for threats to and harassment of Government witnesses in this case is real. *See* ECF No. 294 at 13-16. Moreover, a public preview of a witness's testimony could influence the testimony of other witnesses and is inconsistent with the *Jencks* Act. Also included in the exhibits is grand jury information that, at this stage of the proceedings, remains subject to Rule 6(e), Fed. R. Crim. P., and some of it may never be revealed at trial. Last, there is a subset of documents Trump seeks to use that are part of a grand jury proceeding that remains under seal in the District of Columbia.[1] For all of this information, good cause exists to keep it outside the public realm.

## Background

In its February 20, 2024 paperless Order (ECF No. 320), the Court directed the defendants to send to chambers and the Government via email on or before February 22 any motions with attachments. On February 22, defendant Trump submitted three such motions, and defendant Nauta submitted five.[2] Most of these motions contained at least some information that is subject

---

[1] As set forth below, the Government is seeking to unseal versions of materials that can be made public.

[2] Trump's motions were the following: Motion for Relief Relating to the Mar-a-Lago Raid and Unlawful Piercing of Attorney-Client Privilege ("Motion for Relief"); Motion to Dismiss the Indictment Based on Prosecutorial Misconduct and Due Process Violations ("Motion to Dismiss for Prosecutorial Misconduct"); and President Trump's Motion to Dismiss the Indictment Based on Selective and Vindictive Prosecution ("Motion to Dismiss for Selective and Vindictive Prosecution"). Nauta's motions were: Motion for Bill of Particulars; Motion to Dismiss 1512 Vagueness; Motion to Suppress Evidence and for Return of Property and Request for Evidentiary Hearing and Franks Hearing ("Motion to Suppress"); Defendants' Motion to Dismiss the Indictment; and Defendant Waltine Nauta's Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution("Motion to Dismiss for Selective Prosecution"). The Government has no proposed redactions to Nauta's Motion to Dismiss the Indictment, and it contains no attachments. Nauta may file that motion on ECF.

to the Protective Order (ECF No. 27), and most of the accompanying exhibits were likewise subject to the Protective Order.  Defendant De Oliveira submitted no motions in this manner, but he filed a motion without attachments on ECF.

### Legal Standards

In *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001), the Eleventh Circuit held that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right . . ." *Id.* at 1312-13. "The common-law right of access standard as it applies to particular documents requires the court to balance the competing interests of the parties." *Id.* at 1312.  Thus, the standard the Government must satisfy to protect this material from disclosure is "good cause." *Id.* at 1313.  In *Romero v. Drummond Co., Inc.,* 480 F.3d 1234 (11th Cir. 2007), the Eleventh Circuit articulated the "good cause" test for common-law access as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.  *See also United States v. Steinger*, 626 F. Supp. 2d 1231, 1234 (S.D. Fla. 2009).

Here, the entry of the Protective Order required the Court to find that "good cause" exists to restrict access to the Government's discovery.  *See* Rule 16(d)(1), Fed. R. Crim. P.  But even without this pre-existing determination that the Government's discovery overcomes any right of common-law access, the facts of this case easily satisfy the *Romero* test.

Likewise, the Government's efforts to limit pre-trial disclosure of grand jury information, as described below, is fully consistent with *Chicago Tribune* and *Romero*, with the added fact that grand jury information is subject to its own protections. Significantly, grand jury information that does not become public at trial is not subject to any right of access. *United States v. Gurney*, 558 F.2d 1202, 1209-10 (5th Cir. 1977), *cert. denied sub nom Miami Herald Publishing Co. v. Krentzman,* 435 U.S. 968 (1978) (no error in denying access to media outlets of portions of a grand jury transcript not read at trial; "[t]he portion not published remained under the cloak of secrecy imposed by Rule 6(e), F.R.Crim.P.").[3]

## Argument

### The Government's Proposals for Redactions and Sealing Satisfy the Good Cause Standard By, Among Other Reasons, Protecting Witnesses and Ensuring the Integrity of the Trial

The justifications for the Government's proposed redactions and requests for complete sealing fall into five categories: (1) the motion or exhibit reveals the identities of Government witnesses, with the concomitant risk to their safety; (2) the motion or exhibit reveals the testimony of potential Government witnesses; (3) the motion or exhibit reveals information or contains a document that is currently under seal as part of a grand jury or some other proceeding; (4) the motion or exhibit reveals grand jury information that is still subject to Rule 6(e), Fed. R. Crim. P.; and (5) the motion or exhibit discloses names of individuals who are completely ancillary to this case. The Government addresses each category below.

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (Fifth Circuit decisions issued before close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

A. **Witness Identities**

As noted above, the Government has detailed elsewhere the types of threats and harassment individuals linked to this case have faced.  Despite knowing this, the defendants insist on naming all witnesses and appear to have no concerns about whether any of these individuals will be put at risk.  While the defendants take no responsibility for the safety and security of witnesses, the Government and the Court are obligated to do so.  The chart attached to this filing identifies each such instance where witnesses would be identified.[4]  The Government discusses some salient examples below.

The most egregious instance of exposing witnesses to potential harm occurs on page 4 of Trump's Motion to Dismiss for Prosecutorial Misconduct.  There, Trump makes the totally unfounded and false claim that, beginning on President Biden's inauguration day, the former Archivist and a longtime career civil servant (and potential Government witness) began "to conspire" to ensure a criminal investigation into Trump's missing records ensued. Naming this witness on the public docket in connection with Trump's baseless allegations would recklessly expose the witness to harm, and for no reason.

The FBI agents who participated in the search of Mar-a-Lago on August 8, 2022, constitute a group of potential witnesses who also are at risk of threats and harassment.  One of their number received threats when an unredacted version of the search warrant return bearing the agent's name became public shortly after the search.  *See* FBI investigating 'unprecedented' number of threats against bureau in wake of Mar-a-Lago search | CNN Politics (CNN, August 13, 2022).  On pages

---

[4]  The Government acknowledges that, at trial, the identities of the witnesses it calls will become public.  But at that stage of the proceedings, the Government will be taking more proactive steps to ensure their safety.

7 and 8 of Exhibit 3 to Trump's Motion for Relief there is a list of all the FBI agents who conducted the search. Those names should be redacted.

Even where the Court previously has used anonymizations to refer to potential Government witnesses, the defense insists on outing them here. The individual identified in the Superseding Indictment as Trump Employee 3 was also one of the subjects of the Government's motion for a *Garcia* hearing with respect to defendant De Oliveira and was identified in the pleadings and at the hearing by that pseudonym. *See* ECF No. 123. Witness 2 was the pseudonym for another potential Government witness described in the De Oliveira *Garcia* motion, and the Court used that pseudonym at the hearing. *See* Tr. of Oct. 12, 2023 *Garcia* Hearing at 7. Nevertheless, Nauta repeatedly refers to them by their true names on pages 12 and 13 of his Motion to Dismiss for Selective Prosecution. Their names should be redacted from that filing, or the pseudonyms should replace their true names.

### B. <u>Witness Testimony</u>

As the Government has argued in its motion for reconsideration, it has exceeded its discovery obligations in providing voluminous *Jencks* Act material well in advance of trial. *See* ECF No. 294 at 8. Ensuring that possible trial testimony remain outside the public realm until trial protects against witnesses being influenced by what they read other witnesses have said. It also is an added measure of security for the testifying witnesses. Yet discovery materials that summarize or memorialize or transcribe witness statements pervade the defendants' filings.

Exhibit 2 to Trump's Motion to Dismiss for Prosecutorial Misconduct consists of sixteen pages of notes from two potential Government witnesses reflecting meetings with several of Trump's Presidential Records Act representatives and others concerning efforts to secure the

return of missing presidential records from Trump.[5]  The notes are classic *Jencks* Act material for these witnesses.  In addition to memorializing the subject matter of some of what the witnesses might say at trial, the notes reveal the names of other potential witnesses, creating security issues for those individuals.  Trump makes little use of them in his motion, quoting a single line from one page of the notes on page 5 of the motion and characterizing snippets from two other sheets from the notes at pages 6 and 21.  The Government is seeking to seal the notes in their entirety.

Exhibits 8 and 10 to Trump's Motion for Relief are similar.  They consist of recorded recollections by a likely Government witness of certain events in which they participated.  It is at the heart of the witness' expected testimony.  The Government is likewise seeking to seal these two exhibits in their entirety.

Exhibit 9 to Trump's Motion to Dismiss for Prosecutorial Misconduct is an email from an FBI Supervisory Special Agent that, among other things, summarizes what a sensitive government witness said during their first interview with the FBI.  Trump cites the exhibit twice in his motion at pages 17 and 19, but for facts different from what the Government proposes to redact in the email.  The Government thus is not seeking to redact the portion of the email to which Trump cites, but only the summary of the witness interview and the names of additional witnesses whom the FBI planned to interview next.

---

[5]  The last page of the notes reflect the discovery in the White House residence of some Trump Administration records in March 2022 and what the witness did to transfer those records to the National Archives and Records Administration (NARA).  Trump does not rely in any way on this page of the notes.

C.  **<u>Sealed Matters</u>**

Exhibits 15 through 19 to Trump's Motion for Relief are materials from a sealed grand jury matter in the District of Columbia.[6]  The Government obtained permission to provide these materials to defense counsel subject to the Protective Order, but they otherwise remain sealed.  The Government is in the process of moving for a limited unsealing of these materials for public filing, but with redactions.  Each of these documents is replete with identifying information for witnesses, other grand jury information, summaries of witness testimony, and *Jencks* Act materials.  For all the reasons the Government has presented for why these types of documents require protection – and satisfy the *Romero* test – they apply here, too, to justify the redactions the Government will be seeking.

Another category of sealed filings that both Trump and Nauta use as exhibits are sealed search warrants.  Trump appends as Exhibit 2 to his motion to suppress an unredacted version of the search warrant package for Mar-a-Lago, which is under seal in the Southern District of Florida in 22-mj-8332-BER.  Nauta has included in his submission five search warrants currently under seal in the Southern District of Florida:  22-mj-8547-BER; 22-mj-8548-BER; 22-mj-8549; 22-mj-8533-BER; and 22-mj-8489-BER.[7]  All of these warrants have been the subject of media access litigation before Magistrate Judge Reinhart.  Judge Reinhart has applied the appropriate tests for public access to search warrants, both pre- and post-indictment, and each of the aforementioned dockets has judicially-approved, public facing versions of the search warrant packages.  Among other things, Judge Reinhart has found that the sealed information would, if released, put witnesses

---

[6]  Exhibit 18 also appears as Exhibit 12 to Trump's Motion to Dismiss for Prosecutorial Misconduct.

[7]  Nauta also has included with his submission two sealed search warrants from the District of Columbia.  The Government is seeking to have them unsealed with redactions consistent with those that have been made to the similar Southern District of Florida warrants.

at risk, compromise their privacy interests, and reveal information protected by Rule 6(e).  *See* 22-mj-8332-BER, ECF No. 80 at 8-9.  The Court should adopt these versions for the exhibits Trump and Nauta file with their motions via ECF.[8]

Neither the defendants nor the public suffers any prejudice from treating the search warrant packages in this fashion.  Nauta only refers in general terms to the warrants in his Motion to Suppress.  He does not cite any particular portion of the warrant affidavits in the motion.  For his part, Trump likewise either makes general arguments about the warrant or mostly cites to portions that are presently unsealed.  *See* Trump Motion for Relief at 2-11.  Only one of his citations reveals information that references witnesses and is currently under seal.  *Id.*  at 9, fn.6.

**D. Grand Jury**

Nauta has submitted the entire transcript of his grand jury testimony and that for Trump Employee 3.  The Government does not object to Nauta filing as an exhibit those portions of his testimony that he cites.  The remainder of the transcript is subject to Rule 6(e), and the transcript, or at least portions of it, may be an exhibit at trial.  With respect to the grand jury transcript for Trump Employee 3, it should remain sealed in its entirety.  Aside from Rule 6(e), its availability to the public would give rise to security issues Trump Employee 3, a potential Government Witness, and possibly influence the testimony of other witnesses who would read Trump Employee 3's grand jury transcript.

Exhibit 11 to Trump's Motion to Dismiss for Prosecutorial Misconduct is a portion of the grand jury transcript of a former attorney for Trump who appeared in the role of a custodian of

---

[8]  In its submission to chambers, the Government has provided a "red box" version of Exhibit 2 to Trump's motion to suppress reflecting the redactions on the latest public version of the Mar-a-Lago search warrant package.  The Government has yet to apply "red boxes" to the search warrant packages Nauta included with his submission to the Court, but will do so if the Court agrees with the Government's recommendation for the warrants.

records for Trump's Office.  It is subject to Rule 6(e) and must be sealed in its entirety.  Exhibit 13 to the same motion is an FBI 302 memorializing something that occurred before the grand jury in the District of Columbia.  This information almost certainly will never come out at trial, and it, too, must remain under seal.

### E. Ancillary Names

At various points in the discovery defendants Trump and Nauta seek to make public, the names of individuals who, at best, have an ancillary relationship with the case.  For example, Exhibit 20 to Trump's Motion for Relief consists of two custodian of records certifications that, unless redacted, will reveal the names of the declarants.  There is no reason to invade their privacy because they performed their duties for entities that happened to have records the Government sought via subpoena.   Exhibit 8 to the same motion, if not sealed in its entirety or subject to significant redactions, will reveal that the witness who created the document mentioned the name of a friend.  This person, who otherwise has no connection at all with the case, will now be on display.  But the defendants are unable to show concern or sympathy for someone who truly is a mere bystander.

### Conclusion

For the foregoing reasons, the Court should grant the Government's motion.

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By:    <u>/s/ *Jay I. Bratt*</u>
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

Anne P. McNamara
Assistant Special Counsel
Special Bar ID #A5501847

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt

**GOVERNMENT'S POSITION ON REDACTIONS AND SEALING FOR MOTIONS TRANSMITTED BY EMAIL**
**(PER THE COURT'S PAPERLESS ORDER, ECF No. 320)**

**1 - "President Trump's Motion for Relief Relating to the Mar-a-Lago Raid and Unlawful Piercing of Attorney-Client Privilege"**

**MOTION:**

Proposed redactions in red boxes, on pp. i, 2-3, 6-10, 14-17, 19-24.  Rationale: Potential witness safety / witness names; references to non-public substance of potential witness testimony; references to content of sealed documents.

**EXHIBITS:**

| Ex. No. | Redact / Seal / None | Justification | Additional Notes |
|---|---|---|---|
| 1 | None | | |
| 2 | Redact | PII; potential witness safety/witness names; Jencks Act material for potential Government witness; details of potential witness testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Mar-a-Lago Search Warrant (22-mj-8332). |
| 3 | Redact | PII; potential witness safety/witness names; list of FBI personnel involved in Mar-a-Lago search; sensitive non-public law-enforcement information | |
| 4 | Seal | Jencks Act material for potential Government witness; sensitive non-public details about the Mar-a-Lago search unrelated to proposition for which defense cites to exhibit | |
| 5 | Redact | Potential witness safety/witness names | |
| 6 | Redact | PII only | |
| 7 | Redact | PII only | |
| 8 | Seal | Potential witness safety/witness names; details potential witness testimony; Jencks Act material for potential Government | |

| | | witness; ancillary names; Rule 6(e); references other non-public potential Government witness names and testimony | |
|---|---|---|---|
| 9 | Seal | Jencks Act material for potential Government witness; potential witness safety/witness names; references other non-public potential Government witness names and testimony | |
| 10 | Seal | Potential witness safety/witness names; potential witness testimony; Jencks Act material for potential Government witness; ancillary names; Rule 6(e); references other non-public potential Government witness names and testimony | |
| 11 | Redact | PII; potential witness safety/witness names; ancillary names | |
| 12 | Redact | PII; potential witness safety/witness names; Rule 6(e) | |
| 13 | Redact | Potential witness safety/witness names; ancillary names; Rule 6(e) | |
| 14 | Redact | PII; potential witness safety/witness names; Rule 6(e) | |
| 15-19 | Seal | Potential witness safety/witness names; potential witness testimony; ancillary names; Rule 6(e) | All currently under seal in D.C.  The Government is moving D.C. court for limited unsealing, to yield redacted public versions.  If permission is granted, the Government will propose substituting the redacted versions for these exhibits as the public-facing versions here. |
| 20 | Redact | Potential witness safety and/or ancillary names | |

**2 – Defendant Nauta's "Motion for a Bill of Particulars"**

**MOTION:**

Proposed redactions in red boxes, on pp.  3, 5, and 6.  Rationale: Potential witness safety / witness names; potential witness testimony.

**EXHIBITS:**

| Ex. No. | If No Exhibit Number Provided, Exhibit Description | Redact / Seal / None | Justification | Requested Action |
|---|---|---|---|---|
| None | Nauta FBI Interview Transcript | Redact | Potential witness names / witness safety; references other non-public potential Government witness names and testimony; Jencks Act material for potential Government witness; remainder of transcript unrelated to proposition for which defense cites to exhibit | Limit exhibit to specific pages and portions related to proposition for which defense cites to exhibit, incorporating the Government's proposed redactions to those pages. |
| None | Nauta GJ Transcript | Redact | Potential witness names / witness safety; references other non-public potential Government witness names and testimony; Rule 6(e); remainder of transcript unrelated to proposition for which defense cites to exhibit | Limit exhibit to specific pages and portions related to proposition for which defense cites to exhibit, incorporating the Government's proposed redactions to those pages. |

**3 – Defendant Nauta's "Motion to Dismiss" (1512/Vagueness)**

**MOTION:**

Proposed redactions in red boxes, on p. 3.  Rationale: Potential witness safety / witness names; potential witness testimony.

**EXHIBITS:**

| Ex. No. | If No Exhibit Number Provided, Exhibit Description | Redact / Seal / None | Justification | Requested Action |
|---|---|---|---|---|
| None | Nauta FBI Interview Transcript | Redact | Potential witness names / witness safety; references other non-public potential Government witness names and testimony; Jencks Act material for potential Government witness; remainder of transcript unrelated to proposition for which defense cites to exhibit | Limit exhibit to specific pages and portions related to proposition for which defense cites to exhibit, incorporating the Government's proposed redactions to those pages. |
| None | Nauta GJ Transcript | Redact | Potential witness names / witness safety; references other non-public potential Government witness names and testimony; Rule 6(e); remainder of transcript unrelated to proposition for which defense cites to exhibit | Limit exhibit to specific pages and portions related to proposition for which defense cites to exhibit, incorporating the Government's proposed redactions to those pages. |

**4 – Defendant Nauta's "Motion to Suppress Evidence and for Return of Property and Request for Evidentiary Hearing and *Franks* Hearing"**

**MOTION:**

Proposed redactions in red boxes on pp. 2, 3, 6-8, 10, 15, 17, 20, 22.   Rationale: Potential witness safety / witness names; substance of potential Government witness trial testimony; potential trial exhibit(s).

**EXHIBITS:**

| Ex. Letter | If No Exhibit Letter Provided, Exhibit Description | Redact / Seal / None | Justification | Additional Notes/Requested Action |
|---|---|---|---|---|
| A | | Redact | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Search Warrant for Nauta phones (22-mj-8547). |
| B | | Redact | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Search Warrant for Nauta car and phones (22-mj-8548). |
| C | | Redact | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Search Warrant for Nauta residence and phones (22-mj-8549). |
| D | | Redact | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Search Warrant for Nauta Microsoft 45 Office Email (22-mj-8533). |

| | | | | |
|---|---|---|---|---|
| E | | Redact | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Search Warrant for Nauta Apple iCloud (22-mj-8489). |
| F | | Seal | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Currently under seal in D.C.  The Government is moving the D.C. court for limited unsealing, to yield a redacted public version.  If permission is granted, the Government will propose substituting the redacted version for this exhibit as the public-facing version here. |
| G | | Seal | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Currently under seal in D.C.  The Government is moving the D.C. court for limited unsealing, to yield a redacted public version.  If permission is granted, the Government will propose substituting the redacted version for this exhibit as the public-facing version here. |
| None | Nauta FBI Interview Transcript | Redact | Potential witness names / witness safety; references other non-public potential Government witness names and testimony; Jencks Act material for potential Government witness; remainder of transcript unrelated to proposition for which defense cites to exhibit | Limit exhibit to specific pages and portions related to proposition for which defense cites to exhibit, incorporating the Government's proposed redactions to those pages. |
| None | Nauta GJ Transcript | Redact | Potential witness names / witness safety; references other non-public potential Government witness names and testimony; Rule 6(e); remainder of transcript unrelated to proposition for which defense cites to exhibit | Limit exhibit to specific pages and portions related to proposition for which defense cites to exhibit, incorporating the Government's proposed redactions to those pages. |

**5 – "Defendant Waltine Nauta's Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution"**

**MOTION:**

Proposed redactions in red boxes on pp. 12-13.  Rationale: Potential witness safety / witness names; substance of potential Government witness testimony, Rule 6(e).

**EXHIBITS:**

| Ex. No. | If No Exhibit Number Provided, Exhibit Description | Redact / Seal / None | Justification | Requested Action |
|---|---|---|---|---|
| 1 | | Redact | PII; potential witness names / witness safety; references other non-public potential Government witness names and testimony | Government requests substitution of judicially-approved public-facing redacted version of SDFL Search Warrant for Nauta phones (22-mj-8547). |
| *2* | *Per defense counsel, no longer an exhibit* | | | |
| 3 | | Redact | PII only | |
| 4 | | Redact | PII only | |
| 5 | | Redact | PII only | |
| *6* | *Per defense counsel, no longer an exhibit* | | | |
| 7 | | Redact | PII only | |
| *8* | *Per defense counsel, no longer an exhibit* | | | |
| 9 | | Redact | PII only | |

| 10 | | Seal | Nauta FBI 302, cited solely for the general proposition that he was interviewed by the FBI on 5/26/22; Jencks Act material for potential Government witness; potential witness safety/witness names; references other non-public potential Government witness names and testimony | |
| 11 | | Redact | Nauta GJ Transcript, cited solely for the general proposition that he testified in GJ on 6/21/22; potential witness names / witness safety; references other non-public potential Government witness names and testimony; Rule 6(e) | Limit exhibit to transcript cover page, incorporating the Government's proposed redaction to the ancillary name. |
| None | GJ Transcript of a Potential Witness | Seal | Potential witness safety/witness names; Jencks; potential witness testimony; references other non-public potential Government witness names and testimony; Rule 6(e); references other non-public potential Government witness names and testimony | |
| None | FBI Interview Transcript of a Potential Witness | Seal | Potential witness safety/witness names; Jencks Act material for potential Government witness; potential witness testimony; references other non-public potential Government witness names and testimony; Rule 6(e) | |
| None | FBI 302 for Interview of a Potential Witness | Seal | Potential witness safety/witness names; Jencks Act material for potential Government witness; potential witness testimony; references other non-public potential Government witness names and testimony; Rule 6(e) | |
| None | 12/16/22 GJS for CCTV | Redact | PII only | |

**6 - "President Trump's Motion to Dismiss the Indictment Based on Prosecutorial Misconduct and Due Process Violations"**

**MOTION:**

Proposed redactions in red boxes on pp. 4-8 and 20-21.  Rationale: Potential witness safety / witness names; substance of potential Government witness testimony; Rule 6(e).

**EXHIBITS:**

| Ex. No. | Redact / Seal / None | Justification | Additional Notes |
|---|---|---|---|
| 1 | Redact | PII; potential witness safety/witness names; Jencks Act material for potential Government witness; potential witness testimony; references other non-public potential Government witness names and testimony; ancillary names | |
| 2 | Seal | PII; potential witness safety/witness names; Jencks Act material for multiple potential Government witness; potential witness testimony; references multiple other non-public potential Government witness names and testimony | |
| 3 | Redact | PII only | |
| 4 | OK as is | | |
| 5 | OK as is | | |
| 6 | Redact | PII only | |
| 7 | Redact | PII only | |
| 8 | Redact | PII only | |
| 9 | Redact | Potential witness safety/witness names; potential witness testimony; Jencks Act material for potential Government witness; references multiple other non-public potential Government witness names and testimony | |

9

| 10 | Redact | PII only | |
|----|--------|----------|---|
| 11 | Seal | Grand jury transcript; Rule 6(e); Potential witness safety/witness names; Jencks; potential witness testimony | |
| 12 | Seal | 86-page *ex parte* memorandum opinion, which defense attaches for the limited purpose of citing to a single footnote on a single page; potential witness names / witness safety; potential witness testimony; references multiple other non-public potential Government witness names and testimony | Currently under seal in D.C.  The Government is moving the D.C. court for limited unsealing, to yield a redacted public version.  If permission is granted, the Government will propose substituting the redacted version for this exhibit as the public-facing version here. |
| 13 | Seal | FBI 302 reflecting matter occurring before the grand jury that will not come out at trial; PII | |
| 14 | Redact | Potential witness safety/witness names; references names of potential Government witnesses who produced documents to the Government; references names of potential Government witnesses whose electronic devices were searched by the Government | |
| 15 | Redact | Potential witness safety/witness names; references names of potential Government witnesses who produced documents to the Government; references the FBI code-name of a separate investigation; references names of potential Government witnesses who were interviewed by the Government; references Grand Jury activity involving a witness | |

**7 - "President Trump's Motion to Dismiss the Indictment Based on Selective and Vindictive Prosecution"**

**MOTION:**

Proposed redactions in red boxes on p. 19.  Rationale: Potential witness safety / witness names; substance of potential Government witness testimony.

**EXHIBIT:**

| Ex. No. | Redact / Seal / None | Justification | Requested Action |
|---|---|---|---|
| 1 - 11 | None | | |
| 12 | Redact | PII; Potential witness safety/witness names | |
| 13 | Redact | PII; Potential witness safety/witness names; potential witness testimony; Jencks Act material for potential Government witness; references other non-public potential Government witness names and testimony | |

**8 – Nauta's "Defendants' Motion to Dismiss the Indictment"**

**MOTION:**

Proposed Redactions to Motion: None.

**EXHIBITS:**

Proposed Redactions to Exhibits: N/A