UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80-1010-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVIERA,

        Defendants.
_____/

**DEFENDANT WALTINE NAUTA'S NOTICE OF
PRETRIAL MOTIONS AND HEARING REQUEST**

Pursuant to Federal Rule of Criminal Procedure Rule 12(c) and this Court's February 20, 2024 Order (ECF No. 320), Defendant Waltine Nauta, by and through the undersigned counsel, hereby (i) provides public notice of the pretrial motions he submitted to this court on February 22, 2024 and (ii) respectfully requests a hearing on the pretrial motions listed below. Each of these motions were filed on behalf of Mr. Nauta and under seal in accordance with this Court's sealing Orders (ECF Nos. 318 and 283) with this Court.

**I.  PUBLIC NOTICE OF MR. NAUTA'S PRETRIAL MOTIONS**

On February 22, 2024, and consistent with the Court's pretrial motions deadline (*see* Order at 9) (Nov. 10, 2023) (ECF No. 215), Mr. Nauta submitted the pretrial motions listed below via email to the Court:

1. Motion for a Bill of Particulars;

2. Motion to Dismiss Counts 33, 34, 35, 40, and 41 of the Superseding Indictment as Unconstitutionally Vague;

3. Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution;

4. Motion to Dismiss the Superseding Indictment for Failure to State an Offense and Related Pleading Deficiencies; and

5. Motion to Suppress Evidence and Return of Property and Request for Evidentiary Hearing and *Franks* Hearing.

## II.  REQUESTS FOR PRETRIAL DISCLOSURES AND EVIDENTIARY HEARINGS

As discussed below in more particularity for each of the aforementioned motions, Mr. Nauta seeks pretrial disclosures and evidentiary hearings on factual disputes on each of these motions. Where a "petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" *United States v. Yadigarov*, 840 F. App'x 487, 490 (11th Cir. 2021) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)). The Court's pending order on former President Trump and Messrs. Nauta and De Oliviera's Motions to Compel will also provide bases and establish the scope of the discovery related to pretrial disclosures pursuant to the Jencks Act and *Giglio v. United States*, 405 U.S. 150 (1972)). In addition, any such ruling by the Court on these Motions to Compel indicates a very strong likelihood that Mr. Nauta's pretrials motions will necessarily warrant supplementation to the motions outlined *infra* and other earlier-filed motions. Accordingly, the anticipated need to supplement these pretrial motions and others, based on the prospect of additional discovery with respect to the Court's pending ruling on Former President Trump and Messrs. Nauta and De Oliveira's Motions to Compel, supports Mr. Nauta's requests for evidentiary hearings set forth below. These requests for evidentiary hearings for each of these motions are organized in order of priority:

1. <u>A Bill of Particulars</u>

Mr. Nauta requests a bill of particulars as to the charges against him per the Superseding Indictment. *See* Superseding Ind. (July 27, 2023) (ECF No. 85). The purpose of a bill of particulars is "'to inform the defendant of the charge against him with sufficient precision to allow

him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense,'" and thus, "supplements an indictment by providing the defendant with information necessary for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). Mr. Nauta's Motions for a Bill of Particulars highlights deficiencies of the Superseding Indictment. *See generally* Superseding Ind. (July 27, 2023) (ECF No. 85). Notably, Mr. Nauta's request for a bill of particulars invites the Special Counsel's Office ("SCO") expound on information and discovery with respect to the charges relating to the movement of boxes, whether the boxes Mr. Nauta moved contained documents with classification markings, allegations regarding closed-captioned television ("CCTV") footage of Mar-a-Lago, and specifics regarding the alleged conspiracy of the defendants. *See generally* Superseding Ind. (July 27, 2023) (ECF No. 85). In their Motions to Compel, former President Trump and Messrs. Nauta and De Oliveira make discovery requests responsive those discussed in Mr. Nauta's request for a bill of particulars, such as disclosures regarding the use of "temporary secure locations" at Mar-a-Lago, where boxes allegedly containing documents with classification markings were stored, in addition to accessible CCTV footage. Mot. at 42-43, 63 (Jan. 16, 2024) (ECF No. 262). This requested evidence will inevitably become crucial for Mr. Nauta to prepare his defense with particularity. Because this motion, if granted, would entitle Mr. Nauta to relief, an evidentiary hearing on this motion.

  2. <u>Dismissal of Counts 33, 34, 35, 40, and 41 of the Superseding Indictment as Unconstitutionally Vague</u>

Mr. Nauta seeks dismissal of Counts 33, 34, 35, 40, and 41 of the Superseding Indictment, which are charged pursuant to various sections of 18 U.S.C. § 1512, for the unconstitutional vagueness of the definition and use of "corrupt" in § 1512 and addresses the rule of lenity. *See* Superseding Ind. at ¶¶ 94-101, 113-16; *see also United States v. Dawson*, 64 F.4th 1227, 1239

3

(11th Cir. 2023) (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008)), which requires "ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." The SCO is required to prove that Mr. Nauta acted "corruptly," with respect to Mr. Nauta's § 1512 charges, but where an indictment fails to adequately apprise the defendant fully of the charged offense or offenses, such an indictment is defective for vagueness. *See, e.g.*, *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). In pertinent part, in their Motions to Compel, Former President Trump and Messrs. Nauta and De Oliveira make discovery requests relating to retroactive termination of Former President Trump's security clearances. Mot. at 36 (Jan. 15, 2024) (ECF No. 262). To query whether Former President Trump's security clearances – which theoretically would have given him access to documents with classification markings – would necessarily impact the allegations that Mr. Nauta participated in and carried out the alleged conspiracy "corruptly." As such, requested evidence will inevitably become crucial for Mr. Nauta to prepare his defense with particularity and thus, the potential for relief though dismissal of the Superseding Indictment or, in the alternative, his standing with respect to the relief from the application of the rule of lenity, thereby necessitating an evidentiary hearing on this motion.

3.   <u>Dismissal of the Superseding Indictment for Selective and Vindictive Prosecution</u>

Mr. Nauta seeks dismissal of the Superseding Indictment on the grounds of selective and vindictive prosecution. Former President Trump and Messrs. Nauta and De Oliveira's Motions to Compel have already established a basis for discovery and a hearing for selective and vindictive prosecution because in order to refute such claims, the SCO must produce "*from its own files* documents which might corroborate or refute" those claims. *See United States v. Williams*, 684 F. App'x 787, 777 (11th Cir.) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (emphasis added)). Additionally, "where a defendant lacks objective evidence in support of a vindictive prosecution claim, a defendant may compel such responsive discovery if it 'offer[s]

4

sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment' and that '[a] showing of a colorable claim that is essential to compel discovery.'" *United States v. Bonilla*, No. 07-20897-CR, 2010 U.S. Dist. LEXIS 164174, at *15 (S.D. Fla. May 20, 2010) (cleaned up).  In their Motions to Compel, Former President Trump and Messrs. Nauta and De Oliviera request communications, documents, congressional materials probative of information bias and investigative misconduct.  *See* Mot. at 36-56 (Jan. 16, 2024) (ECF No. 262).  Pending the Court's ruling on Former President Trump and Messrs. Nauta an De Oliviera's Motion to Compel and in light of Mr. Nauta's claim to compel discovery relating to selective and vindictive prosecution, Mr. Nauta anticipates additional discovery to supplement these claims.  Accordingly, since this motion would entitle Mr. Nauta to relief, an evidentiary hearing on this motion is necessary.

    4.    <u>Dismissal of the Superseding Indictment for Failure to State an Offense and Related Pleading Deficiencies</u>

Mr. Nauta seeks dismissal of the Superseding Indictment for its failure to state an offense required by Federal Rule of Criminal Procedure 7, but instead presents prejudicial and argumentative opinions about the factual allegations described therein tantamount to a shotgun pleading, for which this Circuit disfavors.  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").  "'An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.'" *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) quoting *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003).  In their Motions to Compel, Former President Trump and Messrs. Nauta and De Oliviera requests documents and identities of persons with respect to improper coordination with National Archives and Records Administration ("NARA") to abuse the grand

5

jury process, in addition information relating to the use of "temporary secure locations" at Mar-a-Lago. Mot. at 34-43 (Jan. 16, 2024) (ECF No. 262). As earlier noted, the Court's ruling on Former President Trump's and Messrs. Nauta and De Oliviera's motions to compel will likely impact Mr. Nauta's ability to prepare his defense insofar any such supplemental information anticipated by the Motion to Compel. Accordingly, since this motion would entitle Mr. Nauta to relief, an evidentiary hearing on this motion is necessary.

5. <u>Suppression of Evidence and Return of Property</u>

Mr. Nauta seeks suppression of all evidence obtained through the use of illegal search warrants for property, papers, and stored data of Mr. Nauta. Mr. Nauta further seeks to suppress the fruits of the searches that were the result of facially defective warrants insofar as that those warrants lacked or otherwise exceeded the scope of any alleged probable cause; authorized an impermissible general search; premised on speculative, incomplete, and contradictory assertions and false and misleading statements made deliberately or recklessly; and were deficient and improperly executed. "The Fourth Amendment protects 'against unreasonable searches and seizures' of (among other things) the person." *Virginia v. Moore*, 553 U.S. 164, 168 (2008). Moreover, where the affidavit supporting the search warrant contains, "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof" and that such alleged "falsity or reckless disregard" leaves the warrant affidavit devoid of any content to support a finding of probable cause, a defendant is entitled to an evidentiary hearing pursuant to the Fourth and Fifteenth Amendments. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Accordingly, Mr. Nauta is entitled to an evidentiary hearing under *Franks*

to enable him to establish law enforcement's commission of factual deficiencies reckless disregard in executing the search warrant affidavit.[1]

## CONCLUSION

For the foregoing reasons, the Court should permit evidentiary hearings on Mr. Nauta's pretrial motions detailed above.

Dated: March 1, 2024March 1, 2024        Respectfully submitted,

   _s/ Stanley E. Woodward, Jr._
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20010
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

   _s/ Sasha Dadan_
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

---

[1] Yesterday, February 29, 2024, the SCO advised that there was an additional search warrant concerning Mr. Nauta that has yet to be produced in discovery, although a redacted version has been made available as part of civil litigation in a separate proceeding. *See In re Sealed Search Warrant*, No. 9:22-mj-08550-BER (Aug. 28, 2023).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024March 1, 2024, I electronically submitted the foregoing, via electronic mail, to counsel of record.

                                                            Respectfully submitted,

                                                            *s/ Sasha Dadan*
                                                            Sasha Dadan (Fla. Bar No. 109069)
                                                            Dadan Law Firm, PLLC
                                                            201 S. 2nd Street, Suite 202
                                                            Fort Pierce, Florida 34950
                                                           772.579.2771 (telephone)
                                                           772.264.5766 (facsimile)
                                                           sasha@dadanlawfirm.com

                                                           *Counsel for Defendant Waltine Nauta*