UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

## ORDER DENYING DEFENDANT TRUMP'S MOTION TO DISMISS SUPERSEDING INDICTMENT BASED ON PRESIDENTIAL RECORDS ACT

**THIS MATTER** comes before the Court upon the Motion to Dismiss Superseding Indictment Based on the Presidential Records Act, filed by Defendant Trump ("Motion") [ECF Nos. 327, 399].[1]  The Motion, brought pursuant to Rule 12(b)(3)(B)(v) for "failure to state an offense," Fed. R. Crim. P. 12(b)(3)(B)(v), seeks dismissal of Counts 1 through 32 of the Superseding Indictment based on the Presidential Records Act [ECF No. 327].  Those counts charge Defendant Trump with willfully retaining and failing to deliver documents containing national defense information (without transmission, communication, or delivery) [ECF No. 85].  18 U.S.C. § 793(e).  The Motion also seeks derivative dismissal of the remaining counts against Defendant Trump, namely, the obstruction of justice and 18 U.S.C. § 1001 counts set forth in Counts 33 through 38 and 40 and 41.  The Special Counsel opposes the Motion [ECF No. 373].  The Court heard argument on the Motion on March 14, 2024 [ECF No. 404 (transcript)].

---

[1] Defendants Nauta and De Oliveira join in the Motion [ECF Nos. 331, 403].

CASE NO. 23-80101-CR-CANNON/Reinhart

Fully advised in the premises, the Motion is **DENIED** [ECF No. 327]. Bound by the four corners of the Superseding Indictment, Counts 1 through 32 track the statutory language and essential elements of the charged portion of 18 U.S.C. § 793(e) [ECF No. 85 p. 32]. *See* 18 U.S.C. § 793(e) (making it illegal to "hav[e] unauthorized possession of . . . any document . . . relating to the national defense . . . and willfully retain[] the same and fail[] to deliver it to the officer or employee of the United States entitled to receive it"). Those same counts make no reference to the Presidential Records Act, nor do they rely on that statute for purposes of stating an offense. As for the remaining counts against Defendant Trump (Counts 33–38, 40–41), they too track the applicable statutory language and essential elements of the charged crimes [ECF No. 85]; 18 U.S.C. §§ 1001, 1512, 1519. More generally, the Superseding Indictment specifies the nature of the accusations against Defendant Trump in a lengthy speaking indictment with embedded excerpts from investigative interviews, photographs, and other content. For these reasons, accepting the allegations of the Superseding Indictment as true, the Presidential Records Act does not provide a pre-trial basis to dismiss under Rule 12(b)(3)(B)(v)—either as to Counts 1 through 32 or as to the remaining counts, all of which state cognizable offenses.

Separately, to the extent the Special Counsel demands an anticipatory finalization of jury instructions prior to trial, prior to a charge conference, and prior to the presentation of trial defenses and evidence, the Court declines that demand as unprecedented and unjust [*see* ECF No. 428]. The Court's Order soliciting preliminary draft instructions on certain counts should not be misconstrued as declaring a final definition on any essential element or asserted defense in this case. Nor should it be interpreted as anything other than what it was: a genuine attempt, in the context of the upcoming trial, to better understand the parties' competing positions and the questions to be submitted to the jury in this complex case of first impression [ECF No. 407]. As

always, any party remains free to avail itself of whatever appellate options it sees fit to invoke, as permitted by law.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of April 2024.

                                              **AILEEN M. CANNON**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record