UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

## GOVERNMENT'S REPLY TO DEFENDANT WALTINE NAUTA'S RESPONSE TO CONDITIONAL MOTION FOR LEAVE TO FILE SURREPLY

On March 28, 2023, the Government filed a conditional motion for leave to file a surreply to defendant Waltine Nauta's reply in support of his motion to dismiss for vindictive and selective prosecution. ECF No. 420. Explaining that Nauta's reply raised for the first time numerous false factual allegations and meritless legal arguments, the Government requested that the Court decline to consider those new allegations and arguments or, absent that relief, permit the Government to file a surreply. *Id.* Nauta waited two weeks to file a five-page response that informs the Court and the Government that he does not oppose the Government's request for a surreply. Nauta concedes that his vindictive and selective prosecution motion did not mention the (false) factual allegations lodged in his reply brief. *See* ECF No. 441 at 3 (citing to a motion to compel and a response to a prior court order as the instances in which Nauta previously raised some of the allegations contained in his reply). Nor does he dispute that he could have raised these allegations and arguments in his vindictive and selective prosecution motion—to the contrary, he suggests (*id.* at

1, 3) that it was appropriate to leave those allegations and arguments out of his motion and instead include them in his reply for the first time because he had surfaced those allegations months earlier in unrelated filings with the Court. According to Nauta, those earlier filings were "a prelude to" his reply (*id.* at 1), and the allegations in the filings—which he included in his reply but not his initial motion—are not "new to the Court or the SCO" (*id.* at 3).

The Court should strike the new factual allegations and arguments raised in Nauta's reply. As Nauta concedes, the reply rehashes allegations that he pressed months ago and that Nauta had every opportunity to raise in his dismissal motion. Permitting Nauta to raise these allegations and arguments for the first time in his reply without good cause enables him to needlessly drag out the litigation of his pretrial motions—which has already spanned three months—and unduly delay the trial in this case. By raising new factual allegations and legal arguments in his reply brief, forcing the Government to seek leave to file a surreply, and then waiting two weeks to file a response to the Government's motion that merely informs the Court and the Government that he does not oppose a surreply, Nauta has effectively leveraged the Local Rules to extend by several weeks the briefing over his vindictive and selective prosecution motion. And Nauta has paved the way to further prolong the litigation of his claim by waiting until yesterday to petition the court in the District of Columbia for disclosure of additional material before the grand jury that he claims will provide additional support for his motion for selective and vindictive prosecution. Nauta could have made that request months ago and provides no explanation for why he waited until after filing his selective and vindictive prosecution motion, and indeed after filing his reply.

To ensure that these dilatory tactics do not persist and reoccur, the Court should disregard the new allegations and arguments in Nauta's reply and deny his vindictive and selective

prosecution motion on the papers. Alternatively, the Court should grant the Government's unopposed motion for leave to file a surreply.

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By:   /s/ *David. V. Harbach, II*
David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946

Michael E. Thakur
Assistant Special Counsel
Florida Bar No. 1011456

John M. Pellettieri
Assistant Special Counsel
Special Bar ID #A5503068

April 11, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *John M. Pellettieri*
John M. Pellettieri