UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE INDICTMENT FOR PLEADING DEFICIENCIES AND GRANTING IN PART MOTION TO STRIKE**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss the Indictment Under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure (the "Motion") [ECF No. 352]. Defendants seek dismissal of the obstruction and false-statement charges set forth in Counts 33 through 41, raising a series of duplicity, multiplicity, joinder, and failure-to-state-an-offense arguments about the format and pleading methodology employed in the Superseding Indictment [ECF No. 352]. In the alternative, Defendants move to strike various allegations from the Superseding Indictment, invoking the mechanism in Rule 7(d) for striking surplusage [ECF No. 352 pp. 5–9, 25].

The Court has reviewed the Motion [ECF No. 352], the Special Counsel's Opposition [ECF No. 378], and Defendants' Reply in Support of the Motion [ECF No. 556]. The Court also heard argument on the Motion on May 22, 2024 [ECF No. 580]. Upon full review, Defendants' Motion is **DENIED** for this overall reason: the identified deficiencies, even if generating some arguable confusion, are either permitted by law, raise evidentiary challenges not appropriate for

disposition at this juncture, and/or do not require dismissal even if technically deficient, so long as the jury is instructed appropriately and presented with adequate verdict forms as to each Defendants' alleged conduct. Defendants' alternative request to strike portions of the Superseding Indictment is **DENIED IN PART**, **GRANTED IN PART** as to the improperly contained uncharged offense allegations included therein [ECF No. 85 ¶ 36], and **RESERVED IN PART** as to potentially privileged information [*e.g.*, ECF No. 85 ¶¶ 55–57, 60, 66–67].

## DISCUSSION

Defendants raise several count-specific pleading challenges to the Superseding Indictment under Federal Rule 12(b)(3) [ECF Nos. 352, 556].[1] The Court addresses these below, followed by a separate section on Defendants' surplusage challenge under Rule 7(d).

### I. Defendants' count-specific pleading challenges do not warrant dismissal of the subject counts.

#### a. Count 33

Count 33 charges all three Defendants with a conspiracy to obstruct justice from on or about May 11, 2022, through August 2022, in violation of 18 U.S.C. § 1512(k) [ECF No. 85 p. 38]. As alleged, Defendants

> did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury, to engage in misleading conduct toward another person and corruptly persuade another person to withhold a record, document, and other object from an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(A); to corruptly persuade another person, with intent to cause and induce any person to alter, destroy, mutilate, and conceal an object with intent to impair the object's integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(B); and to corruptly alter, destroy, mutilate, and conceal a record, document, and other object from an official proceeding, in violation of 18 U.S.C. § 1512(c)(1).

---

[1] This Order addresses only the arguments raised in the instant Motion but incorporates prior reasoning where necessary to avoid duplication. Nothing in this Order should be construed as modifying any prior Order.

[ECF No. 85 p. 38].  Count 33 then goes to allege that the "purpose of the conspiracy" was "for **TRUMP** to keep classified documents he had taken with him from the White House and to hide and conceal them from a federal grand jury" [ECF No. 85 p. 38 (emphasis in original)].  And then Count 33 contains a "manner and means" section that alleges that the "manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among other things" seven specified items delineated in subparagraphs (a) through (g) [ECF No. 85 pp. 38–39].

The Motion challenges Count 33 on the ground that it lacks a mutually-shared objective because neither Nauta nor De Oliveira is alleged to have known "that there were classified documents on premises or that any such documents were hidden" [ECF No. 352 pp. 12–14].  The Special Counsel acknowledges that the Superseding Indictment does not allege that either Nauta or De Oliveira "saw . . . classified documents in the boxes" [ECF No. 455 p. 68; *see* ECF No. 580 pp. 134–140], with the exception of one date in December 2021 when Nauta allegedly photographed a spilled box containing documents marked classified [ECF No. 85 pp. 13–14].  The Special Counsel also appears to acknowledge that nothing in the Superseding Indictment alleges that either Nauta or De Oliveira had specific knowledge that the boxes they are alleged to have corruptly conspired to move contained classified documents [ECF No. 580 pp. 134–140].  From this absence of allegations specifying Nauta and De Oliveira's knowledge of classified documents in the subject boxes, Defendants submit that Count 33 fails to state an offense, because it lacks a mutually shared unlawful purpose as between all three Defendants sufficient to support a conspiracy charge under general conspiracy law principles.  *See* 11th Cir. Pattern Jury Instruction O13.1 (requiring proof that conspirators agreed to accomplish a "shared unlawful plan," knew of

the unlawful plan's purpose, and willfully joined in it); *United States v. Martin*, 803 F.3d 581, 588 (11th Cir. 2015).

The Court has reviewed Defendants' challenge to the "unlawful shared intent" component of Count 33 and ultimately does not see a basis to dismiss on that ground—provided the jury instructions on intent include an adequate nexus to an official proceeding. Subject to additional refinement and argument, this will require proof beyond a reasonable doubt that all Defendants knew that their actions were "likely to affect" the official proceeding in this case [*see* ECF No. 85-1 ¶ 52], which necessarily will require some knowledge (even if not particularized knowledge) about the subject of the official proceeding. *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005); *United States v. Aguilar*, 515 U.S. 593, 599 (1995); *United States v. Beach*, 80 F.4th 1245, 1256 (11th Cir. 2023); *United States v. Friske*, 640 F.3d 1288, 1292 (11th Cir. 2011).[2]

Defendants next challenge Count 33 on the ground that it charges more than one conspiracy "with different sets of conspirators" and "blurs conspiratorial objects so as to avoid the restrictions of Fed. R. Crim. P. 8 and the constitutional defect of duplicity" [ECF No. 352 pp. 13–14]. The Special Counsel responds that "Count 33 charges a single, carefully defined and bounded conspiracy with three conspirators," alleging one crime (conspiracy to obstruct justice) "with three

---

[2] *See Arthur Andersen LLP*, 544 U.S. at 708 (concluding that a defendant charged with obstructing an official proceeding must know that his actions are "likely to affect the judicial proceeding"); *Aguilar*, 515 U.S. at 599 (noting that a defendant lacks "the requisite intent to obstruct" if he lacks knowledge "that his actions are likely to affect the judicial proceeding," adding that a defendant must know that his endeavor will have the "natural and probable effect" of interfering with the administration of justice"); *id.* ("The action taken by the accused must be with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority."); *id.* ("Some courts have phrased this showing as a 'nexus' requirement—that the act must have a relationship in time, causation, or logic with the judicial proceedings.").

4

substantive criminal objects" [ECF No. 378 p. 15]. And all parties agree, in general, that Count 33 tracks the statutory language of the cited subsections of 18 U.S.C. § 1512.

On this issue of duplicity, the Court agrees with the Special Counsel that the charged conspiracy satisfactorily charges Defendants with one conspiracy to commit three substantive crimes, each tied to slightly different subsection of 18 U.S.C. § 1512. This is a permissible form of pleading a single conspiracy with multiple objects, the net effect of which is to require, for conviction, unanimous agreement on which of the crime(s) Defendants allegedly conspired to commit. *See* 11th Cir. Instruction O13.2. Any challenges to the sufficiency of proof as to any particular Defendant or to the temporal reach of the conspiracy can be developed and raised at trial [ECF No. 352 p. 11; ECF No. 556 p. 3].

### b. Counts 34 and 36

Defendants Trump and Nauta argue that Counts 34 and 36 should be dismissed for "duplicity and misjoinder" in violation of Rule 8, warranting dismissal under Rule 12(b)(3)(B)(i) and (iv) [ECF No. 352 pp. 12, 15, 17; ECF No. 556 p. 3]. The Special Counsel responds that Counts 34 and 36 charge both Defendants with one crime (specifically, a violation of 18 U.S.C. § 1512(b)(2)(A)) committed by different means—with Trump accused of committing the offense through two "means," and Nauta accused of committing the offense through one "means" [ECF No. 378 p. 11 (citing *United States v. Felts*, 579 F.3d 1341, 1344 (11th Cir. 2009))].

Under Rule 8, an indictment can charge a defendant "in separate counts with 2 or more offenses." Fed. R. Crim. P. 8(a). An indictment can also charge "2 or more defendants . . . in one or more counts together or separately." Fed. R. Crim. P. 8(b). An indictment cannot be "duplicitous," however, which happens when a single count "charges two or more separate and distinct offenses." *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009). To determine

5

whether a single count charges more than one offense, the Eleventh Circuit examines congressional intent to determine if the subsection charged in the indictment comprises one offense or separate offenses. *Id.* at 1361.

Count 34 alleges that Defendants Trump and Nauta, from on or about May 11, 2022, through August 2022,

> did knowingly engage in misleading conduct toward another person, and knowingly corruptly persuade and attempt to persuade another person, with intent to cause and induce any person to withhold a record, document, and other object from an official proceeding; that is—(1) **TRUMP** attempted to persuade Trump Attorney 1 to hide and conceal documents from a federal grand jury; and (2) **TRUMP** and **NAUTA** misled Trump Attorney 1 by moving boxes that contained documents with classification markings so that Trump Attorney 1 would not find the documents and produce them to a federal grand jury.
>
> All in violation of Title 18, United States Code, Sections 1512(b)(2)(A) and 2.

[ECF No. 85 p. 40 (emphasis in original)].

Count 36 has a similar structure, but it charges a violation of 18 U.S.C. § 1519, alleging that Defendants Trump and Nauta (during the same period noted above)

> did knowingly conceal, cover up, falsify, and make a false entry in any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of a department or agency of the United States, and in relation to and contemplation of any such matter; that is—during a federal criminal investigation being conducted by the FBI, (1) **TRUMP** and **NAUTA** hid, concealed, and covered up from the FBI **TRUMP**'s continued possession of documents with classification markings at The Mar-a-Lago Club; and (2) **TRUMP** caused a false certification to be submitted to the FBI.
>
> All in violation of Title 18, United States Code, Sections 1519 and 2.

[ECF No. 85 p. 42 (emphasis in original)].

Seizing upon the (1)–(2) structure above and the different defendants implicated in each subpart, Defendants Trump and Nauta say dismissal is warranted because each count as pled

6

charges more than one offense [ECF No. 352 p. 12 ("Count 34's improper joinder in ¶ 99 of one alleged crime as to defendant A with another alleged crime by defendants A & B . . . ."); ECF No. 352 p. 15 ("[T]his count is duplicitous in that it alleges one offense by President Trump and a separate offense by Nauta.")]. Although the specific pleading format employed in Counts 34 and 36 appears somewhat unconventional and is susceptible to some confusion, the Court is ultimately satisfied that neither count requires dismissal on grounds of duplicity. Count 34 charges one Defendant (Trump) with violating 18 U.S.C. § 1512(b)(2)(A) by two different means: "hid[ing] and concealing documents from a federal grand jury" and "misl[eading] Trump Attorney 1 by moving boxes that conducted documents with classification markings" to prevent him from producing those documents to the grand jury [ECF No. 85 ¶ 99]. It also charges another Defendant (Nauta) with violating the Section 1512(b)(2)(A) by a single means: misleading Trump Attorney 1 by moving boxes with classified materials to prevent him from producing them to the grand jury [ECF No. 85 ¶ 99]. Count 36 is structured similarly, all in the context of section 1519 [ECF No. 85 ¶ 103]. In this way, neither count charges more than one crime—although given the pleading format, there likely will be a need for clear prompts (and separate verdict forms) requiring the jury to determine unanimously which means, if any, each of the two Defendants charged in Counts 34 and 36 used to commit the alleged crimes.[3]

    c. **Count 35**

Defendants Trump and Nauta also challenge Count 35, arguing that "the factual allegations fail to show any knowing concealment by Nauta" within the meaning of 18 U.S.C. § 1512(c)(1)

---

[3] Finding no duplicity defect, the Court also rejects Defendant Nauta's related arguments that the pleading format in Counts 34 and 36 prejudiced him at the grand jury stage because there is no way to know whether the grand jury would have returned an indictment on either count if the Defendant-Trump-only subparagraph were not included [ECF No. 573 pp. 97, 120; *see* ECF No. 352 p. 16 (expressing double jeopardy concerns)].

[ECF No. 556 p. 4; *see* ECF No. 352 p. 14 ("Nowhere in the Indictment is Nauta alleged to know of any hiding of classified documents; hence, the bare-bones conclusory allegation is improper."); ECF No. 352 p. 15 (disputing that "the conduct alleged" in Count 35 "match[es] the statute")]. As pled, however, Count 35 tracks the statutory language of Section 1512(c)(1) and provides the minimally required degree of detail about the alleged concealment to survive this pleading challenge [ECF No. 85 ¶¶ 100–101; *see generally* ECF No. 462 (Order Denying Certain Pre-Trial Motions)]. Defendants also make passing arguments about the "official" nature of the "proceeding" at issue, characterizing the "official proceeding" as "an illicit and ultra vires attempt to avoid the Presidential Records Act" [ECF No. 556 p. 4; ECF No. 352 p. 15]. These arguments do not warrant the remedy of dismissal.

### d. Count 37

Defendants Trump and Nauta challenge Count 37, which charges them under 18 U.S.C. § 1001(a)(1) with knowingly and willfully "hidi[ng] and conceal[ing] from the grand jury and the FBI Trump's continued possession of documents with classification markings" [ECF No. 85 ¶ 105]. The basis of their argument is that the Superseding Indictment lacks any factual allegation that Nauta knew of (1) an "official proceeding" or (2) the contents of the boxes [ECF No. 352 pp. 17–18; ECF No. 556 p. 6]. The Motion also argues generally that the Superseding Indictment "lack[s] essential facts" constituting a "scheme to conceal" [ECF No. 352 p. 18]. For similar reasons to those previously stated, these arguments do not warrant dismissal. Count 37 contains the requisite statutory language keyed to Section 1001(a)(1), and the Superseding Indictment as a whole contains enough information from which to mount a defense [ECF No. 402]. While it is admittedly hard to see how the "scheme to conceal" charged in Count 37 is any different in substance from the repeated allegations of concealment in Counts 35 and 36 based on what

8

appears to be indistinguishable conduct, the law permits prosecutors to charge a defendant with violating different statutes for the same act or course of conduct so long as each count charges proof of an additional element which the other does not. *See, e.g.*, *United States v. Cannon*, 987 F.3d 924, 939–41 (11th Cir. 2021). The Superseding Indictment in this case operates under that premise, and there can be no dispute that the cited statutes contain slightly different wording. *Compare* Count 37 (knowingly and willfully conceal a material fact by scheme), *with* Count 35 (corruptly conceal with the intent to impair the object's integrity and availability for use in an official proceeding), *and* Count 36 (knowingly conceal any document with intent to obstruct criminal investigation).

e. **Count 38**

Count 38 charges Defendant Trump under 18 U.S.C. §§ 1001(a)(2) and 2 with knowingly and willfully making and causing to be made "false statements and representations" to the grand jury and the FBI in the sworn certification executed by Trump Attorney 3 (the custodian of records of the Office of Donald J. Trump) [ECF No. 85 ¶ 107]. Defendant Trump challenges the sufficiency of Count 38 for (1) failing to allege a false statement by Trump Attorney 3, whose statement was "literally true" because she believed the certification to be accurate based on her personal knowledge; and (2) misapplying the aiding-and-abetting law as set out in 18 U.S.C. § 2(a) [ECF No. 352 pp. 18–19; ECF No. 556 pp. 6–7].[4] In other words, Defendant Trump contends, "Count 38 must be dismissed because the custodian made no false statement," and "a defendant

---

[4] The Court has reviewed the supplemental authority cited by Defendants and does not believe it changes the conclusion that Count 38 is properly charged under a principal-cause theory [ECF No. 582 (citing *United States v. Ruffin*, 613 F.2d 408, 414 (2d Cir. 1979) and *United States v. Tobon-Builes*, 706 F.2d 1092, 1101 (11th Cir. 1983))]. Those cases do not detract from the notion that principal liability under 18 U.S.C. § 2(b) can lie even if the "intermediary" is herself "innocent," so long as the intermediary had the legal capacity (even if not the actual *mens rea*) to commit the crime.

9

[cannot] aid and abet a crime where no crime was committed by the person who made the statement" [ECF No. 556 p. 7].

As clarified during the hearing, the manner in which Count 38 is charged relies on 18 U.S.C. § 2(b), which imposes liability on "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States . . . ." 18 U.S.C. § 2(b). The Court agrees with Defendant Trump that the Superseding Indictment lacks allegations of Trump Attorney 3's knowledge of falsity. But because the Superseding Indictment cites 18 U.S.C. § 2 without specifying a subsection—and because the text of that statute maps onto the form of pleading in Count 38—the Court finds no basis to dismiss on the grounds offered by Defendant Trump.

  f. **Count 39**

Defendant Nauta seeks dismissal of Count 39, which charges him with making false statements to the FBI on the basis that the FBI's questions were ambiguous, and/or that Defendant Nauta's answers were literally true [ECF No. 352 pp. 21–25 (challenging ECF No. 85 ¶ 111)]. In line with the Court's handling of a similar challenge raised by Defendant De Oliveira [*see* ECF No. 462 p. 2], arguments about the form or materiality of the FBI's questions to Defendant Nauta are more suitable for trial and do not serve as a basis for dismissal at this stage.

  g. **Counts 40 and 41**

Defendants argue that Counts 40 and 41—which charge all Defendants with obstruction based on alleged attempts to get Trump Employee 4 to delete Mar-a-Lago security camera footage [ECF No. 85 ¶¶ 114, 116]—should be dismissed for insufficient factual allegations [ECF No. 352 pp. 19–21]. Defendants argue that the "underlying facts" of the Superseding Indictment show that "none of the defendants actually requested deletion of anything, that neither Trump nor Nauta ever

spoke with Employee 4 regarding deleting anything, and that De Oliveira, who allegedly spoke with Employee 4, did not make any request of him" [ECF No. 352 p. 19].  In line with the Court's ruling as to Count 39, the Court determines that Defendants' arguments and characterizations of the facts are more properly decided by a jury and do not warrant dismissal at this stage.

> **II. With one exception for improperly included substantive uncharged offense allegations, the Court declines to strike the challenged portions of the Superseding Indictment.**

As an alternative to dismissal, Defendants ask the Court to strike under Rule 7(d) "abundant surplusage of prejudicial, immaterial allegations" identified in the Motion [ECF No. 352 p. 25; *see* ECF No. 352 pp. 5–9 (identifying allegations)].  Defendants point to Rule 7(c)(1) for the requirement that indictments should be a "plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), characterizing the 53-page "speaking" indictment as largely a superfluous and prejudicial "closing argument" [*see* ECF No. 352 pp. 2–3].  The Special Counsel defends the Superseding Indictment as including a lengthy and detailed recitation of relevant, non-inflammatory allegations [ECF No. 378 pp. 3–7, 24].

The purpose of an indictment is to apprise a defendant of the charge against him in order to permit preparation of a defense, to protect against double jeopardy, and to inform the court of the essential facts constituting the offense charged.  *United States v. Haas*, 583 F.2d 216, 219 (5th Cir. 1978).  This premise is baked into Rule 7(c)(1), which dictates that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," followed by a citation to the provision of law the defendant is alleged to have violated. Fed. R. Crim. P. 7(c)(1).  Put another way, the chief function of an indictment is to inform the defendant of the nature of the accusation against him by providing enough information about the essential facts to permit the defendant (and the court) to know the specific crimes that have been

11

charged. *Russell v. United States*, 369 U.S. 749, 767–68 (1962). And where an indictment contains allegations that are clearly irrelevant and/or inflammatory and prejudicial, courts have discretion under Rule 7(d) to strike those allegations, although the threshold for doing so is "most exacting." *See United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992).

In most criminal cases, the charging document merely tracks the elements of the statutory language, cites the statutory provision involved, and provides a brief description of the alleged misconduct with a relevant time period. That is all that is legally required, and both the Special Counsel and the Court have relied on that minimal baseline in addressing Defendants' requests for a bill of particulars [ECF Nos. 372, 380, 462]. Sometimes, however, the government elects to use a so-called "speaking indictment," including in the indictment various nonessential allegations more akin to a narrative about the government's theory of prosecution. *United States v. Edmond*, 924 F.2d 261, 269 (D.C. Cir. 1991) ("Despite the all too common use of 'speaking' indictments, the function of a federal indictment is to state concisely the essential facts constituting the offense, not how the government plans to go about proving them.").[5] That is the form taken by the Superseding Indictment here. And that decision, Defendants say, has left them in a conflicting prejudicial posture—too much nonessential information amounting effectively to a "portable closing argument" with prejudicial effects both for the grand jury and a potential jury [ECF No. 352 p. 3], and yet too little information within the mass of nonessential allegations to fully understand the government's theory about alleged unlawful movement of boxes and related alleged misconduct [ECF No. 323, 446; *see, e.g.*, ECF No. 455 pp. 5–6, 14–15, 48–50].

---

[5] Although Rule 7(c)(1) requires conciseness in the written statement of the essential facts charged, *see* Fed. R. Crim. P. 7(c)(1), the propriety of speaking indictments is not well-developed in caselaw. Similarly, although Rule 7(d) exists as a mechanism to strike clearly irrelevant and/or prejudicial surplusage, the practical impact of such post-hoc striking is not self-evident.

Having reviewed these arguments in their totality and carefully considered the Superseding Indictment as a whole, the Court agrees that much of the language in the Superseding Indictment is legally unnecessary to serve the function of an indictment as explained in the foregoing caselaw. The Court also notes the risks that can flow from a prosecutor's decision to include in a charging document an extensive narrative account of his or her view of the facts, especially in cases of significant public interest.  Notwithstanding these concerns, given the rigorous standard for applying Rule 7(d), the Court exercises its discretion, with one exception below, not to order the "striking" of allegations requested by Defendants, at least not as this stage, because Defendants have not clearly shown that the challenged allegations are flatly irrelevant or prejudicial. *See United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990) (explaining that "words will not be stricken from the indictment unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial").[6]

The Court reaches a different result as to paragraph 36, which the Special Counsel indicates was included in the Superseding Indictment for Rule 404(b) purposes [ECF No. 580 pp. 158–59]. This is not appropriate. The Federal Rules of Criminal Procedure contemplate a specific procedure governing attempts to introduce evidence of other crimes, wrongs, or acts. Fed. R. Crim. P. 404(b). Pre-trial notice must be given with supporting reasons justifying a permissible non-propensity use for the allegations. *Id.*  Motions practice follows, with an opportunity for defendants to respond to the request as a matter of Rule 404(b), Rule 403, and standard evidentiary requirements. *See generally United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).  And, even then, the

---

[6] Defendants also forcefully challenge the Superseding Indictment's inclusion of substantial information characterized by Defendant Trump as protected by the attorney-client and/or work product privileges [ECF No. 352 p. 9 (referencing ¶¶ 55–57, 60–67)].  Because that issue is the subject of a pending motion to suppress, the Court elects to reserve ruling on the potential striking of those allegations.

13

permissibility of Rule 404(b) evidence is not always self-evident except until trial when the contours of defenses are crystallized and when the Court can assess the potential probative value and/or prejudicial impact of such evidence in light of the full evidentiary picture. Against this backdrop, and without any authority (or example) provided by the Special Counsel authorizing the inclusion in an indictment of substantive Rule 404(b) allegations, the Court finds it warranted to strike paragraph 36 subject to Rule 404(b) litigation in the normal course.[7]

## CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss is **DENIED** [ECF No. 352].

2. Defendants' Motion to Strike is **DENIED IN PART**, **GRANTED IN PART** as to the improperly contained uncharged offense allegations [ECF No. 85 ¶ 36], and **RESERVED IN PART** as to potentially privileged information contained in the Superseding Indictment.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of June 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[7] Orders granting motions to strike surplusage from indictments do not trigger any additional directive, nor do Defendants in this case request any such additional action short of dismissal, which the Court denies. Courts have discretion to permit (or not to permit) juries to take a copy of the indictment into the jury room.