UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

WALTINE NAUTA, *et ano.*,

Defendants.

Case No. 23-80101-CR
CANNON/REINHART

**DEFENDANTS' NOTICE REGARDING RECENT IMPROPER DOJ DISCLOSURES**

The Defendants respectfully submit this Notice with respect to recent improper disclosures by the Attorney General and DOJ to the Eleventh Circuit and Congress. The disclosures were inconsistent with the still-pending Emergency Motion seeking to enjoin Jack Smith from transmitting the "Final Report" to the Attorney General, *see* ECF No. 679 at 15-19; ECF No. 681 at 4-5—which Smith wrongly mooted in bad-faith by ignoring this Court's authority and transmitting the Final Report despite the Emergency Motion—and the Court's January 7, 2025 Order, ECF No. 682.[1] We reserve the right to seek further relief, including a contempt finding and sanctions, in the event the Eleventh Circuit remands the proceedings to this Court.

**I.   Background**

On January 6, 2025, Defendants Waltine Nauta and Carlos De Oliveira filed an Emergency Motion seeking to enjoin Smith from transmitting his Final Report to the Attorney General, and to enjoin the Attorney General from releasing the Final Report to the public. ECF No. 679. Defendants Nauta and De Oliveira filed a similar motion in the Eleventh Circuit.

---

[1] President Donald J. Trump joins this motion subject to the pending motion to intervene. *See* ECF No. 681 at 2-3.

1

At approximately 1:46 a.m. on January 7, 2025, the Special Counsel's Office filed a "Notice" suggesting that they planned to ignore the pending motions and transmit both Volumes of the Final Report to the Attorney General.  ECF No. 680.  Later that morning, President Trump filed a motion to intervene, or participate as *amicus curiae*, in order to support the pending arguments regarding both forms of injunctive relief sought by Nauta and De Oliveira.  ECF No. 681.

At approximately 11:38 a.m. on January 7, 2025, the Court entered an Order prohibiting "Attorney General Garland, the Department of Justice, Special Counsel Smith" and related parties under Federal Rule of Civil Procedure 65(d)(2) from, *inter alia*, "sharing with anyone outside the Department of Justice any *information* or conclusions in the Final Report or in drafts thereof." ECF No. 682 (emphasis added).  The Order "remains in effect until three days after resolution by the Eleventh Circuit of the Emergency Motion, unless the Eleventh Circuit orders otherwise." *Id.* As of this filing, there has been no such order from the Eleventh Circuit.  The Court's Order preserved the status quo but did not specifically address the aspect of the Defendants' still-pending motions seeking to enjoin transmission of the Final Report, which defense counsel understood to result from the rapid succession of late-night and early-morning filings.

On January 8, 2025, DOJ sent a private email to President Trump's counsel that included the following:

> When permitted to do so by the [District] Court, but no sooner than 10:00 a.m. on Friday, January 10, 2025, the Department intends to release to Congress and the public Volume One of the Report, consistent with 28 C.F.R. § 600.9(c) and in furtherance of the public interest in informing a co-equal branch and the public regarding this significant matter.

On the same day, DOJ filed a public brief reflecting the Attorney General's misguided findings, pursuant to the Special Counsel Regulations, that (1) the Final Report concerns a "significant matter," (2) releasing Volume One of the Final Report to Congress and the public is "in furtherance

2

of the public interest," and (3) releasing Volume Two of the Final Report to "congressional leadership" would "further the public interest" because the Attorney General believes Volume Two also relates to a "significant matter." ECF No. 90 at 13-14, *United States v. Nauta and De Oliveira*, No. 24-12311 (11th Cir. Jan. 8, 2025).

Also on January 8, 2025, the Attorney General sent the letter attached as Exhibit A to certain congressional leadership. The letter claimed, inaccurately, that Smith has "concluded" his investigation. In fact, Smith has been forced to shut down his Office by Presidential immunity and the election results, and he handed off the entire pending case to the local U.S. Attorney's Office. Ex. A at 1. Similar to the Eleventh Circuit filing, the Attorney General committed to Congress that he would make disclosures regarding the Final Report based on his findings that the disclosures were in the "public interest" because they relate to a "significant matter." *Id.* at 2.

## II.   Discussion

"As a fundamental proposition, orders of the court "*must be obeyed . . . .*" *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1208 (11th Cir. 1985) (emphasis in original, cleaned up). To proceed otherwise "would be to cripple orderly processes of trial and appeal on which enforcement of the laws depends." *Id.* Thus, "[d]isobedience of a court order unequivocally merits punishment save in instances in which compliance would necessarily result in an irrevocable and permanent surrender of a constitutional right." *Id.*

DOJ's public disclosures regarding the supposed "significance" of the Final Report, the Attorney General's commitments to Congress prior to the resolution of the Emergency Motion, and the Attorney General's incorrect assessment of the public's interest in the discredited work of Smith and his team, are all inconsistent with the Court's January 7, 2025 Order. Specifically, the Attorney General's assertions concern "information . . . in the Final Report." ECF No. 682 at 2

¶ 1. The findings that the Attorney General has thrust into the public sphere, and promised to Congress, concern issues that are disputed in these proceedings and in the Eleventh Circuit. Moreover, in improperly issuing those findings, the Attorney General invoked provisions of the Special Counsel Regulations whose applicability to private-citizen Smith is also disputed in these proceedings and in the Eleventh Circuit.

The disclosures at issue are plainly part of an effort to improperly pressure the judges addressing the pending motions through extrajudicial statements about unresolved issues at the heart of the parties' disputes. As we noted on January 7, the Attorney General and DOJ have flouted this Court's authority and, consistent with Smith's prior actions, displayed improper disregard for a coordinate branch of the government. *See* ECF No. 681 at 4, 6. And, as we noted on January 7, each of the All Writs Act, the Court's ancillary jurisdiction, and the Court's supervisory power serves as a basis for addressing this conduct in order to deter future violations.

### III. Conclusion

The Defendants respectfully submit that the disclosures by DOJ and the Attorney General to Congress, which reflect findings regarding information in the Final Report and disclosure commitments with respect to disputed issues, were improper. We reserve the right to seek further relief, including a contempt finding and sanctions, in the event the Eleventh Circuit remands the proceedings to this Court.

Dated: January 9, 2025

Respectfully submitted,

*/s/ Todd Blanche / Emil Bove*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
Kendra L. Wharton (Fla. Bar No. 1048540)
k.wharton@whartonlawpllc.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*Counsel for President Donald J. Trump*

*/s/Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
BRAND WOODWARD LAW, LP
400 Fifth Street NW, Ste 350
Washington, DC 20001
(202) 996-7447 (telephone)
(202) 996-0113 (facsimile)
stanley@brandwoodwardlaw.com

*/s/ Richard C. Klugh*
Richard C. Klugh
Fla. Bar No. 109069
LAW OFFICE OF RICHARD C. KLUGH
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rickklu@aol.com

*Counsel for Waltine Nauta*

*/s/ John S. Irving, IV*
John S. Irving, IV
E&W LAW, LLC
1455 Pennsylvania Ave NW
Ste 400
Washington, DC 20004
(301) 807-5670
john.irving@earthandwatergroup.com

*/s/ Larry Donald Murrell, Jr.*
Larry Donald Murrell, Jr.
Fla. Bar No. 326641
L.D. MURRELL, P.A.
400 Executive Center Drive, Ste 201
West Palm Beach, FL 33401
(561) 686-2700 (telephone)
(561) 686-4567 (facsimile)
ldmpa@bellsouth.net

*Counsel for Carlos De Oliveira*

**CERTIFICATE OF SERVICE**

      I, Kendra L. Wharton, certify that on January 9, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Kendra L. Wharton*
Kendra L. Wharton
