UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) |
| WALTINE NAUTA, and | ) |
| CARLOS DE OLIVEIRA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

THE UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION
TO EXTEND TEMPORARY INJUNCTION

The Court should deny Defendants' "Motion For Further Stay in Light of Ongoing Appellate Proceedings," ECF No. 689 ("Mot."), which asks this Court to extend its temporary injunction, ECF No. 682, prohibiting the Department of Justice from releasing outside the Department the Final Report that Special Counsel Jack Smith recently submitted to the Attorney General pursuant to Justice Department regulations, *see* 28 C.F.R. § 600.8(c).[1]

## I.    This Court Lacks Jurisdiction To Grant The Requested Relief.

To begin, this Court lacks jurisdiction to modify its order granting a temporary injunction.    Under a "clear background principle prescribed by [Supreme] Court[]

---

[1] The Final Report comprises two volumes.  Volume One concerns the Special Counsel's investigation and prosecution relating to the 2020 presidential election in Washington, D.C. (Election Case).    Volume Two concerns the Special Counsel's investigation and prosecution of defendants-appellees Waltine Nauta and Carlos De Oliveira, as well as President-elect Trump, relating to the mishandling of classified documents (Classified Documents Case).

precedents," "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also Shewchun v. U.S.*, 797 F.2d 941, 942 (11th Cir. 1986) ("[T]he filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal."); 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3949.1 (5th ed. 2024) ("The key point is that once jurisdiction passes to the court of appeals, the district court generally lacks power to act with respect to matters encompassed within the appeal, and actions taken by the district court in violation of this principle are null and void.").

This rule promotes judicial economy by sparing the trial court "from passing on questions that may well be rendered moot by the decision of the Court of Appeals." *Shewchun*, 797 F.2d at 943. It similarly promotes "fairness to parties who might otherwise be forced ... to fight a 'two front war' for no good reason." *U.S. v. Diveroli*, 729 F.3d 1339, 1342-43 (11th Cir. 2013) (quoting *Shewchun*, 797 F.2d at 943).

The *Griggs* principle applies with full force here because Defendants seek relief pertaining to the same aspects of the case involved in the appeal pending before the Eleventh Circuit in *United States v. Nauta*, No. 25-10076 (11th Cir.). Indeed, Defendants ask this Court to modify—"to extend its temporary enjoinment," Mot. 11—the very order that the government has appealed. And the stated purpose of Defendants' request is for this Court to simultaneously adjudicate the precise issues pending before the Eleventh Circuit, the very thing the Supreme Court and this circuit prohibit. *Griggs*, 459 U.S. at 58; *Diveroli*, 729 F.3d at 1342-43. Defendants openly concede that they seek an extension of

2

the temporary injunction "to allow this Court to order briefing on and to hold a hearing and to rule on the merits of Defendants' pending emergency request for injunctive relief." Mot. 4-5. This Court, however, is prohibited from hearing the merits of Defendants' motion for emergency relief. The Court has already granted injunctive relief that has temporarily prohibited the Department from releasing the Final Report, and an appeal challenging the lawfulness of that order is currently pending before the Eleventh Circuit.[2] Accordingly, the relief Defendants now seek directly implicates "the same aspects of the case involved in the appeal," *Coinbase*, 599 U.S. at 740, and this Court lacks jurisdiction to resolve Defendants' motion.

Defendants' assertions (Mot. at 4) that the pending appeal is "improper" and that the government itself "recognize[d] in a notice filed with the Eleventh Circuit that appellate jurisdiction may be lacking" are both incorrect and irrelevant. As the government explained to the Eleventh Circuit, that court may properly exercise appellate jurisdiction because this Court's order is injunctive in nature. *See* Appellant's Emergency Mot. for Summ. Reversal of D. Ct. Inj. at 10-12, *United States v. Nauta*, No. 25-10076 (11th Cir. Jan. 11, 2025). Indeed, the Eleventh Circuit explained that, "[t]o the extent that Appellant seeks relief from the district court's January 7, 2025, order temporarily enjoining Appellant, Appellant may file a notice of appeal from that order." *See* Order 2, *United States v. Nauta*, No. 24-12311 (11th Cir. Jan. 9, 2025) (attached as Exhibit 1). The

---

[2] Earlier today, the United States filed in the Eleventh Circuit an Emergency Motion for Summary Reversal of District Court Injunction and For Consolidation With Case No. 24-12311. *United States v. Nauta, et al*, Case No. 25-10076, ECF No. 4 (11th Cir. Jan. 11, 2025). *See* Exhibit 2 (attached).

government did so, *see* ECF No. 686, and that appeal is properly before the Eleventh Circuit.

The portion of the Eleventh Circuit's order indicating that the government could file a notice of appeal to seek relief from this court's temporary injunction refutes Defendants' assertion that "Defendants argument in the Eleventh Circuit that the matter belongs initially in this Court *prevailed*." Mot. 3-4. If that were true, the Eleventh Circuit would not have recognized the Government's right to notice an appeal from this Court's temporary injunction order and would have instead remanded to the district court. But the Court of Appeals did not remand the matter. It instead denied defendants' motion for emergency relief and indicated that the government could file a notice of appeal, which would divest this Court of further jurisdiction—essentially the opposite of a remand. Indeed, the Court of Appeals' decision not to remand is all the more significant given Defendants' express requests for a remand, including in the first line of their reply brief, *see United States v. Nauta, et al.*, Case No. 123411, ECF No. 98 (Jan. 8, 2025) (11th Cir.) ("Defendants request that this Court remand for a hearing in front of the district court"); *see also* at 11 ("Defendants respectfully request that the Court remand to the district court for a hearing …") (attached at Exhibit 3).

Regardless, whether appellate jurisdiction exists is a question for the Eleventh Circuit to decide. Unless and until the Eleventh Circuit finds appellate jurisdiction lacking and its mandate issues, this Court lacks jurisdiction over matters encompassed within the appeal. *Diveroli*, 729 F.3d at 1342 ("a case is 'no longer pending' for purpose of the rule"—"that the filing of a notice of appeal divests the district court of jurisdiction over those parts of the case at issue on appeal"—"once the mandate in an appeal has issued");

4

*Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity."). The Court should therefore deny Defendants' motion on the basis that the Court lacks jurisdiction to take further action with respect to its injunctive order.

## II.       The Relief Defendants Seek Is Unnecessary And Contrary To Law

On the merits, Defendants are not entitled to the relief sought. An extended injunction intrudes without basis on the Attorney General's prerogative to manage the affairs of the Justice Department, including to determine whether to make public or share with Congress in a limited respect a report prepared by subordinate officials within the Department, *cf.* 28 U.S.C. § 509. Indeed, Justice Department regulations expressly authorize the Attorney General to "determine that public release" of a Special Counsel report "would be in the public interest," 28 C.F.R. § 600.9(c), and to make a report to Congress upon the conclusion of a Special Counsel's investigation, *id.* § 600.9(a). As explained in greater length in the United States' opposition to defendants' motion in Case No. 24-12311 in the Eleventh Circuit (attached as Exhibit 4), defendants offer no cognizable basis for restricting the Attorney Generals' discretion in this regard. Indeed, the Eleventh Circuit already denied Defendants' motion seeking this relief. *See* Ex. 1 at 2.

Defendants' primary contention in seeking injunctive relief has been that an injunction is necessary to prevent prejudice in the still-ongoing criminal case against them. Of course, that case has been dismissed by this Court, and whether it will ever proceed is presently uncertain. In any event, the Department of Justice is committed to ensuring the integrity of the Department's pending criminal prosecutions. To prevent the risk of prejudice to defendants Nauta's and De Oliveira's criminal case, the Attorney General has

agreed with the Special Counsel's recommendation that Volume Two of the Final Report not be publicly released while the case against the defendants remains pending.  *See* 28 C.F.R. § 600.9(c).  If permitted, the Attorney General does intend to make Volume Two of the Final Report available for *in camera* review only by the Chairmen and Ranking Members of the House and Senate Judiciary Committees, pursuant to restrictions to protect confidentiality.  Even then, however, consistent with legal requirements, the version of the report prepared by the Special Counsel that the Department will make available *in camera* for congressional review (if permitted) redacts grand jury information protected by Rule 6(e) as well as information sealed by court order.  There is therefore no risk of prejudice to Defendants and no basis for an injunction against the Attorney General.

Defendants speculate that despite the precautions the Department intends to take with respect to the *in camera* viewing of Volume Two by four members of Congress, prejudicial information might nonetheless be disclosed, and that if their currently dismissed prosecutions go forward during the next Administration, that potentially disclosed information could be prejudicial.  But this argument rests entirely on conjecture and disregards the options available to the Court to protect the defendants from prejudice were this speculative chain of events to come to pass.  Defendants cite no case in which a Court has issued an order comparable to the one they seek in circumstances like these.  There is thus no basis to restrict the limited proposed *in camera* congressional review of Volume Two.

An extended injunction is even more unwarranted with respect to Volume One of the Final Report.  The Attorney General has determined, consistent with 28 C.F.R. § 600.9(c), that public release of Volume One would be in the public interest if permitted

by the Court.  But that Volume concerns the Election Case; it does not concern Defendants Nauta or De Oliveira.  Defendants identify no plausible theory of Article III standing that would justify this Court in enjoining, at Defendants' behest, the Attorney General's disposition of a volume of the Final Report that does not implicate them.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (explaining that because "standing is not dispensed in gross," parties "must demonstrate standing" for "each form of relief that they seek.").  Indeed, with respect to Volume One of the Final Report, Defendants resemble any other member of the public.

And this holds true even if this Court were to grant President-elect Trump's motion to intervene, because he too would have no basis to seek to block the public release of Volume One of the Final Report.  In particular, none of the arguments raised by Defendants Nauta and De Oliveira regarding prejudice to their potential defenses to prosecution in this matter would apply, since the President-elect is no longer a defendant in any Special Counsel matter.  And even if the President-elect had colorable legal grounds for seeking to block the public release of Volume One, there would be no basis for seeking that relief by attempting to intervene in this separate criminal case.  Whatever authority a district court might have to enjoin the release of information about a criminal case pending before *that* court, it has no authority to block the release of information about a different case against a different defendant in a different court.

Beyond the now-allayed concerns about prejudice to the defendants in the Classified Documents Case, there is no plausible basis for injunctive relief as to either volume of the report.  Defendants have argued at length that the Special Counsel is not, in fact, a valid Special Counsel, and therefore cannot prepare or transmit a valid Special

Counsel report to the Attorney General.  The United States has explained in its merits briefs before the Eleventh Circuit in Case No. 24-12311 the errors in these arguments.  But, in any event, those arguments are irrelevant at this stage in light of the Special Counsel's transmission of the Final Report to the Attorney General.  All that is left is for the Attorney General to determine how to handle that report, and his authority in this respect is clear.

Accordingly, even if the Special Counsel were invalidly appointed, it still would not follow that the Final Report was somehow improper.  There can be no serious question that the Attorney General had, at a minimum, the statutory authority to hire Jack Smith and his staff as employees of the Department of Justice.  *See* 5 U.S.C. § 3101.  The Supreme Court has recognized that investigative reports can be prepared by individuals who have not been appointed as officers of the United States.  *See Buckley v. Valeo*, 424 U.S. 1, 137 (1976) (per curiam) (holding that non-officers can perform tasks of "an investigative and informative nature").  There is, therefore, no appointments-based reason to doubt the Special Counsel's authority to draft a report summarizing the activities of his office—much less to prevent the Attorney General from disposing of that report under Department regulations.

The Attorney General is the Senate-confirmed head of the Department of Justice and is vested with the authority to supervise all officers and employees of the Department. The Attorney General thus has authority to decide whether to release an investigative report prepared by his subordinates.  That authority is inherent in the office of Attorney General, *cf.* 28 U.S.C. § 509; it does not depend on the lawfulness of the Special Counsel's appointment to take actions as an inferior officer of the United States or on the Department's specific regulations authorizing the Attorney General to approve the public

release of Special Counsel reports, *see* 28 C.F.R. § 600.9(c).  Indeed, the Attorney General would have the authority to decide whether to publicly release a report prepared and provided to the Department by wholly private citizens.  Defendants' objections to the Special Counsel's appointment thus simply have no bearing on the Attorney General's authority here.

As the government explained in opposing injunctive relief in Case No. 24-12311, Defendants' other legal theories are equally baseless.  *See* Ex. 4 at 15-17.

### III.    The Court Should Reject Defendants' Request For A Hearing

Defendants' request that this Court hold a hearing should be denied.  As explained above, this Court lacks jurisdiction to proceed further with respect to Defendants' request for an extension of the temporary injunction.  That is reason alone to deny the request for a hearing.  In any event, there is no basis to hold a hearing.  As explained above, Defendants' arguments in support of a further extension of the temporary injunction fail as a matter of law.  Indeed, the Eleventh Circuit summarily denied them following briefing on the issue.

### CONCLUSION

For these reasons, this Court should deny Defendants' Motion For Further Stay in Light of Ongoing Appellate Proceedings, ECF No. 689.  In the alternative, if this Court grants relief, it should specify that relief does not implicate Volume One of the Final Report, which does not relate to these Defendants.

Dated:  January 11, 2025     Respectfully submitted,

               BRIAN M. BOYNTON
               Principal Deputy Assistant Attorney General

               MARKENZY LAPOINTE[3]
               United States Attorney

                *s/ Elizabeth J. Shapiro*
               ELIZABETH J. SHAPIRO
               D.C. Bar No. 418925
               Special Bar ID #A5502352
               United States Department of Justice
               Civil Division, Federal Programs Branch
               P.O. Box 883
               Washington, D.C. 20044
               Tel: (202) 514-5302 / Fax: (202) 616-8460
               E-mail: elizabeth.shapiro@usdoj.gov

---

[3] The Special Counsel completed his work and submitted his final confidential report on January 7, 2025, and separated from the Department on January 10.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 11, 2025, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system, which sends notice to all counsel of

record.

*<u>/s/ Elizabeth J. Shapiro</u>*
Elizabeth J. Shapiro
