# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| *Plaintiff*, | Case No. 23-cr-80101- |
| v. | CANNON/REINHART |
| WALTINE NAUTA AND CARLOS DE OLIVEIRA, | |
| *Defendants*, | |

## MOTION OF JEFFREY B. CLARK FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

Jeffrey B. Clark hereby seeks leave of this Honorable Court to participate as *amicus curiae* in support of the motion for injunctive relief of Defendants Waltine Nauta and Carlos De Oliveira and respectfully requests that the Court permit the filing of the attached brief in that capacity.[1]

---

[1] In the alternative, Mr. Clark joins in President Trump's motion to intervene (Dkt # 681) based on the reasoning in this Motion and the accompanying proposed *amicus* brief.

Should the Court deem it necessary, Mr. Clark also stands willing to prepare and file within four business days a civil complaint and motion for temporary restraining order and a preliminary injunction against release of Jack Smith's report volume 1 (or however the volume concerning events surrounding the 2020 election is denominated—Special Counsel Smith has not allowed us to review

1

*First*, Mr. Clark has an interest in this proceeding to the extent that it relates to whether the former Special Counsel and the Department of Justice release any reports of the former Special Counsel's investigations under the Special Counsel regulations. We strongly suspect that he is a subject of the former Special Counsel's Final Report because Mr. Clark was named as an unindicted co-conspirator in the former Special Counsel's original indictment against President Trump in the District of Columbia, *United States v. Trump*, No. 1:23-cr-00257-TSC (the "Election Case"). Though all references to Mr. Clark or his conduct were removed from the superseding indictment in that case as commanded by the Supreme Court in *Trump v.*

---

any portion of his report(s)). A temporary restraining order for 14 days would not be subject to immediate appeal.

We are hopeful that putting Mr. Clark to the expense of preparing such papers should be unnecessary; since lawfare against him began in the Fall of 2021, he has spent thousands of thousands of dollars defending himself and he, unlike the current Justice Department, does not have limitless dollars to spend. All of this is an artificial "emergency" brought on by Jack Smith who could have announced a schedule for releasing his report(s) prior to the holidays. Instead, he deliberately timed the attempted release for the hectic period leading up to the end of the Biden Administration.

Additionally, we stress that the Justice Department has interjected the Civil Division at "Main Justice" into this case, recognizing that the issue of releasing the report could be deemed a civil matter. Finally, as we note below, while the Court considers how to best proceed in this matter given that former Special Counsel Smith's report, if released publicly, will severely prejudice many non-parties to this case, we request the Court to enter *a short administrative stay of four business days—until 5 pm on Thursday, January 16, 2025*.

*United States*, 603 U.S. 593 (2024), we have no confidence that the former Special Counsel will be silent on these topics in his report. We would be pleased to be mistaken about this, and invite the Government to correct us if we are. Allowing us predecisional review of the report before it is publicly released and *in camera* review by this Court pursuant to a short administrative stay would also assist in making this determination and allow us to make a more targeted case of prejudice. At the moment, the report is a black box to us as the former Special Counsel Jack Smith and the Justice Department have not allowed us to see it and so far have simply refused to tell us whether Mr. Clark is mentioned.

*Second*, our proposed "brief is desirable . . . and relevant to the disposition of the" pending motion for injunctive relief because we make points that, to our knowledge, are not being made by the parties or by the other *amici*. The perspective we offer is the extreme and unlawful prejudicial effect of the publication of such a report on the Election Case investigation on those who are mentioned in the report who are currently facing parallel pending criminal and/or bar disciplinary proceedings as well as the

3

unconstitutionality of the Special Counsel regulations providing for publication of the details of grand jury investigations. Mr. Clark is currently facing both state criminal prosecution in Fulton County, Georgia Superior Court, Case No. 23SC188947, *State v. Jeffrey B. Clark, et al.*, in which President Trump is a co-defendant; and second, pending bar disciplinary proceedings before the D.C. Bar's Board of Professional Responsibility, *In re Jeffrey B. Clark*, Disciplinary Docket No. 2021-D193.

A number of other individuals who are likely mentioned in the Special Counsel's report face similar unlawful and undue prejudice because they are currently facing criminal prosecution in Georgia, Arizona, Michigan, or Wisconsin, and/or pending parallel bar disciplinary proceedings. These include Rudy Giuliani, John Eastman, Kenneth Chesebro, and Sidney Powell, as well as non-lawyers former White House Chief of Staff Mark Meadows and Michael Roman.

In addition, we contend in the brief that, according to his own litigating position, the investigation and prosecution are not finally concluded, meaning that publication of the former Special Counsel's report

4

would be unlawful under the Special Counsel regulations—even if they are still valid after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which is highly dubious—and unethical under the Rules of Professional Responsibility applicable to prosecutors. Accordingly, the report cannot lawfully be published. The Government takes the exact opposite position on whether the investigation and prosecution are finally concluded in the Election Case compared to the one it takes in this case, a level of disingenuousness that simply cannot be tolerated.

For these reasons, Mr. Clark's amicus brief "will assist the [Court] by presenting ideas, arguments, theories, [and] insights . . . that are not found in the briefs of the parties." *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 976 F.3d 761, 763 (7th Cir. 2020) (cleaned up) (quoting the Seventh Circuit's Practitioner's Handbook for Appeals). It is appropriate to grant him leave to file it.

The undersigned is authorized to state that the Government takes no position on this motion.

## CONCLUSION

For those reasons, Mr. Clark respectfully requests that the Court grant him leave to participate as amicus curiae and file the attached brief. And relatedly, Mr. Clark requests that the Court enter a short administrative stay until *5 pm on January 16, 2025* in order to sort through all filings and issue directives to the parties, *amici*, and/or potential intervenors how this case should go forward as a procedural matter.

Respectfully submitted, this 11th day of January, 2025.

| | |
|---|---|
| /s/ *Ibrahim Reyes* | **CALDWELL, CARLSON,** |
| Florida Bar No. 581798 | **ELLIOTT & DELOACH, LLP** |
| **REYES LAWYERS, P.A.** | |
| 236 Valencia Avenue | Harry W. MacDougald* |
| Coral Gables, FL 33134 | Georgia Bar No. 463076 |
| Tel. 305-445-0011 | 6 Concourse Parkway |
| Fax. 305-445-1181 | Suite 2400 |
| Mobile. 305-218-0982 | Atlanta, Georgia 30328 |
| ireyes@reyeslawyers.com | 404-843-1956 |
| | hmacdougald@ccedlaw.com |
| | |
| | *\*Pro Hac Vice Application forthcoming* |

*Counsel for Amicus Curiae Jeffrey B. Clark*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed on this 11th day of January 2025 with the Court's electronic filing system, which causes service to be made upon all counsel of record.

This 11th day of January 2025.

<u>/s/ *Ibrahim Reyes*</u>
Florida Bar No. 581798
**REYES LAWYERS, P.A.**
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Mobile. 305-218-0982
ireyes@reyeslawyers.com