# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **Case No. 23-80101-CR** |
| ) | **CANNON/REINHART** |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| WALTINE NAUTA, and ) | |
| CARLOS DE OLIVEIRA, ) | |
| ) | |
| *Defendants*. ) | |

**PRESIDENT TRUMP'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF INTERVENTION AND EMERGENCY RELIEF AND EMERGENCY REQUEST TO <u>EXTEND TEMPORARY INJUNCTION</u>**

Today, the Court issued an order denying Defendants' request for emergency relief to enjoin the issuance of Volume I of the Final Report. *See* Doc. 697, at 2. This Court, however, has yet to rule on President Trump's Motion to Intervene or, in the Alternative, Participate as Amicus Curiae. Doc. 681. In connection with his intervention request, President Trump raised arguments under the Constitution and the Presidential Transition Act of the utmost national concern, which he re-states and incorporates herein together with the arguments he raised before the 11th Circuit. 11th Cir. Appeal No. 24-12311 (Doc. 96). All the while, the Government has no legal authority to issue *either* volume of the Final Report. As this Court previously held, Jack Smith—who has now resigned from DOJ—was never validly appointed, and his office has no valid appropriation to expend taxpayer funds on the Report.

In addition to being unlawful, the publication of the Final Report serves no public interest. This is especially true of the so-called "Volume I." Smith has already abused his office to engage in an egregious series of public attacks on President Trump, including a lengthy "speaking indictment," numerous public filings, endless anonymous leaks, and a procedurally irregular 185-page broadside against President Trump publicly filed just two months ago. Yet another "Report" would serve no purpose other than a baseless attempt to smear President Trump's character. Yet, as DOJ itself admits, imposing "stigma and opprobrium" on an incoming President threatens that President's ability to exercise his Executive power. *A Sitting President's Amenability to Indictment and Criminal Prosecution*, 24 Op. O.L.C. 222, 246 (2000). Such pointless "stigma and opprobrium," *id.*, would attempt to undermine President Trump's standing with world leaders, domestic political actors, and the public at large, serving as a major distraction and disrupting the crucial, sensitive process of Presidential transition.

The Presidential Transition Act provides that "[t]he national interest requires that such

1

transitions in the office of President be accomplished so as to assure continuity in the faithful execution of the laws and in the conduct of the affairs of the Federal Government, both domestic and foreign." 3 U.S.C. § 102 note (§ 2). "Any disruption occasioned by the transfer of the executive power could produce results detrimental to the safety and well-being of the United States and its people." *Id.* Accordingly, Congress instructed all "officers of the Government," *including* Attorney General Garland and all DOJ officials, to "so conduct the affairs of the Government for which they exercise responsibility and authority as (1) to be mindful of problems occasioned by transitions in the office of President, (2) to take appropriate lawful steps to avoid or minimize disruptions that might be occasioned by the transfer of the executive power…." *Id.* By threatening to publicize the Final Report and impose a major disruption and distraction on the President-elect at the apex of the Presidential transition, DOJ is doing the exact opposite of what Congress instructed and directly violating the Presidential Transition Act.

      Never before in our Nation's history has the Department of Justice attempted to interfere with an incoming Presidential administration in this manner, let alone on the very eve of inauguration by means of a false report issued by a discredited prosecutor who has now resigned in disgrace. Nor should the Court permit the Department to do so until providing President Trump a full and fair opportunity to be heard on these enormously consequential questions.

      President Trump respectfully submits that the Court can hear argument on his motion to intervene and his request to permanently enjoin issuance of the entire Final Report at the hearing on Friday, January 17, 2025, *see* Doc. 698, and rule on both thereafter. Accordingly, President Trump respectfully requests that the Court: (1) set President Trump's motion to intervene for a hearing at the existing January 17, 2025, hearing scheduled in this matter; and (2) preserve the existing status quo by briefly extending the existing temporary restraining order, Doc. 682, as to

both Volume I and II of the Final Report, until President Trump's motion to intervene and substantive arguments are resolved.

This sensible course will ensure full ventilation of these important issues, which are not changed by the Government's representations of what is in Volume I. These issues are weighty, serious, and ultimately establish that President Trump is entitled to full relief.

Government counsel advises that the government opposes the relief requested herein, and that "the Department intends to release Volume I after midnight, when the injunction expires." Given this urgency, President Trump respectfully requests that the Court enter an order extending the status quo injunction before the Department's stated time of release elapses.

## CERTIFICATE OF EMERGENCY

After reviewing the facts and researching applicable legal principles, counsel certifies that this request in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated: January 13, 2025

Respectfully submitted:

*/s/ John F. Lauro / Gregory Singer*
John F. Lauro, Esq.
Fla. Bar No. 794074
jlauro@laurosinger.com
Gregory M. Singer, Esq.
Fla. Bar No. 109267
gsinger@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing was filed electronically with the Court's CM/ECF system to be served electronically on counsel of record for all parties who have entered in the case.

<u>/s/Gregory M. Singer</u><br>
Gregory M. Singer